# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6049 | **DATE** | October 9, 2009 |
| **CASE TITLE** | Alvaro Aleman (R-72885) v. Cook County Dept. Corrections | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders the Trust Fund Officer at Plaintiff's place of confinement to deduct $11.50 from Plaintiff's account, and to continue making deductions in accordance with this order. The Clerk is directed to mail a copy of this order to the Trust Fund Officer at the Shawnee Correctional Center, and to issue summons for Defendants Tom Dart, David Fagus, and Avery Hart. The United States Marshal's Service is appointed to serve those Defendants. The Cook County Department of Corrections is dismissed as a Defendant. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The Clerk shall send to Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

     Plaintiff Alvaro Aleman (R-72885), an inmate at the Shawnee Correctional Center, has filed this 42 U.S.C. § 1983 against Cook County Jail Sheriff Tom Dart, Cermak Health Services Director David Fagus, and Avery Hart, a health care administrator. Plaintiff alleges that he injured his hand in October 2007 while incarcerated at the Cook County Jail, that he was scheduled for a surgery, but that health care and jail officials never made Plaintiff available for his surgery.

     The Court finds that Plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $11.50. The supervisor of inmate trust accounts at the Shawnee Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the Trust Fund Officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and the Shawnee Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event that Plaintiff is transferred.

**(CONTINUED)**

isk

**STATEMENT (continued)**

Preliminary review of the complaint (see 28 U.S.C. § 1915A) reveals that Plaintiff may proceed at this time against the individual Defendants. The Cook County Department of Corrections, however, is not a suable party or proper defendant and, thus, is dismissed as a party to this suit. *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993).

The Clerk shall issue summonses for service of the complaint on Tom Dart, David Fagus, and Avery Hart. The Clerk shall also send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshal's Service is appointed to serve Tom Dart, David Fagus, and Avery Hart.. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former jail employee who can no longer be found at the work address provided by the Plaintiff, Cook County Jail or Cermak officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).