**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| ALVARO ALEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 6049 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Robert M. Dow Jr. |
| COOK COUNTY DEPT. OF CORRECTIONS, | ) | |
| THOMAS DART, Sheriff Director of Cook County | ) | |
| D.O.C. | ) | |
| AVERY HART, Medical Director, Cook County D.O.C., | ) | |
| DAVID FAGUS, Chief Operating Officer of Cermak | ) | |
| Health Services of C.C.D.O.C., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME the Defendants, Cook County Department of Corrections (hereinafter "CCDOC"), the Sheriff of Cook County, Thomas Dart, the Medical Director of Cermak Health Services, Avery Hart and the Chief Operating Officer of Cermak Health Services, David Fagus, by their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Nicholas Scouffas, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss the Plaintiff's Complaint, for failure to state a claim upon which relief may be granted. In support thereof, the Defendants state as follows:

**INTRODUCTION**

The Plaintiff, Alvaro Aleman, brings this action under the Civil Rights Act, Title 42 Section 1983. Plaintiff has named the Sheriff Thomas Dart, David Fagus, Avery Hart and the CCDOC for allegedly violating the Plaintiff's Constitutional rights. Plaintiff alleges on October 17, 2007 he fell while a detainee at Cook County Jail, fractured his left hand and never received surgery to repair the

injury. As outlined below, the Defendants seek dismissal of Plaintiff's Complaint in its entirety for failing to state a claim for which relief could be granted.

Plaintiff makes the following allegations, assumed to be true for the purposes of this motion: On October 18, 2007, while detained at Cook County jail, Plaintiff fell on stairs and injured his left hand. (Plaintiff's Complaint, See CM/ECF Document 1, P. 7) On the same day that he fell, Plaintiff was seen in the Cermak Health Services Emergency Room and had X-rays taken of his hand. *Id.* A few days later, Plaintiff was back in Cermak's ER and this time received a referral to Stroger Hospital's "Hand Clinic." *Id.* On October 23, 2007, a radiologist indicated that there was a fracture and separation of the fragments. *Id.* On November 11, 2007, medical personnel at Cermak again referred Plaintiff to the "Hand Clinic" and took another X-ray of his hand. *Id.* On December 12, 2007, Plaintiff was seen by Dr. Calvard about his hand with a follow-up visit scheduled on January 9, 2008. *Id.* Dr. Calvard saw Plaintiff again on January 11, 2008 and allegedly stated Plaintiff's hand required immediate surgery. *Id.* Plaintiff states a surgery on his hand was scheduled for January 21, 2008 at Stroger Hospital but CCDOC did not take him. *Id.* Plaintiff was however seen at the hand clinic with a one week follow-up appointment. *Id.* Plaintiff was not taken for his one week appointment. *Id.* On March 12, 2008, Dr. Dunlap, at Cermak, filled out a form for Plaintiff to receive his surgery. *Id.* On April 1, 2008, Dr. Calvard again saw the Plaintiff and drained fluid from his finger, prescribed antibiotics and recommended that the finger be repaired through surgery. *Id.* On April 26, 2008, Plaintiff was taken to Stroger hospital and prepared for surgery. *Id.* Plaintiff was given pre-surgical medication but had a "compulsion" moments later which required the surgery to be cancelled. *Id.* at 7 – 8. Plaintiff remained at Stroger for two more days before being returned to Cook County Jail. *Id.* Plaintiff transferred to the custody of the Illinois Department of Corrections on August 8, 2008 and had not received his surgery at Stroger Hospital.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. In assessing the motion, the Court must accept the well-pleaded allegations as true and draw all reasonable inferences in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F. 3d 1364, 1369 (7th Cir. 1997). However, the plaintiff's factual allegations must plausibly suggest that the plaintiff is entitled to relief, "*raising that possibility above a speculative level.*" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (*citing Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1959 (2007)) (emphasis added).

