# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6049 | **DATE** | 2/9/2010 |
| **CASE TITLE** | Aleman vs. Cook County Dept. Corrections | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [16] is denied as moot, given that Plaintiff has filed an amended complaint [22]. Preliminary review of the amended complaint reveals that it may proceed against Defendants Tom Dart, Avery Hart, David Fagus, and Cook County. Defendants, except Cook County, are directed to answer the amended complaint or otherwise respond within 45 days of the date of this order. [22] Plaintiff's motion for the appointment of counsel [13] is granted. The court appoints Amy Michelle Rubenstein, Schiff Hardin LLP., 6600 Sears Tower, Chicago, IL 60606, (312) 258-5500, to represent Plaintiff in accordance with counsel's trial bar obligations under N.D. Ill. Local Rules 83.11 and 83.37. Within 30 days of the date of this order, counsel shall enter an appearance on behalf of Plaintiff and inform the court whether Plaintiff intends to proceed with the amended complaint or submit a second amended complaint. Issuance of summons for service of the amended complaint on Cook County is held until counsel informs the court as to how Plaintiff intends to proceed. The clerk shall mail a copy of this order to appointed counsel.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

Plaintiff Alvaro Aleman (R-72885), an inmate currently incarcerated at the Shawnee Correctional Center, initiated this 42 U.S.C. § 1983 action against Cook County Jail Sheriff Tom Dart, Cermak Health Services Chief Operating Officer David Fagus, and Avery Hart, a health care administrator. Plaintiff alleges the following. He injured his hand in October 2007 while incarcerated at the Cook County Jail. On January 11, 2008, a doctor recommended that Plaintiff receive immediate surgery to his hand. Plaintiff was scheduled for surgery later in January 2008, but he was not brought to the hospital. His surgery was rescheduled, but never occurred. Plaintiff states that he was transferred from Cook County Jail to an Illinois prison in August 2008 and that he has still not had surgery.

Defendants Tom Dart, David Fagus, and Avery Hart, have filed a motion to dismiss [16]. The court notes that, although it dismissed the jail as a defendant in its 10/9/08 order, the jail somehow was served with the complaint. Cook County Department of Corrections shall remain terminated as a defendant, as indicated on the court's docket. Defendants contend that: (1) Plaintiff has not stated how Defendants were personally involved, and has not stated claims against them in their individual capacities, and (2) Plaintiff's allegations of an unconstitutional custom or policy are too general or vague to support claims against Defendants in their official capacities. (R. 19, Memorandum in Support, 5-9.)

Shortly after Defendants filed their motion to dismiss, Plaintiff submitted an amended complaint. A plaintiff may file an amended complaint once as a matter of course and without leave of court any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). A motion to dismiss is not considered a responsive

pleading under Rule 15(a). *Crestview Village Apts v. U.S. Dep't of Housing and Urban Dev.*, 383 F.3d 552, 557-58 (7th Cir. 2004). Accordingly, the amended complaint supersedes Plaintiff's original complaint and controls the case, (*Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999)), and the motion to dismiss the original complaint is moot.

Although the motion to dismiss is moot, the court must still conduct a preliminary review of the amended complaint. See 28 U.S.C. § 1915A. Plaintiff's amended complaint repeats the factual assertions stated above. (R. 22, Amended Complaint, 5-7.), and adds that he filed a grievance in May 2008, but never received a response. (*Id.* at 7.) Plaintiff further states that Fagus and Hart are responsible for ensuring that inmates receive adequate medical care, that they knew or should have known about Plaintiff's condition, but that they failed to provide Plaintiff with the medical treatment prescribed by a doctor. (*Id.* at 8-10.) Plaintiff alleges that Dart knew or should have known from repeated inmate complaints that inmates were receiving inadequate medical treatment, but he refused to implement a policy that inmates with serious medical issues receive prompt care. Plaintiff also alleges that Dart knew or should have known about Plaintiff's need for medical attention. (*Id.* at 10-11.)

As noted by Defendants in their motion to dismiss, to state a claim against Defendants in their individual capacities, Plaintiff must allege that they were in some way personally involved in the alleged constitutional deprivation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "An official satisfies the personal responsibility requirement of Section 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Id.* "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

Although Plaintiff's original complaint stated only that Dart, Fagus, and Hart were liable because they were responsible for ensuring adequate treatment for Cook County Jail inmates, Plaintiff's amended complaint adds that (i) inmates, including Plaintiff, submitted grievances for lack of adequate medical care; (ii) there was a widespread practice of not providing adequate care to inmates, yet the Defendants did nothing to resolve it; and (iii) Dart, Fagus, and Hart knew or should have known about Plaintiff's hand condition, yet provided no relief. By virtue of their positions as sheriff, administrator of the prison hospital, and the CCDOC's medical director, Dart, Fagus, and Hart realistically can be expected to know about or participate in creating systematic conditions related to the provision of medical care to inmates. See *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981) (reversing dismissal of deliberate indifference claim against prison hospital administrator, reasoning that "his position * * * justifies the inference at this stage of the proceeding that he does bear some responsibility for the alleged misconduct"); *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) ("defendants such as the Sheriff and the Director of the Jail can realistically be expected to know about or participate in creating systematic jail conditions"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996) (refusing to dismiss individual capacity claims against sheriff and director of CCDOC that alleged "systemic violations for which the Sheriff and the Director can be expected to have personal responsibility"). Here, Plaintiff's claims are based on potentially systemic conditions for which Defendants Dart, Fagus, and Hart can be inferred to bear some responsibility, at least at this early stage. "If [Dart, Fagus, and Hart] later disclaim[] knowledge and responsibility for the alleged misconduct, * * * [they] can readily identify those who were responsible." *Duncan*, 644 F.2d at 655. Therefore, Plaintiff has stated claims against Defendants Dart, Fagus, and Hart, as well as Cook County, such that he may proceed with his claims against these Defendants at this time.

**STATEMENT**

Accordingly, the motion to dismiss [16] is denied as moot. Plaintiff may proceed with his amended complaint against Dart, Fagus, Hart, and Cook County. The court notes that, although Plaintiff's amended complaint is sufficient to survive preliminary review, Plaintiff indicates that he does not speak English and that his grievance and pleadings were prepared by other inmates. The court thus grants Plaintiff's request for the appointment of counsel. The court appoints Amy Michelle Rubenstein with Schiff Hardin LLP., 6600 Sears Tower, Chicago, IL 60606, (312) 258-5500, to represent Plaintiff in accordance with her trial bar obligations under N.D. Ill. Local Rules 83.11 and 83.37. Within 30 days of the date of this order, counsel shall enter an appearance for Plaintiff and inform the court whether Plaintiff intends to proceed with the amended complaint or submit a second amended complaint. The Court will withhold the issuance of summons for service of the amended complaint on Cook County until counsel informs the court how Plaintiff intends to proceed; however, the other Defendants (Dart, Fagus, and Hart) are directed to answer the amended complaint or otherwise respond within 45 days of the date of this order.