

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 17 2010
feb 17 2010
CLERK, U.S. ...

| | |
|---|---|
| ALVARO ALEMAN, IDOC: R-72885 ) | |
| ) | |
| Plaintiff ) | Case No. 09C6049 |
| ) | |
| V. ) | Judge Robert M. Dow Jr. |
| ) | |
| COOK COUNTY DEPT. OF CORRECTIONS, ) | |
| THOMAS DART, in his official and ) | |
| individual capacity as Sheriff of ) | |
| Cook County, ) | |
| AVERY HART, in his official and ) | |
| individual capacity as Medical ) | |
| Director, Cook County D.O.C., ) | |
| DAVID FAGUS, in his official ) | |
| and individual capacity as Cheif ) | |
| Operating Officer of Cermak Health ) | |
| Services of Cook County D.O.C. ) | |
| ) | |
| Defendants ) | |

### PLAINTIFF'S RESPNOSE TO DEFENDANTS' MOTION TO DISMISS

Alvaro Aleman (Aleman) was descending the stairs to gain access to the day-room when he fell injuring his left hand on the stairwell. Aleman's injuries were exacerbated first by delay in providing adequate medical care and then by the failure to provide medical treatment. Alemans condition worsened in spite of repeated visits to Cermak Health Services, medical staff, doctors pressing for Aleman's treatment and Aleman's own requests for medical treatment. Despite all this Aleman was denied the very treatment Cook County doctors prescribed. Cook County Sheriff Thomas Dart, the Medical Director Avery Hart, and the Cheif Operating Officer of Cermak David Fagus, willful disregard for the medical needs of Aleman is obvious due to the following; (a) The delay of treatment despite the reports from medical staff acknoledging the worsening of his condition; (b) the pain medication shows knowledge of the existence of chronic and substantial pain; (c) Cook County's doctors urging for Aleman's treatment and; (d) Aleman's own requests for treatment. This constitues deliberate indifference, the treatment was intentionally delayed and denied. The CCDOC's poor record for medical treatment demostrates an ongoing, institutional disregard for the medical needs of all inmates like Aleman. Aleman brings this action against the defendants whose conduct caused additional harm to his medical condition resulting in

further injury and unnecessary and wanton infliction of pain leaving him with a permanent injury and he is prepared to present his claims against them. The defendants defense relying on Fed.R.Civ.P. 8 (a) fails, Aleman should be permitted to proceed. Additionally, the defendants were personally involved in the delay, denial and failed to provide the treatment their own doctors prescribed and are therefore liable in their official and individual capacity.

## I. FACTUAL BACKGROUND

The court must accept as true all material facts well pleaded in the complaint, and must make all reasonable inferences in the light must favorable to the plantiff. Morgan v. DeRoberst, 582 F.Supp.271,273 (N.D.Ill. 1984)(citing City of Milwakee V. Saxbe, 546 F.2d 693,704(7th Cir.1976)).

Aleman was a CCDOC inmate on October 18th,2007, when he fell as he was descending the stairs to gain access to the day-room, injuring his left hand on the stairwell. After obvious injury to his left hand he was taken to the Emergency Room of Cermak Health Sevices of Cook County. Aleman was seen by a physician who recommended X-Rays. On October 23rd,2007, the X-Ray reported Aleman had a broken finger. 45 days later a second X-Ray was ordered and the second X-Ray showed the fracture had worsened, and the physician learned that Aleman's injury warranted immediate emergency medical care. Treatment was prescribed and Aleman was scheduled for surgery for Dec 27th,2007. The surgery never took place. However, after the injury Aleman was seen repeatedly over the course of 7 seven months by medical staff, including docotrs. For everytime he was seen the Consultation Medical Records reported his injury as one needing treatment, that his condition was painful and worsening. Aleman contracted a chronic infection in two of his fingers that lasted months. Aleman was treated for the reoccuring infections with antibioties and pain medication but the treatment doctors prescribed was delayed despite the doctors explicit orders to provide Aleman with the surgery as soon as possible. His condition progressively worsened his hand lost strenght, his fingers became stiff and deformed. Aleman did not recieve the treatment the doctors prescribed. Nonetheless, defendants intentionally ignored the medical reports, the doctors explicit orders urging for Aleman's treatment and Aleman's own pleas for help. He continues to suffer from this condition with chronic pain and his left hand is handicapped.

## II. PROCEDURAL BACKGROUND

Aleman timely filed his pro se complaint in September 22nd, 2009. This Court allowed Aleman to proceed with this action. Pursuant to Fed.R.Civ.P.15 (a) On Jan.19th, 2009, Aleman filed the Amended Complaint before he received any responsive pleading by the defendants. The defendants requested an extention of time to move, answer or otherwise plead on Dec 17th, 2009, nearly 3 months after Aleman filed his original complaint. Defendants asked for the enlargement of time period for 45 days from the day they presented their motion on Dec 17th, 2009, thus asking the court to allow them to move/plead within a time frame of any day between Dec 17th, 2009 and Feb 1st, 2010. On Jan 19th, 2010 Aleman had not yet received a responsive pleading from the defendants, therefore he filed his Amended Complaint.

## III. ARGUMENT

### The Counts Against Cook County Should Not Be Dismissed

A. The defendants moved to dismiss Aleman's claim against Cook County for lack of legal existence, their defense fails. Defendant Cook County is a county of the State of Illinois. Cook County oversees and is legally responsible for the Cook County Department of Corrections, which in turn operates the Cook County Jail. Cook County also oversees and is legally responsible for the Cook County Department of Health, which in turn operates Cermak. Additionally, pursuant to a recent 7th Circuit Court opinion, Cook County is responsible for paying any damages if a judgement is entered against any of the defendants. In May 2009, the Seventh Circuit held that Cook County is an indispensable party when a plaintiff sues an elected official, that is , the Sheriff, in his official capacity. The Seventh Circuit directed the Trial Court to order the COunty added as a defendant rather than dismissal of the complaint for failure to name an indispensable party. See Askew v. Sheriff of Cook County, Illinois, 2009 WL 136 1913(7th Cir. 2009).

