IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALVARO ALEMAN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THOMAS DART, in his official capacity as Sheriff of ) <br> Cook County, Illinois; AVERY HART, in his official ) <br> capacity as Medical Director, Cook County Department ) <br> of Corrections; COOK COUNTY, ILLINOIS; and ) <br> DAVID FAGUS, in his official capacity as Chief ) <br> Operating Officer of Cermak Health Services, ) <br> ) <br> Defendants. ) <br> ) | Case No. 09 C 06049 <br><br> Hon. Judge Robert M. Dow, Jr. <br><br> Magistrate Judge Nan R. Nolan |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Alvaro Aleman, by his undersigned counsel, hereby moves pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for an Order granting Plaintiff leave to file his Second Amended Complaint, with Summons as to the newly added Defendants to issue *instanter*. In support of this Motion, Plaintiff states as follows:

### BACKGROUND

1. This is an action arising under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act, Title 42, Section 1983. From December 6, 2006 through August 8, 2008, Plaintiff was a pretrial detainee at the Cook County Jail. On or about October 18, 2007, Plaintiff slipped while descending a flight of stairs and suffered a severe fracture in his left middle finger. Due to the actions and inactions of the Cook County employees named in the proposed Second Amended Complaint, Plaintiff did not receive necessary medical attention following the accident, and the injury to Plaintiff's hand was

never properly treated.  As a result, Plaintiff has suffered and continues to suffer considerable pain and has substantially lost the use of his left hand.

2. On September 28, 2009, Plaintiff filed a *pro se* complaint to seek redress for the serious injuries to his hand suffered at the Cook County Jail.  (D.E. 1).  Plaintiff's original complaint, written by hand on a pre-printed form, named the following four Defendants: Cook County Department of Corrections ("CCDOC"), Thomas Dart, Avery Hart and David Fagus.  The individual Defendants Dart, Hart and Fagus were named in their official capacities only.

3. This Court conducted a preliminary review of the initial complaint and, in its Minute Order dated October 9, 2009, directed the United States Marshal's Service to issue Summons to Defendants Dart, Hart and Fagus.  In the same Order, the Court dismissed the CCDOC as a Defendant in this case.  (D.E. 6, Order Oct. 9, 2009).

4. Meanwhile, on December 15, 2009, Plaintiff filed a handwritten motion for appointment of counsel to represent him in this case.  (D.E. 13).  As explained in that motion, Plaintiff required legal representation because (1) this case requires substantial investigation and discovery, and (2) the issues in this case are complex and Plaintiff has only limited access to the law library.  (*Id.* at 1).

5. On January 19, 2010, Defendants Dart, Hart and Fagus moved to dismiss the complaint (D.E. 16), but Defendants' motion was rendered moot when, on January 25, 2010, Plaintiff filed a *pro se* First Amended Complaint (D.E. 22), which added Cook County, Illinois as a Defendant on the basis that Cook County is liable to indemnify Defendants Dart, Hart and Fagus pursuant to 55 ILCS 5/5-1002 and 745 ILCS 10/9-102.  As such, Cook

County is an indispensable party pursuant to Rule 19(a)(1). *See Askew v. Sheriff of Cook County*, 568 F.3d 632 (7th Cir. 2009); *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003). Like the original complaint, the First Amended Complaint asserted claims against Defendants Dart, Hart and Fagus in their official capacities only.

6. This Court conducted a preliminary review of the First Amended Complaint and, on February 9, 2010, held that Plaintiff properly stated claims against all four Defendants. (D.E. 23, Feb. 9, 2010 Order at 1-3). In addition, the Court granted Plaintiff's motion for appointment of counsel, but the first two lawyers appointed by this Court were unable to take on the appointment. (D.E. 27-29, 31-33).

7. On March 4, 2010, the Court appointed Steven T. Whitmer and Locke Lord Bissell & Liddell LLP as counsel for Plaintiff. (D.E. 33). The March 4, 2010 Order set a status hearing for March 31, 2010. Recognizing that an amended complaint might be necessary, the Court directed Defendants Dart, Hart and Fagus to file a response to the First Amended Complaint within:

> 21 days following the date of the status *unless Plaintiff elects to file another amended complaint*. At the [March 31, 2010] status, newly appointed counsel should advise the Court whether he wants to proceed with the amended complaint or submit another amended complaint.

(*Id.*) (emphasis added).

8. Plaintiff's counsel were not in position to immediately file an amended complaint upon their appointment in March 2010. Accordingly, at the March 31, 2010 status hearing, Plaintiff requested permission to commence discovery against Defendants and asked for a status hearing in July 2010 to discuss any necessary amendments to the First Amended

Complaint. The Court granted Plaintiff's request and set a status hearing for July 29, 2010 at 9:00 a.m. (D.E. 40).

9. Since that time, the parties have engaged in, but have not completed, written discovery amongst themselves and with third parties. In addition to serving discovery requests upon Defendants Cook County, Dart, Hart and Fagus, Plaintiff issued document subpoenas to John H. Stroger, Jr. Hospital of Cook County ("Stroger Hospital"), Shawnee Correctional Center and Centralia Correctional Center. Plaintiff has also requested that Cook County designate one or more Rule 30(b)(6) witnesses to testify regarding several topics[1] and has retained a hand expert to evaluate Plaintiff's injuries.

