# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DISTRICT

| | | |
|---|---|---|
| ALVARO ALEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 6049 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Robert M. Dow Jr. |
| THOMAS DART, Sheriff of Cook County, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COME the Defendants, Thomas Dart, the Sheriff of Cook County, and Salvador Godinez, Executive Director of the Cook County Department of Corrections ("CCDOC"), by their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Nicholas Scouffas, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss the Plaintiff's Second Amended Complaint, for failure to state a claim upon which relief may be granted.  In support thereof, the Defendants state as follows:

## INTRODUCTION

The Plaintiff, Alvaro Aleman, brings this action under the Civil Rights Act, Title 42 § 1983. Plaintiff has named the Sheriff Thomas Dart, Salvador Godinez, David Fagus, Avery Hart and Michael Puisis for allegedly violating the Plaintiff's Constitutional rights.  Plaintiff alleges that while a detainee at Cook County Jail on October 18, 2007 he fell, fractured his finger and never received surgery to repair the injury. As outlined below, the Defendants, Thomas Dart and Salvador Godinez, in both their individual and official capacities, seek dismissal of Plaintiff's Complaint as to Counts I, II, III, and IV for failing to state a claim for which relief could be granted.

Plaintiff makes the following allegations, assumed to be true for the purposes of this motion: On October 18, 2007, while detained at Cook County Jail ("the Jail"), Plaintiff fell on stairs and injured his left hand.  (Plaintiff's Second Amended Complaint, See CM/ECF Document 55, P. 6) Plaintiff was seen by medical staff, assessed at Cermak Health Services' Emergency Room the same

day and treated for his injuries. *Id.* An x-ray showed Plaintiff had suffered a fracture on his middle finger. *Id.* at 6-7. Plaintiff alleges that medical staff found the injury required surgery and that he be sent to the Hand Clinic at Stroger Hospital. *Id.* at 6-7. Approximately eight times, Plaintiff alleges that he was not taken to various clinics at Stroger Hospital even though he was scheduled for an appointment. *Id.* at 7-12. He further claims that he was scheduled for surgery on April 24, 2008 and was prepped for that surgery. *Id.* at 11. Plaintiff suffered a seizure which caused the surgery to be cancelled and never rescheduled. *Id.* Plaintiff attaches to his complaint a letter written to Cook County officials from the Department of Justice, dated July 11, 2008. (Exhibit A of Complaint, See CM/ECF Document 55-1 – 3). The letter specifically identifies that the Sheriff's Department is in charge of security and corrections at the Jail and Cook County through Cermak Health Services is responsible for the medical care of detainees and the medical personnel at the Jail. *Id.* at 4.

Plaintiff sues Dart and Godinez in their individual and official capacities. There are no allegations that Dart or Godinez actually knew of the Plaintiff's medical condition or treatment. Plaintiff has chosen not to sue any person with actual knowledge of the Plaintiff's medical condition. All of the Plaintiff's various claims against Dart and Godinez are based on existing policies or customs and practices that allegedly were the moving force behind the constitutional violations to Plaintiff.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. In assessing the motion, the Court must accept the well-pleaded allegations as true and draw all reasonable inferences in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F. 3d 1364, 1369 (7th Cir. 1997). However, the plaintiff's factual allegations must plausibly suggest that the plaintiff is entitled to relief, "*raising that possibility above a speculative level.*" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (*citing Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1959 (2007)) (emphasis added).

The pleading standard in Rule 8 does not require more than detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "[A] complaint will not suffice if it tenders 'naked

assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2008) *quoting Bell Atlantic*, 550 U.S. at 557.

> The Supreme Court in *Ashcroft* went on to say:
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Ashcroft*, 129 S. Ct. at 1949.  (internal citations omitted).

> The Supreme Court in *Ashcroft* also stated that there are two principals which underlie the holding in *Twombly*:
>
> First, the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action , supported by mere conclusory statements, do not suffice.  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than mere conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but has not shown, that the pleader is entitled to relief.   In keeping with these principals, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  *Id.* at 1949-50.  (internal citations omitted)

The case law is clear that a plaintiff must offer more than legal conclusions to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

## **ARGUMENT**

### **I. PLAINTIFF'S PLEADINGS ACKNOWLEDGE DART AND GODINEZ WERE NOT RESPONSIBLE FOR THE MEDICAL TREATMENT OF THE PLAINTIFF**

The Plaintiff incorrectly pleads that Thomas Dart and Salvador Godinez were responsible for ensuring that the Plaintiff received adequate medical care and treatment. In both the individual and official capacity claims, the Plaintiff alleges that Dart and Godinez were responsible for the medical treatment of the Plaintiff. This suggestion is wholly contradicted by statements in the DOJ letter. Cermak and its head officials are entrusted with providing the medical treatment to the inmates and are not controlled by the Sheriff's Department. Any claims based on the allegations that Dart or Godinez were responsible for the medical treatment of inmates and the medical personnel who provide treatment must be dismissed.

