**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| ALVARO ALEMAN,  )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>THOMAS DART, in his individual capacity;　)<br>THOMAS DART, in his official capacity as Sheriff of )<br>Cook County, Illinois; SALVADOR GODINEZ, in his )<br>individual capacity; SALVADOR GODINEZ, in his )<br>official capacity as Director of the Cook County )<br>Department of Corrections; AVERY HART, in his )<br>individual capacity; AVERY HART, in his official )<br>capacity as Medical Director of Cermak Health )<br>Services; DAVID FAGUS, in his individual capacity; )<br>and MICHAEL A. PUISIS in his official capacity as )<br>Chief Operating Officer of Cermak Health Services; )<br>COOK COUNTY, ILLINOIS,　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　Defendants.　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　) | Case No. 09 C 06049<br><br>Hon. Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Nan R. Nolan |

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff, Alvaro Aleman, by and through his undersigned counsel, hereby moves pursuant to Rule 37 of the Federal Rules of Civil Procedure for an Order (1) compelling Defendants Thomas Dart, Avery Hart, David Fagus, and Cook County, Illinois to produce certain documents sought in Plaintiff's First Request for Production of Documents and (2) compelling Sheriff Dart to designate and to produce the appropriate witness(es) to testify regarding each topic listed in Exhibit A to Plaintiff's Notice of 30(b)(6) Deposition.

Plaintiff brings this motion to compel because Defendants improperly have refused to produce documents relating to circumstances described in a report issued by the United States

Department of Justice. The documents sought contain evidence that a pattern or practice of conduct that violates the constitutional rights of inmates at the Cook County Jail has been obvious and known to Defendants for a substantial period of time, but the Defendants did nothing to address the problems. Defendants' deliberate indifference to the constitutionally inadequate conditions at the Cook County Jail is the reason Plaintiff received woefully inadequate medical care for a serious medical condition and is now permanently injured. Defendants should be ordered to produce responsive documents immediately.

## BACKGROUND

This is an action arising under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act, Title 42, Section 1983. From December 6, 2006 through August 8, 2008, Plaintiff was a pretrial detainee at the Cook County Jail. On or about October 18, 2007, Plaintiff slipped while descending a flight of stairs and suffered a severe fracture in his left middle finger. Due to the actions and inactions of the Defendants, Plaintiff did not receive necessary medical attention following the accident, and the injury to Plaintiff's hand was never properly treated. As a result, Plaintiff has suffered and continues to suffer considerable pain and has substantially lost the use of his left hand.

Plaintiff's injuries arose out of Defendants' widespread practice and custom of providing inadequate medical treatment to inmates at the Cook County Jail. Defendants' illegal practices were well-documented by the Civil Rights Division of the United States Department of Justice and the United States Attorney's Office (collectively, the "DOJ") in a report issued on July 11, 2008 (the "DOJ Report"). (*See* Second Amended Complaint ("Complaint") Exhibit A). The DOJ Report found and described in detail a "myriad of unconstitutional practices" at the Cook County Jail, including the widespread practice of failing to provide adequate medical treatment

to Cook County Jail inmates like Aleman. The DOJ Report concluded in no uncertain terms that the Cook County Jail "is not adequately providing for the safety and well-being of inmates." (Compl. Ex. A at 2).

On May 13, 2010, U.S. Attorney General, Eric Holder, filed a complaint in this Court styled *United States of America v. Cook County, Illinois, et al.*, No 10-cv-02946 (N.D. Ill.) ("AG Complaint," attached as Exhibit A) seeking an injunction to prevent Cook County, Sheriff Dart, and others from "depriving persons incarcerated at Cook County Jail ('CCJ'), in Chicago, Illinois, of rights, privileges or immunities secured and protected by the Constitution of the United States." (AG Complaint ¶ 1). The AG Complaint alleges that "Defendants have repeatedly and consistently disregarded known or serious risks of harm to inmates at CCJ, as detailed in the [DOJ Report], describing the investigative findings of conditions at CCJ." (*Id*. ¶ 15). According to the Attorney General, "[t]he factual allegations . . . outlined in the [DOJ Report] have been obvious and known to Defendants for a substantial period of time, yet Defendants have failed to adequately address the conditions described." (*Id*. ¶ 21).

