111 South Wacker Drive
Chicago, IL 60606
Telephone: 312-443-0700
Fax: 312-443-0336
www.lockelord.com

## Locke Lord Bissell & Liddell LLP

Attorneys & Counselors

Ashlee M. Knuckey
Direct Telephone:
Direct Fax: 312-443-0336
aknuckey@lockelord.com

June 1, 2010

BY EMAIL

Nicholas S. Scouffas
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
nscouffas@cookcountygov.com

Re: Alvaro Aleman v. Thomas Dart et al.,

Case No. 09-cv-06049

Dear Nick,

We write on behalf of the Plaintiff, Alvaro Aleman, concerning Defendants' Answers and Objections to the Document Requests and Interrogatories served by Plaintiff. This letter is sent pursuant to Federal Rule of Civil Procedure 26(f). Plaintiff asks that Defendants supplement the Answers as follows.

**First,** Defendants have objected to Interrogatories 1 and 2 because, according to Defendants, those Interrogatories are "[v]ague."

There is nothing vague about the Interrogatories. Plaintiff is seeking the identity of individuals involved with the provision of -- and making decisions about the provision of -- medical treatment to Mr. Aleman. Plaintiff also seeks information regarding the role each individual played in the provision of medical treatment to him.

The Answers provided were woefully inadequate in that they merely identified individuals in documents initially produced in a different lawsuit relating to a separate injury that has nothing to do with the claims in this lawsuit. It appears unlikely that these documents constitute the entire universe of documents regarding Mr. Aleman's medical treatment for his hand injury over a span of ten months. Moreover, the Defendants' answers do not explain the role each individual played in treating or making decisions about the treatment for Mr. Aleman's hand injury. Please supplement Defendants' answers.

**Second,** Defendants have objected to answering Interrogatories 3, 4, 6, and 7 because, according to Defendants, those Interrogatories are "[v]ague and not reasonably calculated to lead to admissible evidence." Defendants are mistaken.

June 1, 2010
Page 2

To begin with, these Interrogatories are not vague. Plaintiff seeks information concerning the identity of individuals involved with creating and/or overseeing the practices and procedures for providing medical treatment to inmates at Cook County Jail and for dealing with inmate grievances. For each individual identified, the Interrogatories further require that the Defendants describe the individual's "knowledge about, participation in, and/or responsibility for creating and/or overseeing" the practices and procedures for providing medical treatment to inmates and dealing with grievances.

Defendants' relevance argument similarly is unavailing. As pointed out by the Court's February 9, 2010 Order, Plaintiff has alleged: "(i) inmates, including Plaintiff, submitted grievances for lack of adequate medical care; (ii) there was a widespread practice of not providing adequate care to inmates, yet Defendants did nothing to resolve it; and (iii) Dart, Fagus, and Hart knew or should have known about Plaintiff's hand condition, yet provided no relief." (Order Denying Def.'s Mot. to Dismiss as Moot (Feb. 9, 2010).) The Court goes on to state:

> Here, Plaintiff's claims are based on potentially systematic conditions for which Defendants Dart, Fagus, and Hart can be inferred to bear some responsibility. . . "If [Dart, Fagus, and Hart] later disclaim[ ] knowledge and responsibility for the alleged misconduct, * * * [they] can readily identify those who were responsible."

*Id.* (citing *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). Thus, Interrogatories 3, 4, 6, and 7 are clearly seeking relevant and likely admissible evidence and should be answered immediately. Plaintiff is not required to wait until a future 30(b)(6) deposition to obtain this information.

**Third,** Defendants have objected to answering Interrogatory 9 because, according to Defendants, that Interrogatory is "[v]ague and unduly burdensome" and that the "subject is best left for depositions." There is no valid basis for Defendants' objections to answering Interrogatory 9.

This Interrogatory is clear in seeking information regarding why Mr. Aleman was never provided with surgery between October 18, 2007 and August 8, 2008.

Additionally, Defendants' are incorrect that this Interrogatory is "unduly burdensome." While there may be some burden in explaining why Mr. Aleman was not provided surgery between October 18, 2007 and August 8, 2008, it is quite reasonable for Plaintiff to request Defendants to answer, since Defendants have denied allegations that Plaintiff was provided inadequate medical treatment for his hand injury while at Cook County Jail. Plaintiff is not required to wait until a future 30(b)(6) deposition to obtain this information. Please supplement Defendants' answer.

