UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| ALVARO ALEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 6049 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Robert M. Dow Jr. |
| COOK COUNTY DEPT. OF CORRECTIONS, | ) | |
| THOMAS DART, Sheriff Director of Cook County D.O.C. | ) | |
| AVERY HART, Medical Director, Cook County D.O.C., | ) | |
| DAVID FAGUS, Chief Operating Officer of Cermak Health Services of C.C.D.O.C., | ) | |
| | ) | |
| Defendants. | ) | |

## Defendants' Answers to Plaintiff's Request for Production

1. Any and all Documents concerning or relating to Alvaro Aleman.

   **ANSWER:** Defendant objects as this request as vague, overly broad and burdensome. In not waiving said objection, Defendant has previously tendered Plaintiff's Booking Card; Inmate Classification; Jail History Card; Criminal Orders; Prisoner Transportation Transmittal; Criminal History Report; Immigration Detainer; Personal History Information; Incident and Disciplinary Reports; Detainee Grievance. Defendant has requested any and all movement logs for Plaintiff; all grievances for the Plaintiff and all grievances handled as requests for the Plaintiff; any and all grievances and Detainee Health Service Request Forms; Counselor or Social Worker Log Sheets concerning Alvaro Aleman. Please see previously tendered documents CCSAO 1-73 and ALE 1-108 and attached documents bated stamped CCSAO 74-135.

2. Any and all Medical Records concerning or relating to Alvaro Aleman.

   **ANSWER:** Defendant object as this request as overly broad and vague. In not waiving said objection, Defendant has previously tendered Plaintiff's medical records from Cermak Health Services and the Illinois Department of Corrections. Defendant has also requested Plaintiff's entire medical chart from Cermak Health Services. Please see previously tendered documents bated stamped ALE 1-108, CCSAO 74-97.

3. Any and all memoranda concerning or relating to Alvaro Aleman.

>**ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. In not waiving said objection, please see previously tendered documents bated stamped CCSAO 1-73 and ALE 1-108 and attached documents bated stamped CCSAO 74-97. Investigation continues.

4. Any and all Documents concerning or relating to each Defendant's involvement with the medical treatment, or lack thereof, provided to Alvaro Aleman.

>**ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Defendant has previously tendered Plaintiff's medical records from Cermak Health Services and the Illinois Department of Corrections. Defendant has also requested Plaintiff's entire medical chart from Cermak Health Services. In not waiving said objection, please see previously tendered documents bated stamped CCSAO 1-73 and ALE 1-108 and attached documents bated stamped CCSAO 74-97.

5. Any and all Documents concerning or relating to each Defendant's role in overseeing the medical treatment, or lack thereof, provided to Alvaro Aleman.

>**ANSWER:** Defendant has previously tendered Plaintiff's medical records from Cermak Health Services and the Illinois Department of Corrections. Defendant has also requested Plaintiff's entire medical chart from Cermak Health Services. Please see previously tendered documents bated stamped CCSAO 1-73 and ALE 1-108 and attached documents bated stamped CCSAO 74-97.

6. Any and all Documents connecting, associating or relating to each Defendants involvement with the medical treatment, or lack thereof, provided to Alvaro Aleman.

>**ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Defendant has previously tendered Plaintiff's medical records from Cermak Health Services and the Illinois Department of Corrections. Defendant has also requested Plaintiff's entire medical chart from Cermak Health Services. Please see previously tendered documents bated stamped CCSAO 1-73 and ALE 1-108 and attached documents bated stamped CCSAO 74-97.

7. Any and all Documents concerning or relating to any individual who was involved with providing or not providing medical treatment to Alvaro Aleman.

>**ANSWER:** Defendant objects to this request as overly broad and vague. In not waiving said objection, Defendant has previously tendered Plaintiff's medical records from Cermak Health Services and the Illinois Department of Corrections. Defendant

has also requested Plaintiff's entire medical chart from Cermak Health Services. In addition, Defendant has requested any and all off site requests, such as referrals for any clinics, Off Site notifications, correspondence between Stroger and Cermak, and logs for transferring Alvaro Aleman to another hospital. Please see previously tendered documents bated stamped CCSAO 1-73 and ALE 1-108 and attached documents bated stamped CCSAO 74-97.

8. Any and all Documents concerning or relating to why Alvaro Aleman was without pain medication on October 20, 2007.

**ANSWER:** Defendant has previously tendered Plaintiff's medical records from Cermak Health Services and the Illinois Department of Corrections. Defendant has also requested Plaintiff's entire medical chart from Cermak Health Services. Investigation continues. Please see previously tendered documents bated stamped CCSAO 1-73 and ALE 1-108 and attached documents bated stamped CCSAO 74-97.

9. Any and all Documents concerning or relating to why Alvaro Aleman was not taken to his December 27, 2007 scheduled surgery appointment at John H. Stroger, Jr. Hospital of Cook County.

