UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| ALVARO ALEMAN, ) | |
| ) | |
| Plaintiff, ) | 09 C 6049 |
| ) | |
| vs. ) | Honorable Judge |
| ) | Robert M. Dow Jr. |
| COOK COUNTY DEPT. OF CORRECTIONS, ) | |
| THOMAS DART, Sheriff Director of Cook County ) | |
| D.O.C. ) | |
| AVERY HART, Medical Director, Cook County D.O.C., ) | |
| DAVID FAGUS, Chief Operating Officer of Cermak ) | |
| Health Services of C.C.D.O.C., ) | |
| ) | |
| Defendants. ) | |

## Defendants' Answers to Plaintiff's Interrogatories

1. Identify all any way with providing medical treatment to Alvaro Aleman for his Injury and the manner in which they were involved.

**ANSWER:** Objection. Vague. Notwithstanding this objection, please see the following named individuals who treated Plaintiff and the bates stamped pages their recorded interaction with the Plaintiff can be found.

| Name | Bates Stamp # |
|---|---|
| 1. Ricardo Bernales | ALE 82, 79 |
| 2. CMT McNutt | ALE 9 |
| 3. Dr. DeFuniak | ALE 8 |
| 4. Lydia Carrasquillo (P.A.) | ALE 8 |
| 5. Radiologist Oscar Jara | ALE 72, 71 |
| 6. Dr. John Kapotis | ALE 60, 61, CCSAO 74 |
| 7. Barb Davis (P.A.) | ALE 59, 57, CCSAO 74, 75, 76 |
| 8. Dr. Ann Dunlap | ALE 81, 78, 76, 66, 73 |
| 9. Manisha Patel (P.A.) | ALE 80, 77, 69, 75, 37, 74, 63, 62 |

|  |  |
|---|---|
|  | CCSAO 83 |
| 10. Dr. Jacob Gowo | ALE 10, 11 |
| 11. Judy Price, RN | ALE 73 |
| 12. Judy Noble, LPN | ALE 8, 24 |
| 13. Patricia Outlaw – Clay, RN | ALE 10 |

2. Identify all individuals who had a role in making decisions with respect to what medical treatment was provided to Alvaro Aleman for his Injury.

**ANSWER:** Objection. Vague. Notwithstanding this objection, please see the answers to interrogatory #1 and attached documents bates stamped CCSAO 182 – 184.

3. Identify all individuals who were involved in any way with creating and/or overseeing practices or procedures for providing medical treatment to Inmates that were in place between December 6, 2006 and August 8, 2008 and the manner in which they were involved.

**ANSWER:** Objection. Vague and not reasonably calculated to lead to admissible evidence. Subject is best left for 30(b)(6) Deposition scheduled June 8.

4. Identify all individuals who were involved in any way with creating and/or overseeing any formal or informal grievance procedures for Inmates that were in place between December 6, 2006 and August 8, 2008 and the manner in which they were involved.

**ANSWER:** Objection. Vague and not reasonably calculated to lead to admissible evidence. Subject is best left for 30(b)(6) Deposition scheduled June 8.

5. Describe with specificity and in detail Defendant's involvement with providing medical treatment to Alvaro Aleman for his Injury, including but not limited to the investigations conducted, information obtained, options considered, conclusions reached, decisions made, and decisions implemented.

**ANSWER:** Objection. Vague. None of the named Defendants treated the Plaintiff.

6. Describe with specificity and in detail Defendant's knowledge about, participation in, and/or responsibility for creating and/or overseeing practices or procedures for

providing medical treatment to Inmates that were in place between December 6, 2006 and August 8, 2008.

> **ANSWER:** Objection. Vague and not reasonably calculated to lead to admissible evidence. Subject is best left for 30(b)(6) Deposition scheduled June 8.

7. Describe with specificity and in detail Defendant's knowledge about, participation in, and/or responsibility for creating and/or overseeing any formal or informal grievance procedures for Inmates that were in place between December 6, 2006 and August 8, 2008.

> **ANSWER:** Objection. Vague and not reasonably calculated to lead to admissible evidence. Subject is best left for 30(b)(6) Deposition scheduled June 8.

8. Describe with specificity and in detail any statements made by any person relating to the medical treatment described in the Complaint, providing the name and address of any such person and the date of any such statement.

> **ANSWER:** Objection. Vague and not reasonably calculated to lead to admissible evidence. Notwithstanding this objection, please see attached records ALE 1 – 90, CCSAO74 – 83.

9. Explain with specificity and in detail why Alvaro Aleman did not receive surgery for his Injury at any time between October 18, 2007 and August 8, 2008.

> **ANSWER:** Objection. Vague and unduly burdensome. Subject is best left for depositions.

10. Provide the case name and case number of any lawsuits filed against Defendant concerning or relating to the medical treatment of Inmates from 2000 through the present.

> **ANSWER:** Objection. Vague, not reasonably calculated to lead to admissible evidence and unduly burdensome. All lawsuits concerning the Cook County Department of Corrections and Cermak Health Services are public record and available to the plaintiff.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: _____
Nicholas Scouffas
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3304