IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALVARO ALEMAN,<br><br>              Plaintiff,<br><br>   v.<br><br>THOMAS DART, in his individual capacity; THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois; SALVADOR GODINEZ, in his individual capacity; SALVADOR GODINEZ, in his official capacity as Director of the Cook County Department of Corrections; AVERY HART, in his individual capacity; AVERY HART, in his official capacity as Medical Director of Cermak Health Services; DAVID FAGUS, in his individual capacity; and MICHAEL A. PUISIS in his official capacity as Chief Operating Officer of Cermak Health Services; COOK COUNTY, ILLINOIS,<br><br>              Defendants. | Case No. 09 C 06049<br><br>Hon. Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Nan R. Nolan |

**PARTIES' SUBMITTAL REGARDING**
**A DISCOVERY PLAN AND SCHEDULING ORDER**

       In accordance with this Court's July 29, 2010 Order, the parties have conferred pursuant to Rule 26(f) and hereby submit their respective positions with respect to the scheduling of discovery and other dates for consideration by the Court:

       1.     Pre-Discovery Disclosures: Initial Disclosures required by Federal Rule of Civil Procedure 26(a)(1) have already been served by Plaintiff and by Defendants Dart, Hart, Fagus and Cook County. Plaintiff proposes that Defendants Godinez and Puisis serve Rule 26(a)(1) disclosures within 7 days from the issuance of the scheduling order. Defendants propose that

Defendants Godinez and Puisis serve Rule 26(a)(1) disclosures within 7 days of this Court's ruling on the pending motions to dismiss and motion to bifurcate Plaintiff's *Monell* claims.

    2.    (a)    Plaintiff's Proposed Scheduling Order:

                  (i)    The last day to amend the pleadings shall be March 8, 2011.

                  (ii)    The last day to file dispositive motions shall be July 12, 2011.

        (b)    Defendants propose that, in light of the pending motions to dismiss and to bifurcate, which could terminate this litigation for some or all of the defendants and/or significantly limit Plaintiff's proposed *Monell* discovery, and Plaintiff's motion to compel, it is premature to set a scheduling order for the amendment of pleadings or dispositive motions. Should the Court disagree with Defendants in this respect, Defendants propose that three months be added to the Plaintiff's proposed dates as a result of the pending motions.

    3.    (a)    Plaintiff's Proposed Discovery Plan:  Plaintiff proposes the following discovery plan for consideration by the Court:

        (a)    The last day for completion of discovery shall be March 8, 2011.

        (b)    Discovery will be needed on the following subjects:

            (i)    Plaintiff:  The facts and issues alleged in the Second Amended Complaint including, but not limited to, discovery on the following topics: the policies, customs and practices at Cook County Jail that proximately caused Plaintiff's injuries; the culpability of the Defendants for enacting, enforcing or condoning the policies, customs and practices at Cook County Jail that

      proximately caused Plaintiff's injuries; the extent of Plaintiff's injuries to his hand; the compensatory damages to which Plaintiff is entitled; and the punitive damages necessary to deter the Defendants from future misconduct.

   (ii) Defendants: The facts relevant to the claims remaining in Plaintiff's Second Amended Complaint following the Court's ruling on the Defendants' motions to dismiss and motion to bifurcate.

(c) Plaintiff and Defendants Dart, Hart, Fagus and Cook County have propounded and answered written interrogatories. The same parties have also served document requests on each other. To date, no depositions have been taken.

(d) The parties intend to propound further interrogatories, request further production of documents and to take depositions.

(e) Plaintiff has filed a motion to compel Defendants Dart, Hart, Fagus and Cook County to produce certain categories of documents relating to the July 11, 2008 Department of Justice Report (*see* Compl. Ex. A) and to designate Rule 30(b)(6) witnesses. The motion currently is pending before Magistrate Judge Nolan. Defendants' response to Plaintiff's motion to compel is due on September 17, 2010 and Plaintiff has leave to reply on or before September 22, 2010.

(f) Expert Witnesses: Experts reports, in accordance with Rule 26(a)(2), shall be served by April 8, 2011. Response expert reports, in accordance with

    Rule 26(a)(2), shall be served by May 10, 2011.  Rebuttal expert reports, in accordance with Rule 26(a)(2), shall be served by June 10, 2011.

(b) The Defendants propose that the parties and the Court defer setting a discovery schedule for a brief period of time, until 7 days after the Court has ruled on the Defendants' motions to dismiss and the pending motion to bifurcate the *Monell* portion of Plaintiff's claim.  Setting a schedule in the face of the pending dispositive motions and Plaintiff's motion to compel would constitute a waste of judicial and litigant resources, given that the parties do not yet know what claims will remain or what discovery will be permitted.  Further, proceeding with discovery at this stage of the litigation would result in the waste of both public and private resources should any aspect of the pending motions be successful.  In contrast, even if all of the pending motions are unsuccessful, a brief deferral would not prejudice any party—Plaintiff is incarcerated in the Illinois Department of Corrections with a parole date of 2014 and has only as of one month ago filed his Second Amended Complaint in this matter.

  If, however, the Court disagrees with Defendants' position regarding deferral of the scheduling order, Defendants believe that adding three months to each of Plaintiff's proposed discovery dates is prudent in light of the uncertainties caused by the pending motions.

4. The parties estimate that the length of trial will be 7 days.  In arriving at that estimate, the parties considered that the case will be tried to a jury, and that the evidence will be presented by numerous witnesses, including expert witnesses and exhibits.

5. The parties propose a trial date after January 15, 2012.

5

Dated: September 2, 2010                    Respectfully submitted,

 s/ Nicolas S. Scouffas                       s/ Ashlee M. Knuckey
Nicolas S. Scouffas                         Steven T. Whitmer (# 06244114)
Assistant State's Attorney                  Ernesto R. Palomo (# 06278186)
500 Richard J. Daley Center                 Ashlee M. Knuckey (# 6300237)
Chicago, IL 60602                           LOCKE LORD BISSELL & LIDDELL LLP
(312) 603-3304                              111 S. Wacker Drive
                                            Chicago, IL 60606
*Attorney for Sheriff Dart & Salvador Godinez*   Direct: (312) 443-0694 (A.M. Knuckey)
                                            Fax: (312) 896-6694 (A.M. Knuckey)

 s/ Kent S. Ray                             *Attorneys for Plaintiff Alvaro Aleman*
Kent Stephen Ray
Cook County State's Attorney's Office
Conflicts Counsel Unit
69 West Washington Street, Suite 2030
Chicago, IL 60602
(312) 603-1427

*Attorney for Cook County, Avery Hart, David Fagus, and Michael Puisis*

**CERTIFICATE OF SERVICE**

      I, Ashlee M. Knuckey, an attorney, do hereby certify that on September 2, 2010, I electronically filed the foregoing with the Clerk of the Court using the electronic case filing system.

                                                s/ Ashlee M. Knuckey
                                                  Ashlee M. Knuckey

Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Direct: (312) 443-0694 (A.M. Knuckey)
Fax: (312) 896-6694 (A.M. Knuckey)

*Attorney for Plaintiff Alvaro Aleman*