**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALVARO ALEMAN, | ) | |
|        Plaintiff, | ) | 09 CV 6049 |
| *v.* | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| COOK COUNTY DEPARTMENT OF | ) | |
| CORRECTIONS, THOMAS DART, *et al.*, | ) | Magistrate Judge Nan R. Nolan |
|        Defendants. | ) | |

**RESPONSE BY DEFENDANTS HART, FAGUS, PUISIS, AND COOK COUNTY TO
PLAINITFF'S AMENDED MOTION TO COMPEL**

**NOW COME** Defendants Dr. Avery Hart, Dr. David Fagus, Dr. Michael Puisis, and

Cook County ("County Defendants"), by their attorney, Anita Alvarez, State's Attorney of Cook

County, through her Assistant, Patrick S. Smith, and pray that this Honorable Court deny

Plaintiff's Motion to Compel because Plaintiff's Motion is premature and should follow this

Court's ruling on Defendants' pending dispositive motions, the requested documents are

irrelevant, and Plaintiff's requests are vague and unduly burdensome. The County Defendants

state as follows in opposition to Plaintiff's Amended Motion to Compel (Dkt. 75):

**I. INTRODUCTION**

Plaintiff, an illegal immigrant now convicted of dealing cocaine in the United States,

filed a motion to compel on August 23, 2010 (Dkt. 70) and the instant Amended Motion on

August 27 (Dkt. 75). The Motion seeks to compel testimony related, in large part, to current and

past policies, procedures, practices, and customs of the Cook County Department of Corrections

(CCDOC, a/k/a Cook County Jail) and Cermak Health Services of Cook County (Cermak), the

Jail's on-site, county-run medical clinic.

Plaintiff's Motion seeks an order from this Court compelling discovery related to a U.S.

Department of Justice letter, dated July 11, 2008, that allegedly documents instances of

unconstitutional conditions at the Cook County Jail ("DOJ Letter", attached as Ex. A to Pl's Sec. Am. Compl., Dkt. 55).[1]  Plaintiff also seeks deposition testimony from Cermak under Rule 30(b)(6) to answer forty one largely irrelevant questions outlined in Exhibit D of the Amended Motion to Compel.[2]

## II. ARGUMENT

### A. Plaintiff's Motion to Compel is Premature, and Should Follow This Court's Ruling on the Motions to Dismiss, Strike, and Bifurcate.

On August 19 and 20, 2010, all defendants filed motions to dismiss all claims against them in front of Judge Dow.  (Dkts. 64, 67.)  The motion by the County Defendants (Dkt. 67) included alternative motions to strike the DOJ Letter relied on by Plaintiff for his *Monell* claim, and to bifurcate and stay discovery on all *Monell* topics.  Three days *after* these motions, Plaintiff filed the first version of his Motion to Compel.  Judge Dow later referred the bifurcation motion to Magistrate Judge Nolan, as it dealt with a discovery matter.  (*See* Minute Entry by Judge Dow of Sept. 17, 2010, Dkt. 82.)

Plaintiff admits that his Motion to Compel is based partly on his fear that the Defendants' motions will succeed.  (Am. Mot. Compel, Dkt. 75, at 9.)  The Defendants' pending motions to dismiss, strike, and bifurcate all take precedence, in order of filing and order of logic, over the motion to compel.  All pending defense motions were filed before the motion to compel. Furthermore, any of the defense motions, if even somewhat successful, will dramatically change the Defendants' obligations to produce evidence, or even participate in the case at all.  Any of

---

[1] The DOJ Letter is only cited by Plaintiff for his claim against Cook County under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  (*See* Sec. Am. Compl., Dkt. 55, Count IX, ¶¶ 137-47.)  Thus, the Letter is subject to the prior motion to bifurcate and stay *Monell* discovery filed by the County Defendants as part of their motion to dismiss (Dkt. 67).

[2] An additional thirty nine questions are directed to the Sheriff's Office or departments under its control.  This Response is solely on behalf of the County Defendants named above.  Counsel for the County Defendants here does not represent the Sheriff Defendants and this Response does not seek to argue on behalf of the Sheriff Defendants.

those occurrences would require modification of the motion to compel if not rendering it moot entirely. *See, e.g.*, *Almaraz v. Haleas,* 602 F. Supp. 2d 920, 926-28 (N.D. Ill. 2008) (Hart, J.) (denying motion to compel without prejudice following partial grant of motion to bifurcate and stay *Monell* discovery).

Therefore, granting the motion to compel would substantially and needlessly burden the Defendants, should their motions be granted later.[3] However, the converse is not true. Denying or staying the motion to compel until after the Defendants' superseding motions are considered (even if they are denied in all respects) will not harm the Plaintiff. He is currently incarcerated in Centralia, IL with a projected parole date in 2014. "IDOC – Inmate Search," Inmate #R72885, http://www.idoc.state.il.us/subsections/search/default.asp, Accessed Sept. 1, 2010. Plaintiff will not be harmed by a short wait to dispose of the defense motions and he does not allege that any of the evidence cache he seeks is subject to loss, spoilage, or damage in the intervening time.

