UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| ALVARO ALEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 6049 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Robert M. Dow Jr. |
| COOK COUNTY DEPT. OF CORRECTIONS, | ) | |
| THOMAS DART, Sheriff Director of Cook County D.O.C. | ) | |
| AVERY HART, Medical Director, Cook County D.O.C., | ) | |
| DAVID FAGUS, Chief Operating Officer of Cermak Health Services of C.C.D.O.C., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COME the Defendants, Thomas Dart, the Sheriff of Cook County, and Salvador Godinez, Executive Director of the Cook County Department of Corrections ("CCDOC"), by their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Nicholas Scouffas, and respond to the Plaintiff's Motion to Compel. In support thereof, the Defendants state as follows:

**INTRODUCTION**

The Plaintiff, Alvaro Aleman, brings this action under the Civil Rights Act, Title 42 Section 1983. Plaintiff has alleged in his Second Amended Complaint that the Sheriff of Cook County and the Executive Director of the Cook County Department of Corrections were personally responsible for the medical care of the Plaintiff. Further, Plaintiff has made allegations that an undisclosed policy, custom or practice, known to the Sheriff and Executive Director, was the moving force behind Plaintiff's injury. Plaintiff claims that he sustained a finger fracture while incarcerated at the Cook County Jail and never received surgical intervention for the injury. Plaintiff has filed a motion

1

to compel relating to several document requests as well as a 30(b)(6) Deposition. To date, Defendants have tendered to Plaintiff over 1,500 documents in response to over 40 document requests from the Plaintiff. Those documents include Plaintiff's Jail History, his Criminal Case orders, incident reports, Plaintiff's grievances, disciplinary reports, CCDOC General Orders concerning CCDOC organization, medical facilities, sick call, grievance procedures, informed consent, Cermak Health Services policies, including specialty clinic protocol, transportation procedure, CCDOC and Cermak agreements, Plaintiff's medical chart from Cermak, off-site treatment logs, External Operations logbooks, In-patient Hospitalization logbooks, Control Belt Logs, and Divisional Movement Logbooks. Defendants have asked to repeatedly set up and take the deposition of the Plaintiff, which has been refused by the Plaintiff's counsel.

Defendants stand by their objections to the document requests as defined in Plaintiff's motion. Plaintiff's requests are incredibly immaterial, overbroad and burdensome. Further, the vagueness of the requests makes answering them an impossible task, requiring speculation and incredible amounts of time. Further, Defendants did not tender witnesses for 30(b)(6) depositions when they were noticed due to counsels' discovery of a conflict between the interests of the CCDOC and Cermak. Further, Plaintiff's counsel has never agreed to enter a protective order concerning the Sheriff's deposition though they indicated they would. Moreover, all Monell related discovery, which the 30(b)(6) deposition would presumably cover, has been stayed by Judge Dow's statements in court on September 9, 2010.

## ARGUMENT

### I. PLAINTIFF'S DOCUMENT REQUEST ARE BURDENSOME, OVERBROAD, VAGUE AND OPPRESSIVE

Defendants, Thomas Dart and Salvador Godinez, firmly maintain that the objections stated in their responses to the document requests are meritorious and should not be compelled to tender the irrelevant and unnecessary documents requested by the Plaintiff.

Initially, the Department of Justice ("DOJ") letter is nothing more than a hearsay

document written from one governmental agency to another. The letter establishes nothing and proves nothing in the context of this present litigation. It stands for not one fact or piece of evidence that the Plaintiff can use against the Sheriff and Executive Director of the CCDOC. It is simply correspondence. Clearly, the DOJ, who spent only seven days at the CCDOC, found what they considered problems within the Jail. Yet, the letter is not an order, judgment or anything else. Moreover, the letter is dated July 11, 2008, just 26 days before Plaintiff left the custody of the CCDOC. The Second Amended Complaint indicated preliminary findings were tendered to the CCDOC in mid-2007. Yet, those issues, as the letter details, had nothing to do with issues of the present case. The letter's materiality and relevance is ridiculously weak and inconsequential to the current litigation. However, Plaintiff oddly uses this letter as his sole factual allegation of Monell-type claims concerning existing policies, customs or practices.

Moreover, as part of an agreement in the case of the *United States of America v. Cook County, Illinois, et. al.*, the Agreed Order, so prominently identified by the Plaintiff in the motion and which incorporates the DOJ letter, states:

> No person or entity is intended to be a third-party beneficiary of the provisions of the Agreed Order for the purposes of any civil, criminal or administrative action, and accordingly, no person or entity may assert any claim or right as a beneficiary or protected class under this Agreed Order. This Agreed Order does not create and shall not be the basis of a cause of action for any non-party.

(See CM/ECF Document 75, Plaintiff's Motion to Compel, Exhibit 2, p. 2). The documents "related" to the Agreed Order are duplicative of those "related" to the DOJ letter, as Plaintiff admits in his motion. The Agreed Order is an agreement to correct problems that were identified in the DOJ letter. Plaintiff wishes to obtain documents protected by the Agreed Order between Cook County and the DOJ as a basis for his current litigation. He is not entitled to them.

In terms of his discovery requests related to this letter, Plaintiff has encouraged the Defendants to show why their objections are meritorious and the requests not improper. Defendants will do so. First, the request is clearly overly broad because the DOJ letter mentions

3

hundreds of completely irrelevant cases, people, issues and topics (everything from the inadequate protection from other inmates to the placement of video cameras to infectious disease control to note a few). Though Plaintiff believes his request was "narrowly tailored" to the current litigation, the request demands any and all documents concerning or related to this letter. If the letter is broad in its scope of the issues of the CCDOC, how can a discovery request for every document related to it not also be broad. Plaintiff lawsuit does not involve the DOJ letter or a great majority of the issues presented in the letter.

