IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALVARO ALEMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS DART, in his individual capacity; )<br>THOMAS DART, in his official capacity as )<br>Sheriff of Cook County, Illinois; SALVADOR )<br>GODINEZ, in his individual capacity; )<br>SALVADOR GODINEZ, in his official capacity )<br>as Director of the Cook County Department of )<br>Corrections; AVERY HART, in his individual )<br>capacity; AVERY HART, in his official capacity )<br>as Medical Director of Cermak Health Services; )<br>DAVID FAGUS, in his individual capacity; and )<br>MICHAEL A. PUISIS in his official capacity as )<br>Chief Operating Officer of Cermak Health )<br>Services; COOK COUNTY, ILLINOIS, )<br>)<br>Defendants. )<br>)<br>) | Case No. 09 C 06049<br><br>Hon. Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Nan R. Nolan |

### AMENDED NOTICE OF 30(b)(6) DEPOSITION TO DEFENDANT COOK COUNTY SHERIFF'S DEPARTMENT TOPICS

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Alvaro Aleman, by and through his attorneys, will take the deposition of Defendant Cook County, Illinois, on August 26, 2010, commencing at 9:00 a.m., or some other date and time mutually agreed upon, on the topics and matters listed in Schedule A attached hereto, at the offices of Locke Lord Bissell & Liddell LLP, 111 South Wacker Drive, Chicago, Illinois 60606. The deposition will be recorded stenographically and will continue from day to day until completed. The deposition will be before a Notary Public or other officer authorized by law to administer oaths.

1

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Cook County shall designate one or more officers, directors, managing agents, or other persons who consent and are knowledgeable to testify with respect to topics and matters set forth in the attached Schedule A. It is understood that Cook County may have to identify and produce more than one designee to respond to the topics and matters set forth in Schedule A.

The deponent's testimony in response to this deposition notice shall not limit the rights of the Plaintiff to take testimony from the same deponent(s) on that date or on another date on matters that may be within the individual's personal knowledge.

DATED: August 9, 2010

ALVARO ALEMAN

By: _____
One of his Attorneys

Steven T. Whitmer (# 06244114)
Ernesto R. Palomo (# 06278186)
Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Direct: (312) 443-0694 (A.M. Knuckey)
Fax: (312) 896-6694 (A.M. Knuckey)

*Attorneys for Plaintiff Alvaro Aleman*

2

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1. "Defendant," "you," and "your" also refers to The County of Cook, a county in Illinois, along with its officers, directors, representatives, agents, employees, and other persons acting on its behalf.

2. "Plaintiff," and "Aleman" refer to Alvaro Aleman, IDOC No. R72885/ CCDOC No. 20060093404, an individual currently residing at Centralia Correctional Center in Centralia, Illinois.

3. "Inmate" or "Inmates" shall mean any and all persons incarcerated at the Cook County Jail, 2700 South California Avenue, Chicago, Illinois, including but not limited to pre-trial detainees and convicted persons.

4. "Injury" shall mean the left hand injury, sustained by Alvaro Aleman at Cook County Jail on October 18, 2007.

5. "Document" shall be construed as broadly as is permissible under the Federal Rules of Civil Procedure and include, without limitation, all writings, drawings, hand-written notes, computer-generated notes, memoranda, videotapes, computer hard disks, reports, graphs, charts, letters, correspondence, photographs, videos, computer programs, computer data bases, electronic mail, recordings, journals and other data compilation from which information can be obtained and translated, if necessary. A draft or non-identical copy is a separate document within the meaning of this term. The term Document shall encompass all materials defined above within your possession, custody or control and all such materials within the possession, custody or control of any of your agents, including but not limited to any employees, consultants, advertising agencies, market research firms or other individuals or firms engaged by you. To the extent

necessary to read and understand requested information, please produce encryption keys with all encrypted data.