The pleading standard in Rule 8 does not require more than detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "[A] complaint will not suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2008) *quoting Bell Atlantic*, 550 U.S. at 557.

The Supreme Court in *Ashcroft* went on to say:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Ashcroft*, 129 S. Ct. at 1949. (internal citations omitted).

The Supreme Court in *Ashcroft* also stated that there are two principals which underlie the holding in *Twombly*:

> First, the tenet that a court must accept as true all allegations contained in a complaint

>is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action , supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than mere conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but has not shown, that the pleader is entitled to relief. In keeping with these principals, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* at 1949-50. (internal citations omitted)

The case law is clear that a plaintiff must offer more than legal conclusions to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

## ARGUMENT

**I.     PLAINTIFF FAILS TO STATE A § 1983 CLAIM AGAINST COOK COUNTY DEPARTMENT OF CORRECTIONS.**

A defendant must have a legal existence, either natural or artificial, to be subject to suit. *Jackson v. Village of Rosemont*, 180 Ill.App.3d 932, 536 N.E.2d 720, 723 (1988). It has been long held that departments within a governing unit lack the necessary separate legal existence. *Jordan v. City of Chicago, Department of Police*, 505 F.Supp. 1,4 (N.D. Ill. 1980); *Reese v. Chicago Police Department*, 602 F.Supp. 441, 443 (N.D. Ill. 1984) *Mayes v. Elrod*, 470 F. Supp. 1188, 1192.

Cook County Department Of Corrections is a facility run by the Sheriff of Cook County. Facilities which are operated by a governing body also lack this necessary separate legal existence to be sued. *Jackson*, 536 N.E.2d at 723. Illinois law specifically provides that the CCDOC is merely a department created within the office of the Cook County Sheriff, 55 ILCS 5/3-15002 and 5/3-15003 Furthermore, the executive director of the CCDOC services at the discretion of the Sheriff. *Id.* at. 5/3-1502. Also, all appropriations for the CCDOC are

established and provided by the Cook County Board. 55 ILCS 5/3-15015.

CCDOC lacks the necessary separate legal existence to make it a suable entity. There are no statutory provisions elevating CCDOC to the level of an independent governmental entity for the purpose of a lawsuit; hence it has no independent legal status and is not a suable entity. Therefore, service on Defendant CCDOC was improper and the Counts of Plaintiff's Complaint naming the CCDOC should be dismissed.

### II. PLAINTIFF FAILS TO STATE A § 1983 CLAIM AGAINST THOMAS DART, AVERY HART AND DAVID FAGUS IN THEIR INDIVIDUAL CAPACITY.

It is unclear from Plaintiff's complaint whether Defendants are being sued in their individual or official capacities. At no point in the complaint or caption does the Plaintiff state whether he is suing Defendants in their individual or official capacities.

Assuming *arguendo* that Defendants are being sued in their individual capacities, Plaintiff completely fails to allege facts indicating personal involvement on the part of any of the named Defendants. The Seventh Circuit has reaffirmed that "an *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993), *citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)(emphasis in original). A Plaintiff must demonstrate that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or his failure to act." *Rascon v. Hardiman,* 803 F.2d 269, 274 (7th Cir. 1986). Without personal involvement there can be no individual liability under Section 1983 as there is no theory of *respondeat superior* under Section 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-2038 (1978). In addition, the allegations must go beyond what a defendant "should have known." *Pacelli v. DeVito*, 972 F.2d 871, 875 and 878 (7th Cir. 1992).

In this case, Plaintiff has failed to allege any personal involvement by Defendants in his pleadings. To proceed on his complaint against the named Defendants on an individual basis, Plaintiff must plead that the Defendants had some personnel knowledge of the Plaintiff and his injuries. Plaintiff has failed to allege any such knowledge on the part of the Defendants. Thus, individual liability cannot attach to Thomas Dart, Avery Hart and David Fagus and Plaintiff's Complaint should be dismissed.