### B. Mr Dart, Mr.Hart and Mr. Fagus are liable to Aleman in both their official and individual capacities.

As alleged in Count 1 and 2, of the Amended Complaint, Dart, Hart and Fagus have ignored and disregarded the need for prompt and adequate treatment of inmates medical needs. CCDOC's failures to provide medical care are pervasive, ongoing,

blatant and common knowledge. Dart, Hart and Fagus were directly informed of Alemans condition, their own doctor diagnosed Aleman with a serious medical condition and prescribed treatment, outside treatment, treatment of which they have the final authority to approve or disapprove. Aleman's treatment was approved but it was delayed and ultimatedly denied. See <u>Hudson v. McHugh</u>, 146 F.3d 859,861 (7th Cir 1998). The Seventh Circuit held that this was the most obvious kind of case in which a prisoner could raise a claim: "This is the prototypical case of deliberate indifference, an inmate with a potential serious problem requesting medical care, receiving none, and then suffering a serious injury." The only difference between Aleman and Hudsonis; that Aleman was not alone in his request for medical treatment, the defendants own doctors urged for Aleman's medical treatment as well. Nonetheless, the defnedants disregarded and ignored their own doctors and Aleman's requests for treatment.

For purposes of outside medical treatment the CCDOC has security and medical protocols where the Sheriff Thomas Dart has the final authority. Mr. Dart was bound to know that Aleman needed outside treatment and that the treatment was been delayed and ultimateedly denied. See <u>Woodward v. Corr. Med.Servs</u>, 368 F.3d 917,927 (7th Cir.2004)(a series of bad acts may show that "the policy-making level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned the misconduct of subordinate officers.") Dart's tacit approval results in individual liability against him. The Sheriff has the final authority and bears responsibility to ensure that inmates who have been diagnosed with a serious medical condition and prescribed medical treatment received the treatment in a timely manner.

## IV. <u>CONCLUSION</u>

Aleman fell injuring his left hand. Then he was the victim of a delay of medical care and failure to provide medical treatment. The delay and subsequent failure to provide medical treatment to Aleman led to Aleman's permanent injury, deforment of his fingers (2), severe and ongoing pain and discomfort and has left his injured hand handicapped. The defendants should not be permitted to further exacerbate Aleman's significant harm by denying him his day in court. Aleman was diagnosed with a serious medicla condition, the defendants doctors prescribed treatment, the treatment was denied, the doctors even urged for Aleman to be provided with the treatment but defendants ignored their own doctors and Aleman's condition. Aleman experienced the need for medical treatment and that treatment

was not addressed within a reasonable time frame and to make matters worse the treatment was ultimatedly denied. This is precisely what occurred to Aleman; he suffered a broken finger with several fragments of bone matter and for nearly seven (7) months he made unrelenting trips to Cermak Health Care and was seen by all sorts of Medical staff and doctors, complaining of pain and infections, treatment was prescribed, he was not, however, provided with the treatment the doctors prescribed early on despite their continuing and urgent recomendations. A core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his illness. In Estelle v. Gamble 429 U.S. 97,104,97 S.Ct. 285,291,50 L.Ed:2d 251,260(1976) the Supreme Court recognized that the Eighth Amendment requires the government "To provide medical care for those whom it is punishing by incarceration" precisely because the failure to do so "may actually produce physical torture or a lingering death" or "in less serious cases,... may result in pain and suffering which no one suggests would serve any penological purpose." Estelle, 429 U.S. at 103, 97 S.Ct.285 (quoting In re Kemmler, 136 U.S. 436, 447, 10 S.Ct.930, 34 L.Ed.519(1890).

The Cook County Jail and the medical care inmates receive, is an institution riddled with problems exemplefided by Aleman's situation and each of the defendants is responsible for derelictions in duty on an individual basis. Defendants motion should be denied and Aleman should be allowed to pursue his claims.

Respectfully Submitted

/s/ Alvaro Aleman

Dated: February __11__, 2010

Shawnee C.C.
6665 State Rt 146 East
Vienna, Illinois 62995

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALVARO ALEMAN, IDOC: R-72885 )
)
Plaintiff, ) Case No. 09C6049
)
v. ) Judge Robert M. Dow Jr.
)
THOMAS DART, et al., )
)
Defendants )

### CERTIFICATE OF SERVICE

To: Clerk of the U.S. District Court
United States Court House
219 South Dearborn Street
Chicago, Illinois 60604

Anita Alvarez
States Attorney of Cook County
500 Richard J. Daley Center
Chicago, Illinois 60602

The undersigned, having first been sworn under oath hereby certifies and states that he has placed the aforementioned PLANTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS, in the U.S. Mail with proper, prepaid, postage at the Shawnee Corr. Ctr. in Vienna, Illinois 62995, on this __11__ day of February, 2010.

/s/ _Alvaro Aleman_
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS __11th__ DAY OF __Feb__, 2010.

_Leanne Pate_
NOTARY PUBLIC

I.D.NO. _R-72885_
Shawnee Corr. Ctr.
6665 State Route 146 East
Vienna, Illinois 62995

OFFICIAL SEAL
LEANNE PATE
Notary Public - State of Illinois
My Commission Expires Feb 08, 2011