10. Documents produced as a result of this discovery have led to the discovery of facts that further support Plaintiff's claim that the care he received while in the custody of the Cook County Jail fell below the minimum standards of care mandated by the United States Constitution. For example, as detailed in the Second Amended Complaint, Plaintiff was not taken to the only place that had sufficient medical facilities to treat his injury, Stroger Hospital, until December 3, 2007 – *six weeks after he broke his hand*. Defendants' failure to enact procedures and adopt safeguards to prevent the denial of adequate medical care to pretrial detainees, such as Plaintiff, is set forth in detail in the proposed Second Amended Complaint.

11. Based on the additional discovery obtained, Plaintiff now seeks to amend the complaint to: (A) add Dart, Hart and Fagus as defendants in their individual capacities;

---

[1] Although Plaintiff served his 30(b)(6) notice on April 28, 2010, not a single deposition has taken place as of the date of this Motion. Defendants have continually pushed back the deposition dates based on the addition of new counsel for Defendants in this matter.

(B) add the current Chief Operating Officer of Cermak Health Services, Michael A. Puisis, as a defendant in his official capacity[2]; (C) add the Director of the Cook County Department of Corrections, Salvador Godinez, as a defendant in both his individual and official capacities; (D) clarify that Plaintiff seeks liability against Cook County not just as an indispensible party pursuant to 55 ILCS 5/5-1002 and 745 ILCS 10/9-102, but also because Cook County is responsible for the execution of unconstitutional governmental policies and/or customs under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); and (E) clarify that Defendants' actions and/or inactions violate the Fourteenth Amendment, which applies to pretrial detainees, and not the Eight Amendment, which applies to convicted prisoners. Attached hereto as Exhibit A is Plaintiff's proposed Second Amended Complaint, which incorporates these changes.

## ARGUMENT

12. Pursuant to Rule 15(a), which governs amendments to pleadings, a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). In the absence of futility of amendment, actual bad faith, dilatory motive or undue prejudice to the opposing party, the Supreme Court has underscored that this mandate to freely allow leave to amend pleadings must be heeded. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 927-28 (7th Cir. 1999). Rule 15(a) is to be liberally construed, and any doubts concerning the propriety of allowing the amendment must be resolved in Plaintiff's favor. *Dubisz v. Commonwealth Edison Co.*, 377

---

[2] Defendant Fagus no longer holds the position of Chief Operating Officer of Cermak Health Services. Accordingly, and as Defendants' counsel previously recognized, Defendant Puisis must be named in place of Defendant Fagus for Plaintiff's official capacity claim.

F.3d 787, 792 (7th Cir. 2004). Using these standards as a guide, this Court should allow Plaintiff to file the proposed Second Amended Complaint.

13. The Second Amended Complaint is not futile. It provides additional factual detail to two *pro se* complaints that have already been upheld as sufficient by this Court. Moreover, as this Court already has held, Plaintiff's allegations support individual capacity claims against the defendants:

> By virtue of their positions as sheriff, administrator of the prison hospital, and the CCDOC's medical director, Dart, Fagus, and Hart realistically can be expected to know about or participate in creating systematic conditions related to the provision of medical care to inmates. . . . Here, Plaintiff's claims are based on potentially systemic conditions for which Defendants Dart, Fagus and Hart can be inferred to bear some responsibility, at least at this early stage.

(D.E. 23, Feb. 9, 2010 Order at 2).

14. Plaintiff brings this motion for leave to amend in good faith and without dilatory motive. Indeed, on March 31, 2010, Plaintiff advised the Defendants and the Court that an amendment would be forthcoming in July 2010, after Plaintiff's newly-appointed counsel had an opportunity to conduct preliminary discovery. The additional facts and legal theories alleged in the Second Amended Complaint are based on discovery materials that were not available to Plaintiff at the time he filed his First Amended Complaint and legal research performed by his appointed counsel.

15. Finally, given the early stage of these proceedings, none of the prior or new Defendants will be prejudiced by the proposed amendment. No discovery cut-off or trial date has been set and discovery in this matter is still ongoing. Moreover, the new allegations in

the Second Amended Complaint arise out of the same conduct and occurrence set forth in the original and amended complaints.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Court grant Plaintiff leave to file his Second Amended Complaint.

DATED: July 26, 2010                                    ALVARO ALEMAN

                                                           By:   s/ Ashlee M. Knuckey
                                                                      One of His Attorneys

Ashlee M. Knuckey (# 6300237)
Steven T. Whitmer (# 06244114)
Ernesto R. Palomo (# 06278186)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Direct: (312) 443-0694 (A.M. Knuckey)
Fax: (312) 896-6694 (A.M. Knuckey)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 26, 2010, I electronically filed the foregoing "Motion for Leave to File Second Amended Complaint" with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

**Kent Stephen Ray**
kray@cookcountygov.com

**Patrick Stephen Smith**
patrick.smith@cookcountyil.gov

**Nicholas S. Scouffas**
nscouffas@cookcountygov.com

                                                                    s/ Ashlee M. Knuckey
                                                                         Ashlee M. Knuckey

Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Direct: (312) 443-0694
Fax: (312) 896-6694

*Attorney for Plaintiff Alvaro Aleman*