In *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981), the Seventh Circuit found that the warden of a prison was too far removed from the day-to-day operations of the medical personnel and facilities to justify "the inference at (the pleading stage) of the proceeding that he does bear some responsibility for the alleged misconduct." The pro se plaintiff filed a §1983 action against the warden and administrator of the prison hospital due to a twenty-two month delay in receiving surgery on his fractured wrist. *Id.* at 655. The Court did not allow the Plaintiff to commence his medical indifference action against the Sheriff, due to the remoteness of his role at the prison hospital. *Id.* There is no presumption that the warden of a jail holds any responsibility for the medical treatment of the inmates. *Id.*

Further, the DOJ report, filed with the Plaintiff's Second Amended Complaint and used as the sole allegation of unidentified "Recognized Patterns of Constitutional Violations," clearly states that all medical treatment to inmates and the medical personnel and facilities are operated by Cermak Health Services and Cook County. (Exhibit A of Complaint, See CM/ECF Document 55-1, p. 4). The letter indicates that the medical personnel and their treatment decisions are not the responsibility of the Sheriff's Department or the CCDOC. *Id.* The letter specifically states that the Sheriff and the CCDOC are responsible for corrections and security only. *Id.*

Plaintiff's Counts I, II, III, and IV all rely on the allegations that Dart and Godinez were responsible for the Plaintiff's medical care and had a duty to ensure Plaintiff received adequate medical treatment. To prevail on these counts, the Plaintiff must present facts that support this contention. However, the Plaintiff pleads facts that illustrate just the opposite, that Dart and Godinez

4

were not responsible for the Plaintiff's medical treatment. "When factual allegations conflict with a legal conclusion, the factual allegations are decisive." *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998), citing *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir. 1994). The Plaintiff has plead facts that establish Dart and Godinez are not responsible for the Plaintiff's medical treatment yet, Counts I, II, III, and IV require a showing that Dart and Godinez are responsible for his medical treatment. As the complaint addresses deliberate indifference of his medical care, the Plaintiff has failed to state claims for which relief can be granted as to Counts I, II, III, and IV.

## II.  PLAINTIFF FAILS TO STATE A § 1983 CLAIM AGAINST THOMAS DART and SALVADOR GODINEZ IN THEIR INDIVIDUAL CAPACITY.

Based on the on the pleading requirements as set forth in *Twombly* and *Ashcroft*, Plaintiff's claims against both Thomas Dart and Salvador Godinez in their individual capacities must be dismissed as the complaint lacks any factual allegations that either Defendant acted knowingly, willingly and/or recklessly as to deliberately ignore or be indifferent to the Plaintiff's medical condition. Though the counts indicate a claim of liability in their individual capacities, Plaintiff leaves it to the Dart and Godinez to figure what theory of liability he is pursuing. In fact, the counts for the individual and official capacity claims are word-for-word the same. Plaintiff makes no factual allegations that accepted as true establish that Dart or Godinez personally were involved in the medical treatment or course of any treatment for the Plaintiff. Further, the complaint is void of any factual allegations that Dart or Godinez knew of Plaintiff's medical condition and turned a blind eye. Finally, the Plaintiff has failed to plead facts that establish, beyond mere speculation, that Dart and Godinez personally created a policy that was deliberately indifferent to Plaintiff's medical needs.

### A. Plaintiff failed to plead that Dart and Godinez knew of Plaintiff's medical condition

Plaintiff completely fails to allege facts indicating personal involvement or understanding on the part of Dart or Godinez as to the Plaintiff's actual medical situation or treatment. The Seventh Circuit has reaffirmed that "an *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993), *citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original). A Plaintiff must demonstrate that Dart and/ or Godinez "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or his failure to act." *Rascon v. Hardiman,*

803 F.2d 269, 274 (7th Cir. 1986).  The allegations must go beyond what a defendant "should have known."  *Pacelli v. DeVito*, 972 F.2d 871, 875 and 878 (7th Cir. 1992).  In terms of this motion to dismiss, this requirement means the Plaintiff must put forth facts, not mere legal conclusions, that assumed true establish deliberate indifference on the part of Dart and Godinez.  This has not been done.  Without personal involvement there can be no individual liability under § 1983 as there is no theory of *respondeat superior* under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-2038 (1978).