Concurrent with the filing of the AG Complaint, the Attorney General filed a motion for leave to file a 60-page Agreed Order. (Agreed Order, Ex. B). The Agreed Order, entered on March 26, 2010, sets forth a myriad of actions that Cook County and Sheriff Dart are required to take to remedy the conditions found in the DOJ Report. The section of the Agreed Order dealing with the provision of medical care to inmates is 17 pages long. (*Id*. at 20-37). Dr. Ronald Shansky has been appointed as Medical Monitor to ensure that Defendants comply with the Agreed Order. (*Id*. at 50). Dr. Shansky's initial report on the progress of the Defendants' efforts to comply with the Agreed Order is due in September 2010. (*Id*. at 52).

**Defendants Improperly Refuse To Produce Document Regarding The DOJ Report**

On April 12, 2010, Defendants Dart, Hart and Fagus were served with Plaintiff's First Request for the Production of Documents ("Requests"). Following service of summons on Defendant Cook County (D.E. 44), on April 27, 2010, Defendant Cook County was also served with a copy of the Requests.[1]

On May 25, 2010, the Defendants served a combined response ("Response") refusing to produce documents relating to the allegations in the DOJ Report. A true and correct copy of the Response is attached as Exhibit C. The Requests and Objections are as follows:

> 15. Any and all Documents concerning or relating to the July 11, 2008 Letter from the United States Department of Justice . . . .
>
> **ANSWER:** Defendant objects to this request as overly broad, vague, burdensome and oppressive. In addition, Defendant objects as not calculated to lead to the discovery of admissible evidence.
>
> 16. Any and all Documents concerning or relating to investigations, studies, examinations, inquiries, analyses, inspections, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to Inmates.
>
> **ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Not waiving said objection, Defendant points to the July 11, 2008 letter from the United States Department of Justice already in Plaintiff's possession.
>
> 17. Any and all reports concerning or relating to investigations, studies, examinations, inquiries, analyses, inspections, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to Inmates.

---

[1] The Requests served on Defendant Cook County were nearly identical to those served on Defendants Dart, Hart and Fagus. At that time, Mr. Nicholas S. Scouffas was the sole defense attorney representing all of the Defendants, which included Thomas Dart, Avery Hart, David Fagus, and Cook County, Illinois. Therefore, only one response was produced to Plaintiff, on behalf of all four Defendants. Defendants responded to the Requests served on Cook County.

>	**ANSWER:**  Defendant objects to this request as overly broad, vague and burdensome.  Not waiving said objection, Defendant points to the July 11, 2008 letter from the United States Department of Justice already in Plaintiff's possession.
>
>	18.	Any and all Documents concerning or relating to changes made or suggestions in response to any investigations, studies, examinations, inquiries, analyses, inspections, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to Inmates.
>
>	**ANSWER:**  Defendant objects to this request as overly broad, vague and burdensome.  Not waiving said objection, Defendant points to the July 11, 2008 letter from the United States Department of Justice already in Plaintiff's possession.

(*See* Exhibit C).  As evident, Defendants did not claim that any privilege applied to documents relating to the DOJ Report.  Defendants raised only two grounds for refusing to produce responsive documents.  First, Defendants argued that the Requests were overly broad and that producing responsive documents would be "burdensome and oppressive."  Second, Defendants refused to produce responsive documents because the Requests sought information that was not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Both of these objections are meritless, as explained below.

**Sheriff Dart Improperly Refuses To Provide 30(b)(6) Deposition Testimony**

On April 28, 2010, Plaintiff served a Notice of 30(b)(6) Deposition on Defendant Cook County, scheduling it for June 8, 2010.  Defendants, through Mr. Scouffas, identified two witnesses to testify regarding a number of topics set forth in the 30(b)(6) notice.  However, on June 4, 2010, Mr. Scouffas cancelled the June 8 deposition, stating that he had discovered a conflict of interest among the Defendants which required a substitution of counsel for certain Defendants.  Mr. Scouffas continued to represent

Sheriff Dart, and Messrs. Kent S. Ray and Patrick S. Smith entered their appearance to represent Defendants Hart, Fagus and Cook County.