**Fourth,** Defendants have refused to produce documents in response to Request 15 because, according to Defendants, that Request is "overly broad, vague, burdensome, [ ] oppressive [and] . . . not calculated to lead to the discovery of admissible evidence." Defendants are mistaken.

The July 11, 2008 Letter concerned an investigation by the Department of Justice on the same subject matter that is at issue in this lawsuit—the medical treatment, or lack thereof, provided to inmates at the Cook County Jail. The Constitutional violations noted in the Letter address the "systematic conditions related to the provision of medical care to [Alvaro Aleman and other] inmates [at Cook County Jail and Cermak Health Services of Cook County]," for which the

June 1, 2010
Page 3

Defendants bear responsibility. (Order Denying Def.'s Mot. to Dismiss as Moot (Feb. 9, 2010).) Thus, any documents within Defendants' possession or control relating to that Letter are clearly relevant to this lawsuit, are likely admissible evidence, and should be produced.

**Fifth,** Defendants have refused to produce documents in response to Requests 16 through 18 because, according to Defendants, those Requests are "overly broad, vague, and burdensome." There is no valid basis for Defendants' objections to producing documents responsive to the above Requests.

Plaintiff has limited the time period for the requests to "October 2007 to the present," as stated in Instruction 13. Any internal or external investigations, reports, etc. that tend to show the "systematic conditions related to the provision of medical care to [Alvaro Aleman and other] inmates [at Cook County Jail and Cermak Health Services of Cook County]," for which the Defendants bear responsibility, are clearly within the scope of this lawsuit, are likely admissible evidence, and should be produced. (*See* Order Denying Def.'s Mot. to Dismiss as Moot (Feb. 9, 2010).)

**Sixth,** Defendants have objected to Requests 19 and 21 through 24 because, according to Defendants, those Requests are "overly broad, vague, and burdensome." These objections lack merit.

Plaintiff has limited the time period for the Requests to "October 2007 to the present," as stated in Instruction 13. Defendants' knowledge about, participation in, and responsibility for the provision of medical care to Inmates and dealing with Inmate grievances is at the very heart of this lawsuit, as noted by the Court's February 9, 2010 Order. As such, any documents related to such topics should be produced.

Additionally, the documents produced in answer to these Requests are inadequate. They are merely 83 pages of Cook County Department of Corrections General Orders and are unlikely the entire universe of documents concerning or relating to Defendants' knowledge about, participation in, and responsibility for the provision of medical care to Inmates and dealing with Inmate grievances. Thus, all documents related to such topics should be produced.

We trust that our differences can be resolved quickly and without the need for Court intervention. We hope to resolve these issues during our scheduled meeting today. We reserve the right to follow up later relative to the Defendants' other answers that are not specifically addressed herein.

Very truly yours,

LOCKE LORD BISSELL & LIDDELL LLP

Ashlee M. Knuckey, Esq.

cc: Steven T. Whitmer, Esq.
Ernesto R. Palomo, Esq.

**Palomo, Ernesto**

---

**From:** Knuckey, Ashlee
**Sent:** Wednesday, August 11, 2010 2:32 PM
**To:** NICHOLAS SCOUFFAS (States Attorney)
**Cc:** Whitmer, Steven; Palomo, Ernesto
**Subject:** RE: Aleman Discovery Requests

Nick,

During our on conversation on August 3, I explicitly told you that we would not agree to produce Mr. Aleman for deposition until after we have had an opportunity to examine the Defendants' 30(b)(6) witnesses. As you know, we sent a 30(b)(6) notice on April 28, 2010 and, for reasons that cannot be attributable to Mr. Aleman, the depositions have yet to take place. Currently, we have not yet agreed to a date for the 30(b)(6) depositions nor Mr. Aleman's deposition.

Please cancel whatever arrangements you made for Mr. Aleman's deposition and contact me to discuss scheduling of Defendants' 30(b)(6) witnesses.

Thank you.

Ashlee

---

**From:** NICHOLAS SCOUFFAS (States Attorney) [mailto:nicholas.scouffas@cookcountyil.gov]
**Sent:** Wednesday, August 11, 2010 11:51 AM
**To:** Knuckey, Ashlee
**Subject:** RE: Aleman Discovery Requests

I have confirmed the deposition of Aleman with the prison, interpreter and court reporter. we are scheduled to begin at 10am.