**ANSWER:** Defendant has previously tendered Plaintiff's medical records from Cermak Health Services and the Illinois Department of Corrections. Defendant has also requested Plaintiff's entire medical chart from Cermak Health Services. Defendants believe, at this point, Plaintiff was taken to Stroger Hospital on December 27, 2007 but was not seen in the hand clinic and did not receive surgery on that day. Investigation continues.

10. Any and all Documents concerning or relating to why Alvaro Aleman was not provided with surgery on his left hand per the Cermak Health Services of Cook County "Progress Notes" dated January 11, 2008, attached hereto as Exhibit A.

**ANSWER:** Defendant objects to this request as overly broad and vague. Further, documents requested may not be in the control of Cermak Health Services. Defendant has previously tendered Plaintiff's medical records from Cermak Health Services and the Illinois Department of Corrections. Defendant has also requested Plaintiff's entire medical chart from Cermak Health Services. Investigation continues. Please see previously tendered documents bated stamped CCSAO 1-73 and ALE 1-108 and attached documents bated stamped CCSAO 74-97.

11. Any and all Documents concerning or relating to why Alvaro Aleman was not taken to his scheduled surgery, per the "Consultation Request Form" dated January 31, 2008, attached hereto as Exhibit B.

> **ANSWER:** Defendant has previously tendered Plaintiff's medical records from Cermak Health Services and the Illinois Department of Corrections. Defendant has also requested Plaintiff's entire medical chart from Cermak Health Services. Investigation continues. Please see previously tendered documents bated stamped CCSAO 1-73 and ALE 1-108 and attached documents bated stamped CCSAO 74-97.

12. Any and all Documents concerning or relating to why Alvaro Aleman was not taken to his April 9, 2008 scheduled surgery appointment at John H. Stroger, Jr. Hospital of Cook County.

> **ANSWER:** Defendant has previously tendered Plaintiff's medical records from Cermak Health Services and the Illinois Department of Corrections. Defendant has also requested Plaintiff's entire medical chart from Cermak Health Services. Please see attached document, bates stamped CCSAO 84. Investigation continues.

13. Any and all Documents concerning or relating to why Alvaro Aleman was not scheduled for any follow up visit despite never having the require surgery, per the "Consultation Request Form" dated April 3, 2008, attached hereto as Exhibit C.

> **ANSWER:** Defendant objects to this request as overly broad and vague. In not waiving said objection, Defendant has previously tendered Plaintiff's medical records from Cermak Health Services and the Illinois Department of Corrections. Defendant has also requested Plaintiff's entire medical chart from Cermak Health Services. Please attached records bated stamped CCSAO 74-83. Investigation continues.

14. Any and all Documents concerning or relating to any response or lack of response to Alvaro Aleman's "Detainee Grievance" dated January 1, 2008, attached hereto as Exhibit D.

> **ANSWER:** Defendant has requested all grievances for the Plaintiff and all grievances handled as request for the Plaintiff. In addition, Defendant has requested any and all grievances and Detainee Health Service Request Forms. Please see previously tendered document bates stamped CCSAO 69.

15. Any and all Documents concerning or relating to the July 11, 2008 Letter from the United States Department of Justice, attached hereto as Exhibit E.

**ANSWER:** Defendant objects to this request as overly broad, vague, burdensome and oppressive. In addition, Defendant objects as not calculated to lead to the discovery of admissible evidence.

16. Any and all Documents concerning or relating to investigations, studies, examinations, inquires, analyses, inspections, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to inmates.

**ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Not waiving said objection, Defendant points to the July 11, 2008 letter from the United States Department of Justice already in Plaintiff's possession.

17. Any and all reports concerning or relating to investigations, studies, examinations, inquires, analyses, inspection, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to Inmates.

**ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Not waiving said objection, Defendant points to the July 11, 2008 letter from the United States Department of Justice already in Plaintiff's possession.

18. Any and all Documents concerning or relating to changes made or suggestions in response to any investigations, studies, examinations, inquires, analyses, inspections, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to Inmates.

**ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Not waiving said objection, Defendant points to the July 11, 2008 letter from the United States Department of Justice already in Plaintiff's possession.

19. Any and all Documents concerning or relating to each Defendant's knowledge about or participation in creating systematic conditions related to the provision of medical care to Inmates.

> **ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Notwithstanding these objections, please attached documents

20. Any and all Documents concerning or relating to each Defendant's knowledge about or participation in the widespread practice of not providing adequate medical care to Inmates.

> **ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Not waiving said objection, Defendant points to the July 11, 2008 letter from the United States Department of Justice already in Plaintiff's possession.

21. Any and all Documents concerning or relating to each Defendant's responsibility for the general well-being and/or medical needs of Inmates.

> **ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Notwithstanding these objections, please see attached documents, bates stamped CCSAO 136 – 181..

22. Any and all Documents concerning or relating to each Defendant's knowledge about or participation in creating and/or overseeing grievance procedures for Inmates.

> **ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Notwithstanding these objections, please see attached documents, bates stamped CCSAO 98 – 135, 178 – 181.