The Plaintiff's impatience, or his desire to "beat the buzzer" of the motions to dismiss, should not be indulged to gain information he is not ultimately entitled to. If the Plaintiff's claims are merited, then waiting a week or two for Judges Dow and Nolan to rule on the pending dispositive motions will not prejudice any party and would be the most prudent course of action.

### B. The Documents Underlying the DOJ Letter are Irrelevant.

Rule 26(b) permits a broad scope for discoverable information. However, it is limited to "relevant" information. *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery . . . that is *relevant* to any party's claim or defense. . . . [T]he court may order discovery of any matter *relevant* to the subject matter involved in the action. *Relevant* information need not be

---

[3] "Litigating *Monell* claims can be time consuming and expensive . . ." James G. Sotos, *City's Practices Didn't Cause Officer's Use of Force*, Chicago Daily Law Bulletin, August 12, 2010, at 5.

admissible at the trial . . ." (emphases added). Irrelevant information is not within the scope of Rule 26(b). Plaintiff, not knowing better, attached the DOJ Letter to his Second Amended Complaint (*see* Dkt. 55, Ex. A), however, that does not transform the Letter or its underlying documents into relevant materials.

The documents underlying the DOJ Letter are as irrelevant to Plaintiff's cause of action as the DOJ Letter itself. (*See* Dkt. 68, at 11.) The DOJ's inspectors visited the jail in two sets of visits, first from June 18-22, 2007 and then July 23-27, 2007. (Sec. Am. Compl., Dkt. 55, Ex. A, DOJ Letter at 1-2.) Plaintiff Aleman's injury occurred nearly three months after the final visit, on October 18, 2007. (Sec. Am. Compl., Dkt. 55, ¶ 19.)

Plaintiff Aleman is fallaciously attempting to apply what unidentified persons said about conditions throughout the entire facility at one point in time to conditions in a limited segment of the facility (Cermak), relating to a single person (himself), at completely different points in time. Although DOJ personnel inspected the jail for several days in June and July 2007, their findings and reports relating to medical care were based primarily on anecdotal stories from inmates, CCDOC staff, and their own observations. No observations were done after July 2007, so DOJ personnel and their records could not speak to any matters relating to Plaintiff Aleman's treatment by Cermak in October 2007 and beyond.

By piggybacking his discovery requests on the DOJ Letter (*see* Am. Mot. Comp., Dkt. 75, ¶¶ 22-34), Plaintiff shows that he is only seeking to prove-up the letter itself, not to gain information that might actually be relevant, even though that information might not have been part of an embarrassing federal report.

## C. The Motion to Compel Should Be Denied as Vague and Unduly Burdensome.

1. <u>Plaintiff's requests are overly vague.</u>

Plaintiff alleges that he injured his finger on October 18, 2007. (Sec. Am. Compl., Dkt. 55, ¶ 19.)  However, he demands that Defendants produce witnesses with the ability to testify to policies, procedures, investigations, communications, and events back to the year 2000.  (*See* Dkt. 75, Ex. D., ¶¶ 27-30, 32-34.)  Those demands extend through the present day, even though Plaintiff has not resided in the Cook County Jail since August 8, 2008, when he was transferred to the custody of the Illinois Department of Corrections.  Many other requests extend back to December 6, 2006, more than ten *months* before Plaintiff's injury.  (*See* Dkt. 75, Ex. D., ¶¶ 7-21, 31, 39-41.)

There is no witness or combination of witnesses that Cermak could produce who presently knows all of the information covered by Plaintiff's purported 30(b)(6) rider.  However, Plaintiff provides almost no guidance to the Defendants as to what the witness(es) should be looking for in their research while studying nearly eleven years' worth of information in preparation for the deposition.  The "topics of testimony" Plaintiff lists are so vague that even someone who had the time to read all of the documents covered by the topics would be unable to discern what information they should retain, highlight, memorize, or ignore.  For example, see Docket item #75, Exhibit D, paragraph 27 which asks for information about "[i]nvestigations, studies, examinations, inquiries, analyses, inspections, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to [i]nmates from 2000 through the present."

Further, paragraph 27 of the rider's "topics of testimony" is not unique.  Paragraph 28 compounds Plaintiff's vagueness by asking for the witness to testify to "[c]hanges made or suggestions advanced in response to" the vague topics in paragraph 27. (Dkt. 75, Ex. D.)

Paragraph 29 asks for information about "[c]ommunications with any third parties concerning or relating to" the information in paragraph 27 and paragraph 30 asks the same for "[i]nternal communications" over the nearly eleven-year period. *Id.* Paragraph 32 asks the witnesses to familiarize themselves with more than a decade's worth of publicly available court records so they can speak to "[a]ny lawsuits filed against Cook County or any of its employees concerning or relating to the medical treatment of [i]nmates from 2000 through the present." *Id.*

Defendants object to these requests, and similar requests in the Motion to Compel, because they provide little, if any, guidance as to what information or documents they actually seek. Even if Plaintiff did specify the targeted information in a better, non-sophomoric manner, the timeframe covered is so broad that no witness could sufficiently prepare for the deposition without incurring outrageously burdensome interruptions to their normal work.