As to the request being burdensome, the extreme range of topics briefly discussed in the thirty-three page letter might somehow "relate" to every document created at the CCDOC in the history of its existence. The request places no context or limitation on what the Plaintiff is requesting. Nor has the Plaintiff made any attempt to define what constitutes a relation to the letter. In fact, the Plaintiff has never offered or attempted to narrow the request at all because, as they state in their motion, they believe the request is already "narrowly tailored." Plaintiff simply wants it all. To locate, define and identify every document that could be related to the letter is burdensome.

The request is extremely vague. As noted above, what "relates" to this document is completely unclear. The DOJ letter is so all-in-compassing that a response complying with a request for every related document is unfathomable. The vague nature of the request also grows when the hearsay aspect of the letter is taken into account. The DOJ wrote the letter – the CCDOC did not. What CCDOC-produced documents were incorporated into the letter and it's conclusions were part of the deliberative process of the DOJ. The Plaintiff apparently wants the CCDOC to determine what documents the DOJ used to formulate this letter. The Plaintiff has never requested pertinent documents from the DOJ, an effort that might clear this issue up.

Furthermore, the request is so vague that the Defendants may need to assert certain privileges, barring the discovery of the documents, at a further date. As the request is written now, the Defendants are unable to ascertain if a privilege needs to be asserted or not.

4

When added up, Defendants are correct in refusing to tender documents concerning or relating to the DOJ letter. The Defendants' objections are meritorious and the motion to compel must be denied.

Apparently Document Requests #16, 17 and 18 involve the DOJ letter, though they do not specifically state that, as Plaintiff makes no effort in his motion to compel to distinguish these requests from Request #15. Plaintiff's motion does not address how the objections to Requests #16, 17, and 18 are not meritorious. Nor does the Plaintiff give any indication what is sought or why those requests are relevant. Defendants stand by their objections. Requests for reports or documents concerning unidentified investigations, studies, examinations, inquiries, analyses, inspections, evaluations and/ or critiques by Cook County or any third party concerning medical treatment that do not include time limits, narrowing of issues, or clarification are overly broad, burdensome and vague.

**II. PLAINTIFFS MOTION TO COMPEL THE 30(B)(6) DEPOSITION MUST BE DENIED**

Plaintiff has moved to compel the 30(b)(6) deposition of the Sheriff's Department. This motion must be denied. Defendants have never refused to comply with the Notice of the 30(b)(6) Deposition. The original notice to depose 30(b)(6) witnesses was noticed and sent out on April 28, 2010. During the preparation process concerning both Cermak and the Sheriff's Offices, a potential conflict did possibly exist between the two bodies, requiring the State's Attorney's Conflicts Unit to represent all of Cermak's interests. This conflict came to light in the week before the scheduled 30(b)(6) deposition. The deposition had to be cancelled as the conflict required a substitution of counsel.

Sheriff's counsel, following this cancellation, worked with Plaintiff's counsel to set up a new, un-noticed, date for the deposition which was agreed to be July 26, 2010. Prior to that date, it came

5

to light that Plaintiff intended to file a Second Amended Complaint which included individual capacity claims against numerous top officials within both Cermak and the Sheriff's Department. Due to the inclusion of new Defendants (individual capacity claims were absent in the First Amended Complaint (See CM/ECF Document 22, First Amended Complaint, p.1)), counsel for the Sheriff cancelled that deposition due to the new individual capacity claims and especially due to the fact that the new individual defendants deserve the opportunity to decide who is presented for the deposition.

Defendants' counsel also requested Plaintiff's counsel to agree to a proposed protective order concerning the deposition testimony. Defendant's counsel indicated such an order would be required before any 30(b)(6) deposition would be voluntarily conducted. That request was acknowledged by Plaintiff's counsel in July yet, though in possession of a copy of the proposed order, counsel failed to indicate if the Plaintiff would agree to the proposed order or not.

Moreover, since the filing of the Second Amended Complaint, both Sheriff Defendants and Cermak Defendants have filed motions to dismiss the complaint in its entirety, including the Monell Claims. The Sheriff Defendants' motion bases much of its argument for dismissal on Plaintiff's use of the DOJ letter. Defendant's feel confident they will succeed in their motion to dismiss, which remains not fully briefed. The 30(b)(6) deposition, if ultimately necessary, should not be conducted until after the motion to dismiss has been resolved.

Finally, Plaintiff intends to inquire of the Sheriff's Department representative during the 30(b)(6) deposition about the DOJ letter, correspondence between the CCDOC and the DOJ, internal communications concerning the DOJ letter, the CCDOC's response to that letter, changes intended to be implemented due to the DOJ letter and internal communications concerning intended changes due to the DOJ letter. (See Exhibit A, Amended 30(b)(6) Notice, Topics of Testimony, p. 8-9). These

6

topics are directly related to the above cited Agreed Order. That order clearly indicates that such information is not to be used in an individual lawsuit against Cook County or the Sheriff's Department. For this reason, the motion to compel the 30( b)(6) must be denied.

WHEREFORE, the Defendants, Thomas Dart and Salvador Godinez, respectfully request this honorable court deny the Plaintiff's Motion to Compel .

                              Respectfully Submitted,

                              ANITA ALVAREZ
                              State's Attorney of Cook County

                              By: /S/ Nicholas Scouffas
                                  Nicholas Scouffas
                                  Assistant State's Attorney
                                  500 Richard J. Daley Center
                                  Chicago, IL  60602
                                  (312) 603-3304