6. "Medical Records" shall include all records, physicians' records, surgeons' records, autopsy records, X-rays, CAT scans, MRI films, pathology materials, including but not limited to slides, tissues, micrographs, and/or photographs, laboratory reports, discharge summaries, progress notes, consultations, prescriptions, records of drug abuse and alcohol abuse, physicals and histories, nurses' notes, autopsy reports, autopsy notes, autopsy materials, including but not limited to slides, tissues, electron micrographs, and/or photographs, inpatient intake forms, correspondence, audio materials, video materials, medical records from other entities (including other institutions), psychiatric records, psychological records, social worker's records, insurance records, consent for treatment, statements of account, bills, invoices, or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning the physical or mental condition of Aleman.

7. "Identify" shall mean, in addition to any meaning given within any topic, when used in reference to an individual, to state his or her full name, present or last known residence address (designating which), present or last known employment address (designating which), occupation and business position held, and business and residence telephone numbers (designating which).

8. The terms "concerning" and "relating to" each should be broadly construed as meaning pertaining to, referring to, embodying, reflecting, mentioning, requesting, discussing, describing, analyzing, regarding, showing, identifying, evidencing, constituting, comprising, or connected with a stated subject matter.

9.  The terms "and" and "or" shall be construed both disjunctively and conjunctively as necessary to bring within the scope of the topic any information or documents which might otherwise be construed to be outside of its scope.

10. The terms "involved" or "involvement with" each should be broadly construed as meaning concerned with, associated with, connected with, or interaction with a stated subject matter.

11. Unless otherwise specified or required by the context of the topic, references to the singular shall include the plural, references to the plural shall include the singular, references to one gender include the other gender, references to the past tense include the present and references to the present tense include the past.

12. In the event that any information is withheld on the basis of a claim of privilege or otherwise, that information is to be identified by stating:

    a.  the subject matter of the information;

    b.  the names of all persons with knowledge concerning the information withheld, identified by title and employer; and

    c.  the nature and privilege asserted and the Interrogatory number to which the withheld information relates.

If any information withheld concerns a communication, meeting, or any other conversation, then identify all persons present (whether or not they were participants) in the communication, meeting, or conversation by name, title, and employer.

## **TOPICS OF TESTIMONY**

The Cook County Sheriff's Department's designee(s) shall testify regarding the following subjects:

1. The identity of all individuals who were involved in any way with providing medical treatment to Alvaro Aleman for his Injury and the manner in which they were involved.

2. The identity of all individuals who had a role in making decisions with respect to what medical treatment was provided to Alvaro Aleman for his Injury.

3. Why Alvaro Aleman was not taken to his December 27, 2007 scheduled surgery appointment at John H. Stroger, Jr. Hospital of Cook County.

4. The response to Alvaro Aleman's "Detainee Grievance" dated January 1, 2008. (*See* Second Am. Compl. Ex. P.)

5. The identity of all individuals who were involved in any way with creating and/or overseeing practices or procedures that were in place between December 6, 2006 and August 8, 2008 for providing medical treatment to Inmates and the manner in which they were involved.

6. The identity of all individuals who were involved in any way with creating and/or overseeing any formal or informal grievance procedures for Inmates that were in place between December 6, 2006 and August 8, 2008 and the manner in which they were involved.

7. The identity of all individuals who were involved in any way with creating and/or overseeing the policies and procedures that were in place between December 6, 2006 and August 8, 2008 for ensuring that Inmates are taken to scheduled medical appointments and the manner in which they were involved.

8. The identity of all individuals who were involved in any way with creating and/or overseeing the policies and procedures that were in place between December 6, 2006 and August

8, 2008 for ensuring that Inmates are provided follow up care for any and all medical needs and the manner in which they were involved.

9. The identity of all individuals who were involved in any way with creating systematic conditions that were in place between December 6, 2006 and August 8, 2008 related to the provision of medical care to Inmates and the manner in which they were involved.

10. The policies and procedures that were in place between December 6, 2006 and August 8, 2008 for transporting Inmates to appointments at Cermak Health Services of Cook County.

11. The policies and procedures that were in place between December 6, 2006 and August 8, 2008 for transporting Inmates to appointments at John H. Stroger, Jr. Hospital of Cook County.

12. The policies and procedures that were in place between December 6, 2006 and August 8, 2008 for dealing with Inmate medical needs at the Cook County Department of Corrections.

13. The policies and procedures that were in place between December 6, 2006 and August 8, 2008 for dealing with Inmate grievances at the Cook County Department of Corrections.