### III. PLAINTIFF FAILS TO STATE A VALID § 1983 CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES.

Plaintiff fails to state a claim against Defendants in their official capacities. Actions brought against government officers in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985). It is well settled that governmental employees cannot be held liable in their official capacities in a §1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy or practice. *Monell v. Department of Social Services of the City of New York,* 98 S.Ct. 2018, 2036 (1977). The *Monell* court rejected a theory of *de facto respondeat superior* liability on governmental entities. *Id.* at 2037.

The Seventh Circuit has outlined what showing a plaintiff must make in an official capacity suit:

> "The case law has identified three instances in which a municipality can be said to have violated the rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority."

*Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir. 1994)(citations omitted). More importantly, a plaintiff must demonstrate that a municipality, through its own deliberate

6

conduct, was the *moving force* behind the alleged injury. *County Comm'r of Bryan County v. Brown,* 117 S. Ct. 1382, 1388 (1997); *Polk County v. Dodson,* 102 S. Ct. 445 (1981) (emphasis added).

### A. Plaintiff does not plead factual allegations against the Defendants, in their official capacities, but mere conclusory statements.

To adhere to the pleading standards established in the *Twombly* and *Ashcroft* cases, this Court should (1) only assume true the factual allegations in the complaint and not mere conclusory statements, and (2) determine if those factual allegations, when assumed true, state a plausible claim against the named Defendants, and, if it does not, the complaint must be dismissed. *Ashcroft*, 129 S. Ct. at 1949 – 50. In the *Ashcroft* case, the Supreme Court determined the plaintiff failed to state a plausible claim against the Director of the FBI in his official capacity. By distinguishing which allegations were mere conclusions and which were facts, the Court determined the Plaintiff failed to allege sufficient factual allegations to state a claim. One such example, identified by the Court, read that the plaintiff alleged that the defendant "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race and/or national origin and for no legitimate penological interest." *Id.* at 1951. In this instance, the Court found the plaintiff to have pleaded a "formulaic recitation of the elements" of a constitutional discrimination claim. *Id.* at 1951. Such conclusory statements were not deemed true for the purposes of a motion to dismiss. *Id.* at 1951. The Court found the dismissal of the official capacity claim against the Director to be warranted based on the lack of factual allegations that amounted to a plausible claim. *Id.*

In the present case, Plaintiff failed to plead any factual allegations against the Defendants in their official capacities that 'state a claim to relief that is plausible on its face.' *Id.* at 1949. Plaintiff alleges that Thomas Dart is named because: "(he) is responsible for the well-being of CCJ inmates including providing adequate care for inmates serious medical needs, it is his duty to see that pretrial

7

detainees and all prisoners in custody are afforded adequate treatment and care, that they are to be free from cruel and unusual punishment." (Plaintiff's Complaint, See CM/ECF Document 1, P. 8). Against David Fagus and Avery Hart, Plaintiff alleges: "on information and belief, the CCDOC has a policy whereby the medical Director and Chief Operating Officer at CCDOC, bear a responsibility for; (a) ensuring that prison inmates receive necessary medical care and treatment; (b) monitoring the medical condition of inmates who return after medical treatment from the infirmary and Cermak or otherwise have exhibited need for medical aid; (c) overseeing administration of medical aid to prison inmates." *Id.* Plaintiff does not allege any further facts against these defendants.

Plaintiff pleaded bare assertions against the Defendants in their official capacities. Plaintiff's allegations against Thomas Dart, Avery Hart and David Fagus do not constitute factual allegations. Thus, these allegations should not be afforded the assumption of truth nor taken into consideration when determining if a plausible claim exists. There are no other specific allegations alleged by the Plaintiff to establish the existence of a policy, custom or practice. Plaintiff has alleged, but not shown, that he is entitled to the relief he seeks against the Defendants in their official capacities. Dismissal of the official capacity claims is required.