In the present case, Plaintiff has failed to allege any personal involvement or knowledge in his pleadings that Dart and Godinez were deliberately indifferent to the Plaintiff's medical needs.  Thus, individual liability cannot attach to Thomas Dart and Salvador Godinez and the individual capacities claims must be dismissed.

**B. Plaintiff fails to plead facts that establish Dart and Godinez personally devised a policy that was deliberately indifferent to Plaintiff's injury and contributed to that injury.**

Any liability attributable to Dart and Godinez in their individual capacities appears to derive from allegations that Dart and Godinez "personally devised a deliberately indifferent policy that caused a constitutional injury…," which if shown can instill individual liability upon an official for a policy decision.  *Armstrong v. Squadrito*, 152 F.3d 564, 581 (7th Cir. 1998).  To properly plead this type of claim against Dart and Godinez, the Plaintiff must plead facts that if assumed true show 1) Dart and/ or Godinez personally devised a policy, 2) that that policy was deliberately indifferent to the constitutional protections of the inmates and 3) that that policy caused, or there existed a casual connection to, the injury alleged by the Plaintiff.  *Id.*  Deliberate indifference, the *Armstrong* court held, means "conscious disregard of known and obvious dangers." *Id.* at 577.

Further, to hold a policy maker individually liable for a policy decision, the policy maker must have been deliberately indifferent to the effects of the policy at the time he *personally* created it.  See *Armstrong*, 152 F.3d at 581, (sheriff and director of the jail may be personally liable if they personally formulated a "will call" policy where jail personnel did not have to inquire why a detainee sat in jail for 57 days without seeing a magistrate), *Duckworth v. Franzen*, 780 F.2d 645, 650 (7th Cir. 1985), (official could be personally liable if he "rewrote the guard's manual to eliminate some safety precaution in the event of fire"), *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3rd Cir. 1989), (school officials held personally "liable because of their own actions in adopting

and maintaining a practice, custom or policy of reckless indifference to  instances of known or suspected sexual abuse of students by teachers, in concealing complaints of abuse, and in discouraging students' complaints about such conduct").

In *Steidl v. Gramley*, the Seventh Circuit held that, even though the plaintiff pleaded that the warden was in charge of and responsible for all day-to-day operations as the jail, "the general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability." 151 F.3d 739, 741 (7th Cir. 1998), citing *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). The court further stated individual liability for a prison official "would stem from condoning a constitutional deprivation and it would be direct, not vicarious." *Id.* In other words, pleading that Dart and Godinez managed and controlled the Jail when the incident occurred is not enough to establish personal liability. More factual information is required.

In the Second Amended Complaint, Plaintiff has failed to plead any facts that establish the existence of a policy, personally created by either Dart or Godinez, that was in conscious disregard of known and obvious dangers to the Plaintiff. Nor has Plaintiff put forth factual allegations that Dart or Godinez "condoned" the indifference to the medical treatment of the Plaintiff through the enforcement of a policy. Plaintiff merely alleges (1) he did not receive medical treatment that he should have received, (2) a CCDOC policy exists or should have existed that states he should have received this medical treatment and (3) Dart and Godinez are to blame because they were in charge of the operations and management of the CCDOC and thus are responsible when a policy of the CCDOC is violated. To properly plead individual liability against the Sheriff and the Executive Director of the CCDOC cannot be as easy as Plaintiff has attempted to make it. Plaintiff simply shows no personal conduct on the part of either of these Defendants to get past a motion to dismiss.