After allowing time for substituted counsel to get acquainted with the case, Defendants designated a Sheriff's Department representative to be deposed on July 26, 2010 and a Cermak Health Services representative to be deposed on July 29, 2010. However, on the morning of July 26, 2010, the Defendants again cancelled the scheduled depositions. Despite the fact that this Court already ruled that Plaintiff could proceed with discovery way back in March 2010 (D.E. 40), the Defendants told Plaintiff that they would not present any witnesses until after Plaintiff filed his Second Amended Complaint.

On August 9, 2010, Plaintiff served Amended Notices of 30(b)(6) Depositions on Defendant Dart for the Cook County Sheriff's Department topics and on Cook County for the Cermak Health Services and other Cook County related topics, as agreed by the Parties. (Ex. D – Amended 30(b)(6) Notice on Sheriff Dart). However, counsel for Sheriff Dart has continued his strategy of delay and avoidance. Sheriff Dart has now taken the unsupportable position that the Sheriff's Department is entitled to refuse to present any witnesses for deposition until after Plaintiff has been deposed. Not surprisingly, Sheriff Dart did not cite any authority for this novel proposition, because there is none. The Sheriff's position is particularly untenable because, as of the date of this Motion, none of the Defendants have bothered to serve Plaintiff with a Notice of Deposition, as required by Rule 30.

## **Rule 37 and Local Rule 37.2 Certification**

The undersigned hereby certifies that counsel for Plaintiff conferred in good faith with counsel for all of the Defendants on numerous occasions in an attempt to secure the documents and testimony at issue without Court action, but the parties were unable to reach an accord. Counsel for the respective parties have met and conferred in good faith efforts to resolve the above disputes on at least the following occasions:

(a) On June 1, 2010, Ashlee Knuckey, as attorney for Plaintiff, met in-person with Nicholas Scouffas, as attorney for Defendants Dart, Hart, Fagus and Cook County, regarding Defendants' discovery responses and 30(b)(6) deposition testimony that was scheduled for June 8, 2010.

(b) After attorneys Patrick Smith and Kent Ray entered their appearance in this action, on July 12, 2010, all three of Plaintiff's counsel of record met with Mr. Smith and discussed these Requests, among other issues.

(c) On July 29, 2010, all three of Plaintiff's counsel of record met with Mr. Smith and Mr. Scouffas, following a status hearing in this case, and discussed these Requests, among other things.

(d) On August 16, 2010, Plaintiff's counsel met and conferred with Mr. Scouffas via telephone, in another good faith attempt to resolve issues relating to the DOJ Report without court intervention.

(e) On August 18, 2010, Mr. Whitmer and Mr. Smith conferred regarding the DOJ Report and the 30(b)(6) deposition testimony and were again unable to resolve these issues.

(f) The parties also exchanged numerous correspondence relating to both the DOJ Report and the 30(b)(6) depositions. (Exhibit E – Compilation of all letters and e-mail exchanged by the parties).

Plaintiff brings this Motion promptly only after determining, despite numerous written, in-person and telephonic communications, that the parties could not amicably resolve their disputes.

**ARGUMENT**

I.  **Documents Relating To The DOJ Report Are Relevant And Should Be Produced.**

Rule 26(b) requires Defendants to produce all relevant, non-privileged, information regarding "the subject matter involved in the pending action." *Moriarty v. LSC Illinois Corp.*, No. 98 C 7997, 1999 WL 1270711, *3 (N.D. Ill. Dec. 29, 1999) (citing Fed.R.Civ.Pr. 26(b)). "The rule also permits discovery of information which, although not admissible at trial, 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* "Rule 26(b), therefore, permits a broad range of discovery, and vests the courts with 'wide discretion in determining the scope and effect of discovery.'" *Id.*, quoting *Amey, Inc. v. Gulf Abstract's Title, Inc.*, 758 F.2d 1486, 1050 (11th Cir.1985), cert. denied, 475 U.S. 1107 (1986); *see also Crawford-El v. Britten*, 523 U.S. 574, 598-99 (1998). Using these standards as a guide, this Court should grant Plaintiff's motion and order Defendants to produce documents relating to the DOJ Report.