Nicholas Scouffas
Assistant State's Attorney
Cook County State's Attorney's Office
50 W. Washington, 5th Floor
Chicago IL 60602
312-603-3304
nicholas.scouffas@cookcountyil.gov

---

**From:** Knuckey, Ashlee [AKnuckey@lockelord.com]
**Sent:** Wednesday, August 11, 2010 11:24 AM
**To:** NICHOLAS SCOUFFAS (States Attorney); Patrick Smith; KENT RAY (States Attorney)
**Cc:** Whitmer, Steven; Palomo, Ernesto
**Subject:** Aleman Discovery Requests

Counsel,

Attached please find a letter concerning responses to our discovery requests.

Very truly yours,

Ashlee M. Knuckey
Attorney
Locke Lord Bissell & Liddell LLP

111 S. Wacker Drive
Chicago, IL 60606
312-443-0694 Direct
312-896.6694 Fax
AKnuckey@lockelord.com
www.lockelord.com

Atlanta, Austin, Chicago, Dallas, Houston, London, Los Angeles, New Orleans, New York, Sacramento, San Francisco, Washington DC


IRS Circular 230 Disclosure: United States Treasury Regulations provide that a taxpa
IMPORTANT/CONFIDENTIAL: This message from the law firm of Locke Lord Bissell & Lidde



LLB&L

Locke Lord Bissell & Liddell

Attorneys & Counselors

111 South Wacker Drive
Chicago, IL 60606
Telephone: 312-443-0700
Fax: 312-443-0336
www.lockelord.com

Ashlee M. Knuckey
Direct Telephone: 312-443-0694
Direct Fax: 312-443-0336
aknuckey@lockelord.com

August 11, 2010

BY EMAIL

Nicholas S. Scouffas
nicholas.scouffas@cookcountyil.gov

Patrick S. Smith
pasmith@cookcountygov.com

Kent S. Ray
kent.ray@cook countyil.gov

Re: *Alvaro Aleman v. Thomas Dart et al.*,
     Case No. 09-cv-06049

Dear Counsel:

We write on behalf of the Plaintiff, Alvaro Aleman, concerning Defendants' Answers and Objections to the Document Requests served by Plaintiff. This letter is sent pursuant to Federal Rule of Civil Procedure 26(f). Plaintiff asks that Defendants supplement the Answers as follows.

**First,** Defendants have refused to produce documents in response to Request 15 because, according to Defendants, that Request is "overly broad, vague, burdensome, [ ] oppressive [and] . . . not calculated to lead to the discovery of admissible evidence." Defendants are mistaken.

The July 11, 2008 Letter concerned an investigation by the Department of Justice on the same subject matter that is at issue in this lawsuit—the medical treatment, or lack thereof, provided to inmates at the Cook County Jail. The Constitutional violations noted in the Letter address the "systematic conditions related to the provision of medical care to [Alvaro Aleman and other] inmates [at Cook County Jail and Cermak Health Services of Cook County]," for which the Defendants bear responsibility. (Order Denying Def.'s Mot. to Dismiss as Moot (Feb. 9, 2010).) Thus, any documents within Defendants' possession or control relating to that Letter are clearly relevant to this lawsuit, are likely admissible evidence, and should be produced.

**Second,** Defendants have refused to produce documents in response to Requests 16 through 18 because, according to Defendants, those Requests are "overly broad, vague, and burdensome." There is no valid basis for Defendants' objections to producing documents responsive to the above Requests.

Plaintiff has limited the time period for the requests to "October 2007 to the present," as stated in Instruction 13. Any internal or external investigations, reports, etc. that tend to show the "systematic conditions related to the provision of medical care to [Alvaro Aleman and other]

August 11, 2010
Page 2

inmates [at Cook County Jail and Cermak Health Services of Cook County]," for which the Defendants bear responsibility, are clearly within the scope of this lawsuit, are likely admissible evidence, and should be produced. (*See* Order Denying Def.'s Mot. to Dismiss as Moot (Feb. 9, 2010).)

**Third,** Defendants have objected to Requests 19 and 21 through 24 because, according to Defendants, those Requests are "overly broad, vague, and burdensome." These objections lack merit.

Plaintiff has limited the time period for the Requests to "October 2007 to the present," as stated in Instruction 13. Defendants' knowledge about, participation in, and responsibility for the provision of medical care to Inmates and dealing with Inmate grievances is at the very heart of this lawsuit, as noted by the Court's February 9, 2010 Order. As such, any documents related to such topics should be produced.