23. Any and all Documents concerning or relating to each Defendant's knowledge about or participation in resolving Inmate grievances.

> **ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Notwithstanding these objections, please see attached documents, bates stamped CCSAO 98 – 135, 178 – 181.

24. Any and all Documents concerning or relating to each Defendant's responsibility for resolving Inmate grievances.

**ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Notwithstanding these objections, please see attached documents, bates stamped CCSAO 98 – 135, 178 – 181.

25. Any and all Documents concerning or relating to any individual who had a role in creating and/or overseeing practices or procedures for providing medical treatment to Inmates.

**ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Notwithstanding these objections, please see attached documents, bates stamped CCSAO 136 – 147, 154 – 177.

26. Any and all Documents concerning or relating to the policies and procedures for dealing with Inmate medical needs at the Cook County Jail.

**ANSWER:** Defendant objects to this request as overly broad, vague and unduly burdensome. Notwithstanding these objections, please see attached documents, bates stamped CCSAO 136 – 147, 154 – 177.

27. Any and all Documents concerning or relating to the policies and procedures for dealing with Inmate grievances at the Cook County Jail.

**ANSWER:** Please see attached documents, bates stamped CCSAO 178 – 181.

28. Any and all Documents concerning or relating to the policies and procedures for staffing Cermak Health Services of Cook County.

**ANSWER:** Defendant objects to this request as vague and unduly burdensome. Investigation continues.

29. Any and all Documents concerning or relating to the policies and procedures for ensuring that Inmates are taken to scheduled medical appointments.

**ANSWER:** Defendant objects to this request as overly broad, vague and unduly burdensome. Notwithstanding these objections, please see attached documents, bates stamped CCSAO 98 – 135, 136 – 144.

30. Any and all Documents concerning or relating to the policies and procedures for dealing with Inmate medical needs at the John H. Stroger, Jr. Hospital of Cook County.

**ANSWER:** Defendant objects as unduly burdensome. Stroger Hospital is not a party to this suit and is independent of Cermak health Services. Notwithstanding these objections, please see attached documents, bates stamped CCSAO 136 – 144, 154 – 177.

31. Any and all Documents concerning or relating to the policies and procedures for setting up Inmate appointments at the John H. Stroger, Jr. Hospital of Cook County.

**ANSWER:** Defendant objects as unduly burdensome. Stroger Hospital is not a party to this suit and is independent of Cermak Health Services. Notwithstanding these objections, please see attached documents, bates stamped CCSAO 98 – 135, 136 – 144, 154 – 177.

32. Any and all Documents concerning or relating to the policies and procedures for ensuring that Inmates are taken to scheduled medical appointments.

**ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Notwithstanding these objections, please see attached documents, bates stamped CCSAO 136 – 144, 154 – 177.

33. Any and all Documents concerning or relating to the policies and procedures for ensuring that Inmates for provided follow up care for any and all medical needs.

**ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Notwithstanding these objections, please see attached documents, bates stamped CCSAO 138 – 144.

34. Any and all Documents concerning or relating to the standard operating procedures of the Cook County Department of Corrections.

**ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Investigation continues.

35. Any and all Documents concerning or relating to the standard operating procedures of the Cook County Jail.

**ANSWER:** See answer to interrogatory 35. Investigation continues.

36. Any and all Documents concerning or relating to the standard operating procedures for each separate Division of the Cook County Jail.

**ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Investigation continues.

37. Any and all Documents concerning or relating to the standard operating procedures of Cermak Health Services of Cook County.

**ANSWER:** Defendant objects to this request as overly broad, vague and burdensome. Investigation continues.

38. Any and all organizational charts and other Documents concerning or relating to the organizational structure of the Cook County Bureau of Health.

**ANSWER:** Investigation continues.

39. Any and all organizational charts and other Documents concerning or relating to the organizational structure of the Cook County Department of Corrections.

**ANSWER:** Investigation continues.

40. Any and all organizational charts and other Documents concerning or relating to the organizational structure of the Cook County Jail.

**ANSWER:** See answer to interrogatory 40. Investigation continues.

41. Any and all organizational charts and other Documents concerning or relating to the organizational structure of Cermak Health Services of Cook County.

**ANSWER:** Investigation continues.

42. Any and all Documents concerning or relating to any lawsuits filed against any of the Defendants concerning or relating to the medical treatment of Inmates.

**ANSWER:** Defendant objects to this request vague and unduly burdensome. All lawsuit concerning the Cook County Department of Corrections and Cermak Health Services are public record and available to the plaintiff.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: _____
Nicholas Scouffas
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3304

## **CERTIFICATE OF SERVICE**

**To:** Ashlee Knuckey
Locke, Lord, Bissell & Liddell, LLP
111 S. Wacker Dr., Chicago, IL 60606

I, Nicholas Scouffas, Assistant State's Attorney, hereby certify that the attached Defendants' Answers to Interrogatories and Requests to Produce were caused to be served upon the person named above on by depositing it in the U.S. mail before 5:00 P.M on May 25, 2010.

_____
Nicholas Scouffas