Further, Defendants are entitled to assert the deliberative process privilege against Plaintiff's requests for internal communications. *See Parvati Corp. v. City of Oak Forest*, 2010 U.S. Dist. LEXIS 72536, *11-14 (N.D. Ill. July 19, 2010) (St. Eve, J.); *Evans v. City of Chicago,* 231 F.R.D. 302, 318 (N.D. Ill. 2005). Assertion of the privilege requires that the government specifically identify and describe the documents that it is claiming privilege for. *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.,* 239 F.R.D. 508, 515 (N.D. Ill. 2006).

However, Plaintiff's topics are so vague that Defendants cannot know with any degree of certainty what information is being requested and, therefore, cannot know which documents to review in order to contemplate asserting deliberative process privilege or other privileges. (*See, e.g.,* Dkt. 75, Ex. D, ¶ 19 (Plaintiff asks for "[t]he identification and substance of all internal meetings concerning or relating to the medical treatment of [i]nmates that took place between December 6, 2006 and August 8, 2008."))

Plaintiff should not be able to circumvent a valid assertion of privilege by requesting the information in a vague manner and deprive Defendants of the ability to carefully screen the information they produce.

### 2. Plaintiff's requests are overly broad.

Plaintiff injured himself on October 18, 2007 and, upon conviction, he left the care of the Cook County Jail and Cermak less than ten months later on August 8, 2008. However, his requests for information include dates far outside that range.[4] Plaintiff here is suing only for himself and only for the treatment (or alleged mistreatment) of his single broken finger. It is quite unlikely that events, communications, policies, or other topics he is inquiring about via discovery will have any relevance to this litigation if they were not concurrent with his injury or treatment while at the Jail. *See, e.g.*, *Almaraz v. Haleas,* 602 F. Supp. 2d 920, 926 (N.D. Ill. 2008) (Hart, J.) ("It is also doubtful that a program phased out in 1996 is relevant to an arrest in 2007.")

It appears that Plaintiff is blind to the plight of the taxpayers who will have to pay for the costs of county employees to retrieve and review thousands of pages of documents spanning more than a decade. This outlandish discovery expense is especially jarring since Plaintiff's case is quite straightforward: he admits that he was injured via his own negligence and alleges that the Defendants did not provide constitutionally-adequate treatment for his injury. The key issues in this case are the seriousness of the injury; the particular knowledge of the Defendants; and the particular actions that the Defendants could, should, did, or did not do. There are no class

---

[4] Specifically, Plaintiff's paragraphs 7-21, 31, and 39-41 ask for information dating back to December 6, 2006, nearly eleven months before Plaintiff's October 18, 2007 injury and subsequent treatment. (Sec. Am. Compl., Dkt. 55, ¶ 19.) Paragraphs 22-26 ask for information related to the investigative findings in the DOJ Letter. The DOJ's inspectors visited the jail in two sets of visits, first from June 18-22, 2007 and then July 23-27, 2007. (Sec. Am. Compl., Dkt. 55, Ex. A, DOJ Report at 1-2.) Plaintiff's injury occurred nearly three months *after* the final DOJ visit. Paragraphs 27-30 and 32-34 ask for information dating back to 2000 *and* forward to the present day.

allegations, nor any other complex questions of law or fact that would warrant a decade's worth of document review by either side.

      3.  <u>Cermak Health Services is not able to answer certain topics addressed to it</u>

Plaintiff's "topics of testimony" paragraph 36 asks about the "organizational structure of John H. Stroger, Jr. Hospital of Cook County." (Dkt. 75, Ex. D.) However, Cermak Health Services, including any officer it might appoint to answer Rule 30(b)(6) deposition topics, is not competent to answer questions about the internal organization of Stroger Hospital. Cermak and Stroger are separate organizations with separate staffs. Neither Stroger nor any of its officers or employees are party to the present suit.

Defendants Dr. Hart, Dr. Fagus, and Dr. Puisis work at and for Cermak Health Services, <u>not</u> John Stroger Hospital. If Plaintiff requires information about Stroger Hospital, he should direct his inquiries to Stroger Hospital. The County Defendants object to being compelled to provide information they are unable to provide about an entity they do not work for.

### III. CONCLUSION

WHEREFORE, based on the foregoing arguments, the County Defendants urge this Court to deny Plaintiff's Motion to Compel without prejudice to re-filing after the pending defense motions are ruled on. Or, in the alternative, the Court should require Plaintiff to more specifically articulate what information he seeks from the Defendants' Rule 30(b)(6) witness(es) and to limit the timeframe of the requests to events occurring or policies in effect between October 18, 2007, when Plaintiff injured his finger, and August 11, 2008, when Plaintiff was transferred to the custody of the State of Illinois following his conviction, unless Plaintiff can show good cause why specific information outside that timeframe should be produced. Further,

County Defendants urge this Honorable Court to grant Defendants reasonable attorney's fees and any relief this Court deems just.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:     /s/Patrick Smith
        Patrick Smith
        Deputy Supervisor
        Conflicts Counsel
        69 West Washington, Suite 2030
        Chicago, Illinois 60602
        (312) 603-1422

9