14. The policies and procedures that were in place between December 6, 2006 and August 8, 2008 for transporting Inmates to appointments at Cermak Health Services of Cook County.

15. The policies and procedures that were in place between December 6, 2006 and August 8, 2008 for transporting Inmates to appointments at John H. Stroger, Jr. Hospital of Cook County.

16. The policies and procedures that were in place between December 6, 2006 and August 8, 2008 for ensuring that Inmates are taken to scheduled medical appointments.

17. The policies and procedures that were in place between December 6, 2006 and August 8, 2008 for ensuring that Inmates are provided follow up care for any and all medical needs.

18. The identification and substance of all internal meetings concerning or relating to the medical treatment of Inmates that took place between December 6, 2006 and August 8, 2008.

19. The identification and substance of all internal meetings concerning or relating to Inmate grievances that took place between December 6, 2006 and August 8, 2008.

20. Whether, between December 6, 2006 and August 8, 2008, Inmates other than Alvaro Aleman were taken from their cells for medical appointments, but were then returned to their cells without having been to any appointments or having seen any doctors, and if so, why.

21. The July 11, 2008 Report by the United States Department of Justice ("DOJ Report"). (*See* Second Am. Compl. Ex. A.)

22. The events described in the DOJ Report.

23. Communications with the United States Department of Justice in response to the DOJ Report.

24. Communications with any third parties concerning or relating to the DOJ Report.

25. Internal communications concerning or relating to the DOJ Report.

26. Investigations, studies, examinations, inquiries, analyses, inspections, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to Inmates from 2000 through the present.

27. Changes made or suggestions advanced in response to any investigations, studies, examinations, inquiries, analyses, inspections, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to Inmates from 2000 through the present.

28. Communications with any third parties concerning or relating to any investigations, studies, examinations, inquiries, analyses, inspections, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to Inmates from 2000 through the present.

29. Internal communications concerning or relating to any investigations, studies, examinations, inquiries, analyses, inspections, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to Inmates from 2000 through the present.

30. Cook County's knowledge about or participation in the widespread practice of not providing adequate medical care to Inmates between December 6, 2006 and August 8, 2008.

31. Any lawsuits filed against Cook County or any of its employees concerning or relating to the medical treatment of Inmates from 2000 through the present.

32. The identification and substance of all deposition testimony by any past or present officers, directors, managing agents, agents, servants, employees, or other persons concerning or relating to the medical treatment of Inmates from 2000 through the present.

33. The identification and substance of all affidavits by any past or present officers, directors, managing agents, agents, servants, employees, or other persons concerning or relating to the medical treatment of Inmates from 2000 through the present.

34. The organizational structure of the Cook County Department of Corrections.

35. The search for documents responsive to Plaintiff's First Set of Requests for the Production of Documents.

36. All documents produced in response to Plaintiff's First Set of Requests for the Production of Documents.

37. Cook County Department of Corrections' record retention policies or procedures that were in place between December 6, 2006 and August 8, 2008, with respect to Inmate medical records.

38. Cook County Department of Corrections' record retention policies or procedures that were in place between December 6, 2006 and August 8, 2008, with respect to Inmate grievances.

39. Cook County Department of Corrections' document destruction policies or procedures that were in place between December 6, 2006 and August 8, 2008.

## CERTIFICATE OF SERVICE

I, Ashlee M. Knuckey, an attorney for the Plaintiff, hereby certify that service of the foregoing "Amended Notice of 30(b)(6) Deposition to Defendant Cook County – Sheriff's Department Topics" was made on:

Nicholas S. Scouffas
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
nicholas.scouffas@cookcountyil.gov

By email and by depositing a true and correct copy in the U.S. Mail at 111 S. Wacker Drive, Chicago Illinois, on Monday, August 9, 2010.

Ashlee M. Knuckey

Steven T. Whitmer (# 06244114)
Ernesto R. Palomo (# 06278186)
Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Direct: (312) 443-0694 (A.M. Knuckey)
Fax: (312) 896-6694 (A.M. Knuckey)

*Attorneys for Plaintiff Alvaro Aleman*