> **B.      Plaintiff's remaining factual allegations do not state a plausible claim against the Defendants in their official capacities.**

Further, the remaining specific, factual allegations in the complaint, when deemed as true, do not rise to state a claim against the Defendants in their official capacities. A single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom or practice. *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994). Moreover, boilerplate allegations of a municipal policy or custom, without any factual allegations to support the general allegations, are insufficient to state a § 1983 claim. *Hossman v. Blunk,* 784 F.2d 793, 797 (7th Cir. 1986); *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 202 (7th Cir. 1985); *Strauss v. City of Chicago,* 760

F.2d 765, 767-769, (7th Cir. 1985). In *Hossman,* the Court stated: "Alleging one specific incident in which the plaintiff suffered a deprivation and generally alleging a custom or policy will not be adequate; the plaintiff must allege a specific pattern or series of incidents that support the general allegation." *Id.* In *Rodgers v. Lincoln Towing Service, Inc.,* 596 F.Supp. 13, 20 (N.D. Ill. 1984), the Court stated, "Such boilerplate allegations of an official policy, the existence of which is to be inferred not from something the municipality did but rather from its inaction, constitute one of the most prevalent forms of abuse in section 1983 actions."

Plaintiff merely alleges medical indifference on the part of the Jail and follows up the specific facts with a general assertion that the Sheriff, Medical director and chief Operating Officer have a duty and responsibility to make sure this doesn't happen. The case law disproves that these claims are sufficient to establish a claim against the Defendants in their official capacities.

**C.     Plaintiff has failed to allege any facts that establish that a policy, custom or practice was the *moving force* behind his alleged deliberate indifference claim.**

In the present case, the Plaintiff only alleges his injury should not have occurred because the Defendants had duties or responsibilities which they failed to meet. This is exactly the type of allegations that the district court in the *Rodgers* case was concerned. *Id.* To state a valid official capacity claim, the Plaintiff must plead that the Defendants put in place, or knew of, a policy, custom or practice that was the moving force behind the Plaintiff's injury. *Baxter by Baxter* at 735. Plaintiff does not plead in any way that a specific policy, custom or practice was in place that somehow prevented the Plaintiff from having his hand surgically repaired. The official capacity claims must be dismissed.

**IV.  PLAINTIFF IS NOT ENTITLED TO CLAIM PUNITIVE DAMAGES IN A 42 U.S.C. § 1983 ACTION AGAINST THE CCDOC, SHERIFF THOMAS DART, DAVID FAGUS AND AVERY HART**

9

Plaintiff seeks compensatory and punitive damages in this action. Assuming *arguendo* that Plaintiff has stated a cause of action upon which relief can be granted, Plaintiff is not entitled to punitive damages in a 42 U.S.C. § 1983 action against the Defendants Cook County Department Of Corrections, Sheriff Thomas Dart, Avery Hart And David Fagus. It is well settled that punitive damages are unavailable in a 42 U.S.C. § 1983 action against a municipality, where the claim is based solely on official capacity. Newport v. Fact Concerts, Inc., 453 U.S. 247, 271-72, 69 L. Ed. 2d 616, 101 S. Ct. 2748 (1981), Olison v. Ryan, 2000 U.S. Dist. LEXIS 13074 (N.D. Ill. September 5, 2000) (J. Coar). Therefore, this portion of Plaintiff's Complaint should be dismissed.

## CONCLUSION

WHEREFORE the Defendants, CCDOC, SHERIFF THOMAS DART, DAVID FAGUS AND AVERY HART, for the foregoing reasons, respectfully requests this Honorable Court to dismiss the Plaintiff's Complaint for the failure to state a claim upon which relief can be granted.

    Respectfully Submitted,

    ANITA ALVAREZ
    State's Attorney of Cook County

    By: /S/ Nicholas Scouffas
        Nicholas Scouffas
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, IL 60602
        (312) 603-3304