Moreover, the facts in a complaint must raise the possibility of a valid claim above "mere speculation." Plaintiff never identifies a specific policy, purposefully created by Dart or Godinez while deliberately indifferent to his constitutional rights. More importantly, Plaintiff does not identify what policy Dart and Godinez failed to put in place to ensure the Plaintiff's medical treatment was correct. Further, the medical treatment of the Plaintiff was not the responsibility of Dart and Godinez – that duty belonged to Cermak and its administrators. It is unreasonable to argue that Dart and Godinez failed to create a policy or practice that was not their responsibility to make. See *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job… The Governor, and for that matter the

Superintendent of Prisons and the Warden of each prison is entitled to relegate to the prison's medical staff the provision of good medical care.")  and *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3rd Cir. 1993) (warden of a prison is not "considered deliberately indifferent simply because (he) failed to respond directly to the medical complaints of a prisoner (personal letters) who was already being treated by the prison doctor").  Defendants, Dart and Godinez, are left to speculate what policy the Plaintiff sues them for and thus the complaint has failed to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiff has failed to meet the pleading requirements established in *Twombly* and *Ashcroft.* Plaintiff's individual capacity claims against Dart and Godinez, the elements of which are defined in the *Armstrong* and *Steidl* cases, are insufficiently pleaded.  The individual capacity claims against Dart and Godinez must be dismissed.

## III.     PLAINTIFF FAILS TO STATE A VALID § 1983 CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES.

Plaintiff fails to state a claim against Defendants, Thomas Dart and Salvador Godinez in their official capacities. Actions brought against government officers in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985).  It is well settled that governmental employees cannot be held liable in their official capacities in a §1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy or practice. *Monell v. Department of Social Services of the City of New York,* 98 S.Ct. 2018, 2036 (1977). The *Monell* court rejected a theory of *de facto respondeat superior* liability on governmental entities. *Id.* at 2037.

The Seventh Circuit has outlined what a plaintiff must show to make an official capacity suit:

> "The case law has identified three instances in which a municipality can be said to have violated the rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority."

*Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir. 1994)(citations omitted). More importantly, a plaintiff must demonstrate that a municipality, through its own deliberate conduct, was the *moving force* behind the alleged injury. *County Comm'r of Bryan County v. Brown,* 117 S. Ct. 1382, 1388 (1997); *Polk County v. Dodson,* 102 S. Ct. 445 (1981) (emphasis added).

Though the complaint is unclear, the question of whether the Plaintiff is suing Dart and Godinez in their official capacity because of an express policy, custom or practice, or because they had final policymaking authority needs to be answered.  The Plaintiff identifies only one specific policy in his complaint attributed to both Dart and Godinez, namely that "the CCDOC has a policy whereby Dart (and Godinez) bears responsibility for the management and day-to-day operations at the CCDOC."  (Plaintiff's Second Amended Complaint, See CM/ECF Document 55, P. 15, 18-19). The complaint may also attempt to attribute a widespread practice, attributable to Dart and Godinez, that they "failed to implement or enforce policies and procedures to ensure that inmates with serious medical needs were taken to the appropriate medical facilities..." *Id.* at 16, 19.  Other widespread customs appear to include a failure to supervise and a failure to correct problems at the Jail.  There are no allegations that Dart or Godinez, with final policy making authority, caused Aleman's injury.

As stated above, Plaintiff improperly pleaded that Dart and Godinez are responsible for Plaintiff's medical care and the personnel who provided it.  As such, the Plaintiff's claims concerning policies or practices found in paragraphs 80, 81, 84, 98, 99, and 102 should be dismissed.

### A.  Plaintiff fails to plead that an express policy caused his constitutional injury

To succeed on an official capacity claim based on an express policy, Plaintiff must show that an express written policy, when enforced, was the moving force behind the constitutional violation suffered by the Plaintiff.  Plaintiff's only identified policy, as noted above, bears responsibility on Dart and Godinez for the management and day-to-day operations of the CCDOC, which included ensuring that inmates are provided prompt and adequate medical treatment.  When enforced, this alleged policy was not the moving force that prevented Plaintiff from receiving his surgery. Moreover, Plaintiff has failed to demonstrate that this policy, when enforced, was deliberately indifferent to his medical needs.  Thus, this official capacity claim must be dismissed.

### B. Plaintiff fails to properly plead a widespread practice caused his injury

Plaintiff makes numerous widespread practice claims in his single official capacity count for both Dart and Godinez.  Though never identifying them as such, Plaintiff appears to make three claims beyond those that suggest Dart and Godinez were responsible for Plaintiff's medical care. First, in paragraphs 82 and 100, Dart and Godinez allegedly failed to implement and enforce policies and procedures to ensure that inmates *were taken* to appropriate medical facilities.  Second, in paragraphs 84 and 102, Dart and Godinez breached their "duty" by failing to implement and enforce the policies and adequately supervise the correctional officers and medical staff to ensure that reasonable "precautions" to provide certain medical care to inmates were made.  Third, paragraphs 85 and 103 state that officers and medical staff were breaking undisclosed rules and Dart and Godinez did nothing to stop this.