Plaintiff's lawsuit is based on allegations that the care he received while in the custody of the Cook County Jail fell below the minimum standards of care mandated by the United States Constitution. Despite suffering a serious injury to his hand in October 2007, Plaintiff was not taken to the only place that had sufficient medical facilities to treat his injury, Stroger Hospital, until December 3, 2007 – *six weeks after he broke his hand*. (Compl. ¶¶ 19-36). Plaintiff has alleged that the Defendants' failure to enact procedures and adopt safeguards to prevent the denial of adequate medical care to pretrial detainees, such as Plaintiff, is the direct cause of Plaintiff's injuries.

Plaintiff's theory derives, in part, from the DOJ Report, which details a "myriad of unconstitutional practices" similar to Plaintiff's situation and concludes that the Cook County

Jail "is not adequately providing for the safety and well-being of inmates." (Compl. ¶ 64; Compl. Ex. A at 3 and 5). The DOJ Report substantiates many of Plaintiff's claims, including but not limited to his claims regarding: (a) inadequate medical treatment; (b) inadequate medical staffing; (c) inadequate emergency care; (d) inadequate medication administration; and (e) inadequate access to medical care." (Compl. ¶ 64). Specifically, with respect to issues directly pertinent to this case, the DOJ concluded:

> [Cook County Jail ("CCJ")] fails to provide adequate and timely acute care to inmates with serious or potentially serious acute medical conditions. CCJ's acute care services substantially depart from generally accepted medical care standards. We identified grossly inadequate acute care that led to prolonged suffering and premature deaths of inmates at CCJ. ***Acute care was so deficient that inmates suffered needlessly because medical staff failed to ensure that inmates met scheduled appointments, failed to monitor acute conditions, and failed to timely treat inmates' conditions. We found numerous instances where CCJ's failure to adequately assess and treat inmates likely contributed to preventable deaths, amputation, hospitalizations, and unnecessary harm.***

(Compl. Ex. A at 46) (emphasis added). The documents relating to the "numerous instances" of inadequate medical care discussed in the DOJ Report are undeniably relevant to the issues in this case. Plaintiff is entitled to receive the documents requested to support his allegations that the Defendants knew about serious constitutional violations at the Cook County Jail but did nothing to prevent them.

Moreover, Defendants Hart, Fagus, Puisis and Cook County recently filed a motion asking the Court to strike all references to the DOJ Report from the Complaint as inadmissible hearsay. (D.E. 68 at 9-13). This motion highlights precisely why Plaintiff' is entitled to the information at issue here: the DOJ Report itself might ultimately be held to be inadmissible.[2]

---

[2] The question of whether the DOJ Report is inadmissible hearsay is premature and is more properly the subject of a motion *in limine*. Plaintiff will address the admissibility of the DOJ Report at the appropriate time.

Plaintiff is entitled to an opportunity to prove the unconstitutional medical practices at the Cook County Jail independent of the DOJ Report.

Additionally, Defendants objections that the Requests relating to the DOJ Report are "overly broad" and "burdensome" are insufficient to raise cognizable objections to discovery. *Hodgdon v. Northwestern University*, 245 F.R.D. 337 (N.D.Ill. 2007); *see also Burkybile v. Mitsubishi Motors Corp.*, No. 04 C 4932, 2006 WL 2325506 (N.D. Ill. August 02, 2006) (quoting *Swift v. First USA Bank*, No. 98-8238, 1999 WL 1212561 (N.D.Ill. Dec. 15, 1999)) ("If the party from whom the documents are requested objects to their production, that party has the burden to show why a discovery request is improper. . . . That burden cannot be met by a reflexive invocation of 'the same baseless, often abused litany' that the requested discovery is 'vague, ambiguous, overly broad, unduly burdensome' or that it is 'neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.'"). This Court has held that such objections create "the needless imposition of costs on the opposing party." *Id.* at * 6.