Additionally, the documents produced in answer to these Requests are inadequate. They are merely 83 pages of Cook County Department of Corrections General Orders and are unlikely the entire universe of documents concerning or relating to Defendants' knowledge about, participation in, and responsibility for the provision of medical care to Inmates and dealing with Inmate grievances. Thus, all documents related to such topics should be produced.

**Fourth,** Defendants still have not produced the x-rays that were taken at Cermak on or about the date of the accident. The only x-rays produced to date were obtained by the Plaintiff by issuing a subpoena to Stroger Hospital. The Cermak x-rays should be produced immediately.

Please immediately produce documents responsive to these Requests. If you continue to object to producing such documents, please email me concerning a time that we can meet and confer regarding these issues tomorrow Thursday, August 12, 2010.

We trust that our differences can be resolved quickly and without the need for Court intervention. We reserve the right to follow up later relative to the Defendants' other answers that are not specifically addressed herein.

Very truly yours,

LOCKE LORD BISSELL & LIDDELL LLP

Ashlee M. Knuckey, Esq.

cc: Steven T. Whitmer, Esq.
    Ernesto R. Palomo, Esq.



**OFFICE OF THE STATE'S ATTORNEY**
COOK COUNTY, ILLINOIS

ANITA ALVAREZ
STATE'S ATTORNEY

PATRICK SMITH
Deputy Supervisor
CONFLICTS COUNSEL UNIT

69 W. Washington Street
Suite 2030
Chicago, Illinois 60602
(312) 603-1430

August 13, 2010

Ashlee Knuckey,
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, IL 60606
Fax: (312) 896-6694

Re:  Aleman v. CCDOC, et al., 09 CV 6049

Dear Ashlee,

Based on our conversation Wednesday, it appears you are unwilling to produce your client, Alvaro Aleman, for deposition starting on August 16, 2010 at his place of incarceration, until after you have completed Rule 30(b)(6) depositions of Cook County personnel. Unearthing your reasons for this decision is proving difficult. Your explanation would be helpful as *your* client has the burden of proof in this case, not Cook County or its personnel.

Moreover, Mr. Aleman's memory of the events on which this case is based should not be affected by his knowledge of the general policies and procedures that will be discussed in a 30(b)(6) deposition. Our office has been forthcoming with information so far; now we would like to know why your office feels it necessary to conduct the 30(b)(6) depositions before your client's. Relevant material from the 30(b)(6) depositions will not be useful in coaching Mr. Aleman for his deposition, if that is the plan, because his personal memories, not knowledge of policy, will be the subject. Even then, 30(b)(6) depositions may be delayed because we intend, among other things, to file a motion to bifurcate and stay *Monell* discovery topics prior to answering your second amended complaint.

I have noticed Mr. Aleman for his deposition on August 16-17, 2010 at Centralia. Not producing him will only force us to file a motion to compel and make this litigation even more protracted and rancorous. Cooperation would be appreciated.

Sincerely yours,

ANITA ALVAREZ
Cook County State's Attorney

By:   /s/Patrick Smith
Patrick Smith
Deputy Supervisor
Conflicts Counsel
69 West Washington, Suite 2030
Chicago, Illinois 60602
(312) 603-1422



Locke Lord Bissell & Liddell LLP
Attorneys & Counselors

111 South Wacker Drive
Chicago, IL 60606
Telephone: 312-443-0700
Fax: 312-443-0336
www.lockelord.com

Ashlee M. Knuckey
Direct Telephone: 312-443-0694
Direct Fax: 312-443-0336
aknuckey@lockelord.com

August 13, 2010

BY EMAIL

Patrick S. Smith
pasmith@cookcountygov.com

Re: *Alvaro Aleman v. Thomas Dart et al.*, Case No. 09-cv-06049

Dear Pat:

Thank you for your letter. I would like to start by pointing out a couple of inaccuracies contained in your letter. First, you and I never had a conversation on Wednesday, nor have you and I ever spoken about scheduling the deposition of Mr. Aleman for August 16-17. Second, your letter states that you "have noticed Mr. Aleman for his deposition on August 16-17, 2010 at Centralia;" however, we never received a notice of deposition, pursuant to Rule 30(b)(1), from you or any other counsel for the Defendants. If you have sent one, we ask that you please forward a copy to us.

Furthermore, we find your implications that we would use testimony given during the 30(b)(6) depositions to "affect" "Mr. Aleman's memory of the events" or to "coach[ ]" him both unprofessional and completely without merit. We ask that you refrain from making such accusations in the future.