For each of the apparent widespread practice claims, Plaintiff must plead facts that establish such a practice or custom existed, known to the CCDOC, and that the practice was the moving force behind the injury.  To demonstrate that Dart and Godinez are liable for a custom or practice, the plaintiff must show that they were "deliberately indifferent as to [the] known or obvious consequences." *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002).  "In other words, they must have been aware of the risk created by the custom or practice and must have failed to take appropriate steps to protect the plaintiff."  *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009).

### i. Plaintiff fails to plead a custom that officers failed to take inmates to appropriate medical facilities

In the absence of an express policy or allegations involving an injury caused by a person with final policy making authority, the plaintiff must assert a "widespread" practice which is so permanent and well settled as to constitute a custom. *Robles v. City of Fort Wayne,* 113 F.3d 732, 737 (7th Cir. 1997).  To establish the existence of a custom or practice, "it must be more than one instance," 843 F.2d 967, 983 (7th Cir. 1988), or even three, *Gable*, 296 F.3d at 538 ("[T]hree incidents where vehicle owners were erroneously told that their vehicles were not at Lot 6 do not amount to a persistent and widespread practice.") (internal quotation marks omitted). The plaintiff must demonstrate that there is a policy at issue rather than random events. *Thomas*, 604 F.3d at 303.  This may take the form of an implicit policy or a gap in expressed policies, *Phelan v. Cook County*, 463

F.3d 773, 790 (7th Cir. 2006) (citing *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005)), or "a series of violations to lay the premise of deliberate indifference." *Palmer*, 327 F.3d at 596 (citation omitted).

As to the practice or custom allegation that Dart and Godinez had no policy to ensure inmates were taken to appropriate medical facilities, paragraphs 82 and 100 are conclusory and should not be deemed true for purposes of this motion.   No facts exist in the body of the complaint that CCDOC failed to take inmates to their appropriate medical facilities in a series of violations that could constitute a custom or practice.   No inference based on the facts alleged could be plausible to believe that this was a custom or practice.   Plaintiff alleges on eight separate instances he was not taken to a scheduled appointment at Stroger.   However, on December 12, 2007, though scheduled at Stroger, he was seen and treated at Cermak. (Plaintiff's Second Amended Complaint, See CM/ECF Document 52-1, P. ). On May 4, 2008, the therapist's notes indicate there was a scheduling error. (Exhibit J of Complaint, See CM/ECF Document 55-4, P. 2).   On May 11, 2008, though he had an occupational therapy appointment, the scheduling supervisor failed to fax movement forms to the divisions.   *Id.* at 1.   There is no allegation that the scheduling errors were due to the customs or practices of the CCDOC, Dart or Godinez.   On May 23, 2008, Plaintiff was scheduled for a Urology appointment which had nothing to do with the injury he now sues.   (Exhibit M of Complaint, See CM/ECF Document 55-4, P. 2).

Moreover, the DOJ letter does nothing to further the claim as it does not address any failures by the CCDOC to take inmates to medical facilities.   In addition, the facts as stated above show that numerous circumstances affect an inmate's arrival at a clinic appointment which further erodes Plaintiff's attempt to show "a series of violations (that) lay the premise of deliberate indifference." *Palmer*, 327 F.3d at 596.

There are no further allegations of any kind that link these eight events with a knowing disregard by Dart and Godinez to the potential constitutional violations.   Besides failing to properly plead a practice or custom, Plaintiff wholly fails to allege factual allegations that Dart and Godinez *knew* about the problem and refused to fix it.   Plaintiff merely states conclusory statements that they did know or should have known and failed to do anything about it.   Such pleadings are "formulaic recitation(s) of the elements" and not considered as factual allegations. *Ashcroft*, 129 S. Ct. at 1951.  The factual allegations are not enough to establish a plausible claim for a widespread practice or custom that the CCDOC had a custom of failing to take inmates to appropriate medical facilities.