Plaintiff's Requests are narrowly tailored to discover evidence that illegal medical practices were occurring at the Cook County Jail over a period of time and that the Defendants were aware of, established and/or condoned those practices. To date, Defendants have not articulated any burden, much less an undue burden, they would face in producing responsive documents. Defendants have not come close to meeting their burden of showing how Plaintiff's Requests are improper. Accordingly, Plaintiff's motion to compel should be granted.

In sum, any documents within Defendants' possession or control relating to the unlawful medical practices described in the DOJ Report are clearly relevant to this lawsuit, are likely admissible evidence, and should be produced.

**II.     Defendant Dart Must Designate and Produce 30(b)(6) Witness(es).**

Plaintiff is entitled to depose the Sheriff's Department's Rule 30(b)(6) witness(es). *See Catt v. Affirmative Ins. Co.*, No. 2:08-CV-243-JVB-PRC, 2009 WL 1228605 at *8 (N.D. Ill. April 30, 2009) (quoting Fed.R.Civ.P. 30(b)(6) and denying motion for protective order to prevent a Rule 30(b)(6) deposition on topic addressed in depositions of fact witnesses; holding that plaintiff "should be permitted to explore this deposition topic with an individual testifying on behalf of the company, as Rule 30(b)(6) requires the designated individual to testify about 'information known or reasonably available to the organization'"). All of Plaintiff's topics are relevant and germane to his claims in this action and, therefore, should be permitted without any limitations.

Defendant Dart's sole basis for refusing to present 30(b)(6) designees is the frivolous argument that Plaintiff's deposition must occur first. There is no basis in fact or law for this proposition. Moreover, Plaintiff is entitled to depose the Sheriff's Rule 30(b)(6) designee(s)immediately because Defendants refused to answer several interrogatories on the basis that the "[s]ubject is better left for the 30(b)(6) Deposition scheduled June 8." (*See* Defendants' Answers to Plaintiff's Interrogatories attached as Exhibit F, at Nos. 3, 4, 6, 7, & 9). This Court should not countenance Defendant Dart's improper delay tactics.

**CONCLUSION**

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Compel and enter an Order:

(1) requiring Defendants to produce documents relating to the DOJ Report within 7 days after the date of the Order;

(2) requiring the Sheriff's Department to designate one or more witnesses to testify on all of the topics set forth in Plaintiff's 30(b)(6) notice within 7 days after the date of the Order;

(3) awarding Aleman his reasonable expenses incurred in bringing this motion, including attorneys' fees, pursuant to Rule 37(a)(5); and

(4) granting and further relief that the Court deems appropriate under the circumstances.

DATED: August 23, 2010                     ALVARO ALEMAN

                                                        By: __s/ Ernesto R. Palomo_____
                                                             One of His Attorneys

Steven T. Whitmer (# 06244114)
Ernesto R. Palomo (# 06278186)
Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Direct: (312) 443-0694 (A.M. Knuckey)
Fax: (312) 896-6694 (A.M. Knuckey)

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on August 23, 2010, I electronically filed the foregoing "Plaintiff's Motion to Compel" with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

**Kent Stephen Ray**
kent.ray@cookcountyil.gov

**Patrick Stephen Smith**
patrick.smith@cookcountyil.gov

**Nicholas S. Scouffas**
nicholas.scouffas@cookcountyil.gov

                                                                                            s/ Ernesto R. Palomo
                                                                                              Ernesto R. Palomo

Steven T. Whitmer (# 06244114)
Ernesto R. Palomo (# 06278186)
Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Direct: (312) 443-0694 (A.M. Knuckey)
Fax: (312) 896-6694 (A.M. Knuckey)

*Attorneys for Plaintiff Alvaro Aleman*