Though you may feel that your "office has been forthcoming with information so far," the woefully inadequate responses to our document requests, interrogatories, and notice of deposition seem to indicate otherwise. On the contrary, we have continuously supplemented our productions with documents obtained through subpoenas to John H. Stroger, Jr. Hospital, Shawnee Correctional Center, and Centralia Correctional Center.

Indeed, we have been both patient and accommodating, while your office has repeatedly rescheduled promised 30(b)(6) deposition dates for a notice that was sent on April 28, 2010. In the intervening almost four months, the Defendants have still failed to produce even one designee. In fact, in our letter dated August 11, 2010, we *again* invited you to meet and confer regarding various outstanding discovery issues to which you have failed to respond.

Once again, we invite you meet and confer regarding all of the above-mentioned discovery matters. Please respond by Monday, August 16, 2010 with a date and time that you are available to meet to discuss all of these issues.

August 13, 2010
Page 2

Very truly yours,

LOCKE LORD BISSELL & LIDDELL LLP

Ashlee M. Knuckey, Esq.

cc: Steven T. Whitmer, Esq.
 Ernesto R. Palomo, Esq.
 Nicholas S. Scouffas, Esq.
 Kent S. Ray, Esq.



## OFFICE OF THE STATE'S ATTORNEY
COOK COUNTY, ILLINOIS

ANITA ALVAREZ  
STATE'S ATTORNEY

NICHOLAS SCOUFFAS  
ASSISTANT STATE'S ATTORNEY  
TORTS & CIVIL RIGHTS LITIGATION

WRITER'S E-MAIL ADDRESS:  
nscouffas@cookcountygov.com

500 RICHARD J. DALEY CENTER  
CHICAGO, ILLINOIS 60602  
(312) 603-5440

WRITER'S DIRECT LINE:  
(312) 603-3304

WRITER'S DIRECT FAX:  
(312) 603-3000

August 17, 2010

Steven Todd Whitmer  
Locke, Lord, Bissell & Liddell, LLP  
111 S. Wacker Dr., Chicago, IL 60606

RE: **Aleman v. Tom Dart, et. al.**  
Case No. 09c6049

Dear Counsel:

     I write in response to our telephone conversation from yesterday concerning a number of issues. First, I have written a series of letters detailing my belief that Rule 11 has not been complied with as to allegations in the Second Amended Complaint. I don't want to get into that anymore at this time. I wrote my letters, you wrote yours. I will file motions as I see fit. Because you asked that I do, I will let you know if and when I plan to seek sanctions.

     Second, as to the 30(b)(6) depositions, when these depositions were noticed up originally, I was not in a position to depose your client as it took almost two months for Aleman to respond to the written discovery. Further, the 30(b)(6) depositions were noticed up the same day as Plaintiff tendered his 26(a)(1) disclosures. I had very little information to conduct a deposition of your client at that time. Yet this is Plaintiff's complaint and case and I feel I owe it to my clients to protect their interests and ensure I take your client's deposition first. Also, since that time, you have decided to sue Dart and Godinez in their individual and official capacities and demand $650,000. This greatly changes the landscape of the case.

     You made the argument on the phone that we have not tendered notice for your client's deposition. You have repeatedly stated that you are not tendering Aleman before the 30(b)(6) depositions, so I do not see what good noticing up this dep will do, you will not be there anyway.

     Third, my clients maintain that medical care and medical personnel decisions are not their responsibility. The request for all documentation concerning the DOJ letter is overly broad, vague, burdensome and oppressive. The Sheriff's office did not compose this letter. A subpoena

to the Department of Justice may take care of your request as they would know exactly what documents they used to compose the letter. Your request as written would require the Sheriff to tender tens of thousands of documents that are not in any way related to the issues in our case. Your request cannot possibly be tailored to the demands of this case.

Moreover, while the DOJ letter refers to numerous and diverse issues, it does not address the issues that may involve the Sheriff's Department in a case like this. This is and remains a medical indifference case. When officers hand over a detainee to the doctors, the doctors are in charge of the medical treatment. I am still having a hard time understanding where the Sheriff comes in. As such, I am standing by my objections. Thank you.

                                                 Sincerely,

                                                 ANITA ALVAREZ
                                               STATE'S ATTORNEY OF COOK COUNTY

                                               *s/ Nicholas Scouffas*
                                               Nicholas Scouffas
                                               Assistant State's Attorney

Cc: Kent Ray, Pat Smith, Conflicts Unit