### ii. Plaintiff fails to establish a custom of failure to supervise officers or change policies

In terms of the second custom or practice claim in paragraphs 84 and 102, in order to state a claim of official capacity liability under § 1983 for inadequate supervision policies attributable to Dart and Godinez, the plaintiff must show:  (1) that they were on notice of constitutional violations committed by inadequately trained or supervised employees; (2) that, through evidence of scienter, a responsible high-level Sheriff's Department official, with final policy making authority, was deliberately indifferent in adopting the supervising policy; and (3) that the inadequate supervising policy directly caused the alleged injuries.  See *City of Canton v. Harris*, 489 U.S. 378 (1989).  Any lesser showing would create *unprecedented* municipal liability in virtually every instance where a subordinate municipal employee violates a person's constitutional rights because such person will point to something the municipality could have done to prevent the unfortunate occurrence.  *Id*. at 1206 (Citations omitted).  Moreover, an unsatisfactorily supervised or trained officer will not alone create liability for the municipality because the officer's shortcomings may have resulted from factors other than a faulty training program.  *Id*. Further, even properly trained or supervised officers may make mistakes or commit acts of intentional misconduct.  *Id*.

Plaintiff fails to allege facts that the Sheriff's officers under Dart and Godinez were improperly supervised to ensure that reasonable precautions to provide adequate and prompt medical treatment to inmates were made.  The only allegations against officers concern those who originally sent Plaintiff to Cermak when he broke his finger, the officer who called Cermak on October 20, 2007 about his pain medication and was given instructions from medical personnel at Cermak and the officers who wrote that the MRI was canceled on May 12, 2008.  Further, the DOJ letter does not discuss Dart or Godinez's role in supervising officers as it pertains to prompt or adequate medical care.

Moreover, no facts as to how a failure to supervise officers was a moving force behind Plaintiff's injuries are pleaded.  Finally, no facts were pleaded that a lack of supervision was so permanent and well settled as to constitute a custom.  These claims are not based on factual allegations contained in the complaint and must be dismissed as mere speculation.

### iii. Catch-all widespread custom claim is not properly plead

Third, Plaintiff's catch-all widespread policy claim is found in paragraphs 85 and 103, where

he attempts to hold Dart and Godinez accountable for failing to correct undisclosed policy violations and undisclosed breaches of duty by correctional officers and medical staff.  This claim is wholly lacking in any detail which would allow the Defendants to answer or defend.  No factual allegations are made that these undisclosed violations and breaches were a moving force behind the injury alleged by Plaintiff.  This claim must too be dismissed.

## IV.  THE DEFENDANTS HAVE QUALIFIED IMMUNITY

Government officials performing discretionary functions, such as jail officials, have qualified immunity from civil damages as long as their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).  The purpose of qualified immunity is to shield officials from liability when they are not on reasonable notice that their conduct may be unlawful.  Colaizzi v. Walker, 812 F.2d 304, 308 (7th Cir. 1987).  The Plaintiff bears the burden of establishing the existence of alleged clearly established constitutional rights.  Rakovich v. Wade, 850 F.2d 1180, 1209 (7th Cir. 1988), cert. denied 488 U.S. 968 (1988).

In the present case, the Plaintiff fails to allege any specific conduct by either Defendant Dart and Godinez.  Thus, they could not have engaged  in any conduct that would have violated clearly established rights of which a reasonable person would have known.  They are entitled to qualified immunity and the Second Amended Complaint should be dismissed.

## V.  PLAINTIFF IS NOT ENTITLED TO CLAIM PUNITIVE DAMAGES

Plaintiff seeks compensatory and punitive damages in this action.  Assuming *arguendo* that Plaintiff has stated a cause of action upon which relief can be granted, Plaintiff is not entitled to punitive damages in a 42 U.S.C. § 1983 action against the Defendants Dart and Godinez in their official capacities.  However, in his official capacity counts II and IV, Plaintiff requests punitive damages.  It is well settled that punitive damages are unavailable in a 42 U.S.C. § 1983 action against a municipality, where the claim is based solely on official capacity.  Newport v. Fact Concerts, Inc., 453 U.S. 247, 271-72, 69 L. Ed. 2d 616, 101 S. Ct. 2748 (1981), Olison v. Ryan, 2000 U.S. Dist. LEXIS 13074 (N.D. Ill. September 5, 2000) (J. Coar).  Therefore, this portion of Plaintiff's Second Amended Complaint should be dismissed.

## CONCLUSION

WHEREFORE the Defendants,  Thomas Dart, the Sheriff of Cook County, and Salvador Godinez, Executive Director of the Cook County Department of Corrections, for the foregoing reasons, respectfully requests this Honorable Court to dismiss the Plaintiff's Second Amended Complaint for the failure to state a claim upon which relief can be granted.


Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: /S/ Nicholas Scouffas
     Nicholas Scouffas
     Assistant State's Attorney
     500 Richard J. Daley Center
     Chicago, IL  60602
     (312) 603-3304