**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALVARO ALEMAN, </br></br> Plaintiff, </br></br> v. </br></br> THOMAS DART, in his individual capacity; THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois; SALVADOR GODINEZ, in his individual capacity; SALVADOR GODINEZ, in his official capacity as Director of the Cook County Department of Corrections; AVERY HART, in his individual capacity; AVERY HART, in his official capacity as Medical Director of Cermak Health Services; DAVID FAGUS, in his individual capacity; and MICHAEL A. PUISIS in his official capacity as Chief Operating Officer of Cermak Health Services; COOK COUNTY, ILLINOIS, </br></br> Defendants. | Case No. 09 C 06049 </br></br> Hon. Judge Robert M. Dow, Jr. </br></br> Magistrate Judge Nan R. Nolan |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS AMENDED MOTION TO COMPEL**

Plaintiff, Alvaro Aleman, by and through his undersigned counsel, respectfully submits this Reply in Support of His Amended Motion to Compel. In support of the Motion, Plaintiff states as follows:

**INTRODUCTION**

Defendants Thomas Dart and Salvador Godinez (the "Sheriff Defendants") and Avery Hart, David Fagus, Michael Puisis, and Cook County, Illinois (the "County Defendants") Reponses to Plaintiff's Amended Motion to Compel ("Motion to Compel") are simply not credible. Not only do their inaccurate arguments call their entire responses into question, but they raise several arguments for the first time, when their initial refusals to tender responsive documents and witnesses provided no such bases. As explained below, Plaintiff's Motion to Compel should be granted.

## **BACKGROUND**

Plaintiff has been more than patient in awaiting responses to discovery requests and the presentation of deposition testimony. Judge Dow granted leave to proceed with discovery at status hearings on both March 31, 2010 and again on July 29, 2010. Defendants repeatedly stalled discovery by making false promises that responses and witnesses would be produced. Defendants' current excuses in their respective Responses to this Motion to Compel are nothing more than another step in Defendants' game of stalling. This is the first Plaintiff has heard of most of Defendants' arguments. Now, Defendants suggest that Plaintiff should wait for rulings on Defendants' Motions. Plaintiff does not agree. This Court should issue a ruling on the matters that are the subject to this Motion and the Motion to Bifurcate, without waiting for rulings on the meritless Motions to Dismiss.

Plaintiff brought this Motion to Compel for the sole purpose of obtaining the documents and testimony that he has sought since April 2010. Through the course of four months and numerous "meet and confers" with Defendants, Plaintiff was repeatedly promised both responsive documents and 30(b)(6) witness testimony. In fact, several times, Plaintiff informed all Defendants of his intention to file a motion to compel if Defendants continued to improperly withhold the documents and witness testimony. Each time, Defendants responded by promising cooperation, only to later renege on their promises. It was not until August 17, 2010 and August 26, 2010 that the Sheriff Defendants and the County Defendants, respectively, outright refused to produce responsive documents and 30(b)(6) witness testimony. (*See* Correspondence attached as Exhibit E to the Am. Mot. to Compel, D.E. 75-6 at 8, 11-12.) Plaintiff filed his Amended Motion on August 27, 2010. There is no reason that Plaintiff should be made to wait even longer for responsive documents and witness testimony, especially given the fact that Plaintiff's

individual capacity claims are also based on the systemic conditions at the Cook County Jail ("CCJ") and on the individual Defendants' failure to enact, implement and enforce policies and procedures to provide adequate medical treatment to inmates. (*See* D.E. 81 at 7-8.)

## ARGUMENT[1]

### I. Documents Relating To The DOJ Report Are Relevant And Should Be Produced.

The Defendants' arguments that the DOJ Report and/or the documents underlying the DOJ Report are not relevant to Plaintiff's cause of action hold no merit. The constitutional violations noted in the DOJ Report address in detail the "myriad of unconstitutional practices" at the CCJ, including the widespread practice of failing to provide adequate medical treatment to the CCJ inmates like Aleman. (DOJ Report, D.E. 55-1 at 4.) These illegal practices existed since at least February 2007 (when the DOJ investigation began) through July 2008 (when the investigation ended and the DOJ Report issued). (D.E. 55-1 at 1-2.) Moreover, there is no evidence that the "myriad of unconstitutional practices" addressed in the DOJ Report had all been resolved prior to the execution of the Agreed Order in *United States of America v. Cook County, Illinois*. (Agreed Order, D.E. 75-2.)

The events at issue all occurred within this timeframe. Plaintiff's initial injury took place on October 18, 2007, and the Defendants failed to provide him the necessary medical treatment over the next ten months until Plaintiff was transferred out of the CCJ on August 8, 2008. (D.E.

---

[1] Before replying to Defendants' substantive arguments concerning Plaintiff's Motion to Compel, Plaintiff takes the opportunity to respond to a few improper statements contained in the County Defendants' briefs. First, Plaintiff denies that he was convicted of "dealing" or "selling cocaine." (County Defs.' Resp. Am. Mot. to Compel, D.E. 84 at 1; County Defs.' Mot. to Dismiss, D.E. 68 at 1.) Second, Plaintiff objects to the County Defendants argument that delays will not harm Plaintiff because he is incarcerated with a projected parole date of 2014. (D.E. 84 at 3.) These and other blatant attempts to distract the Court from Defendants' own misconduct by repeated references to immaterial matters (such as Plaintiff's citizenship status and criminal record) should not be tolerated.

55 ¶¶ 19-62.) Thus, any findings detailed in the DOJ Report are clearly applicable to the time period that Plaintiff's constitutional rights were being violated.

The County Defendants claim that "[n]o observations were done after July 2007, so DOJ personnel and their records could not speak to any matters relating to Plaintiff Aleman's treatment by Cermak in October 2007 and beyond." (D.E. 84 at 4.) However, this argument completely ignores the thrust of Plaintiff's allegations. Each of Plaintiff's claims are based on the failure to enact, implement and enforce policies and procedures at the CCJ to provide adequate medical treatment to inmates. (D.E. 55 ¶¶ 70-77, 79-86, 88-95, 97-104, 106-12, 114-20, 122-28, 130-36, 138-47.) Therefore, in the event that the Court later finds the DOJ Report inadmissible (as Defendants have asked the District Court to do in the context of a Rule 12(b)(6) motion to dismiss), the documents underlying and relating to the DOJ Report will be necessary to enable the Plaintiff to independently prove the findings of constitutional violations that were found in the DOJ Report. Thus, the documents which are the subject of this Motion to Compel should be produced.

**II.     Plaintiffs Requests Are Not Vague Or Overly Burdensome.**

Plaintiff's Requests are narrowly drawn in both time and scope and do not place an undue burden on Defendants. Request 15 seeks documents relating to the DOJ Report, but contrary to the Sheriff Defendants' argument (D.E. 87 at 4), Plaintiff is not asking the Defendants to produce documents relating to every topic discussed in the DOJ Report (such as inadequate protection from violence from inmates or CCJ staff). The Sheriff Defendants are fully aware, through discussions with Plaintiff's counsel and through the documents filed by Plaintiff in this action, Plaintiff seeks documents relating to the provision of medical treatment to CCJ inmates.

Similarly, Requests 16 through 18 are limited to October 2007 through the present by Instruction 13. (Pl.'s First Set of Req. attached as Exhibit A, at Instr. 13.) They do not span more than a decade as the County Defendants suggest. (D.E. 84 at 7.) Plaintiff's Requests are narrowly tailored to discover evidence that illegal medical practices were occurring at the CCJ over the period of time that he was incarcerated there, and that the Defendants were aware of, established and/or condoned those practices. Therefore, the requested documents should be produced.

Plaintiff is in no way "blind to the plight of taxpayers." (D.E. 84 at 7.) That being said, Plaintiff should not be further injured—through withholding the documentation necessary to prove his claims—simply because those who injured him are county officials and Cook County itself. These Defendants should not be relieved of their burden of producing relevant and reasonable discovery simply because the public pays their bills.

While Defendants note that Plaintiff has not subpoenaed the Department of Justice ("DOJ") for these documents, the majority of the documents sought were created by the Defendants and all of the documents are in the Defendants' possession; therefore, Defendants, not a third-party, have the duty to produce the documents pursuant to Rule 34. Also, sending a subpoena to the DOJ may relieve Cook County taxpayers of the burden of producing the documents, but that would merely transfer the burden to all taxpayers. Plaintiff does not believe that a subpoena to the DOJ would resolve the issue. Indeed, the documents sought in Requests 16-18 potentially go beyond the scope of the documents in the DOJ's possession, as they seek both Defendants' internal documents and documents created by third-parties. (Ex. A at Req. 16-18.)

The County Defendants' attempt to reclassify Plaintiff's "key issues" does nothing to change the facts. (D.E. 84 at 7.) Plaintiff has sufficiently alleged that there was an unconstitutional widespread practice of failing to provide medical treatment to inmates at the CCJ, such as Plaintiff. Plaintiff further alleged that the Defendants failed to enact, implement and enforce policies and procedures to correct these constitutional violations. These allegations place the customs, practices, policies, and procedures at the CCJ squarely at issue in this case. Accordingly, Plaintiff's Requests fall within the scope of reasonable discovery.

### III. The Agreed Order in *United States of America v. Cook County, Illinois* Does Not Limit Plaintiff's Right To Documents Relating To The DOJ Report.

The Sheriff Defendants mischaracterize the Agreed Order in *United States of America v. Cook County, Illinois*, when they argue that the Agreed Order somehow limits Plaintiff's ability to obtain documents relating to the DOJ Report. (Sheriff Defs.' Resp. Am. Mot. to Compel, D.E. 87 at 3.) The Agreed Order is not a cloak to hide the Defendants' misconduct for all time. The language cited by the Sheriff Defendants simply provides that non-parties to the Agreed Order cannot assert a claim arising solely out of the Agreed Order. That is not the case here, as Plaintiff's claims do not arise out of the Agreed Order. Indeed, Plaintiff filed this action nine months before the Agreed Order came into existence.

The Agreed Order cannot be used to eliminate discovery rights in a separate lawsuit. As stated in the same paragraph cited by the Sheriff Defendants, the Agreed Order makes clear that it "is not intended to impair or expand the right of any person or organization to seek relief against Defendants or their officials, employees or agents for their conduct." (Agreed Order, D.E. 75-2 at 2, ¶ I.8.) In sum, the Sheriff Defendants are wrong when they argue that the Agreed Order precludes Plaintiff from seeking the discovery at issue here. The requested documents relating to the DOJ Report should be produced.

**IV.     Defendants Waived Their Right To Assert Any Privileges.**

To the extent that the Defendants now claim that certain internal communications fall within the deliberative process privilege, the Defendants waived those arguments long ago. A party seeking to assert an objection to a discovery request on the ground of privilege must present the objection in a timely and proper manner as defined by the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 34(b) and 33(b)(4); *Ritacca v. Abbott Laboratories*, 203 F.R.D. 332, 335 (N.D. Ill. 2001). "Failure to follow these rules may result in waiver of the privilege." *Ritacca*, 203 F.R.D. at 335; *U.S. v. 58.16 Acres of Land, More or Less*, 66 F.R.D. 570, 572 (E.D. Ill. 1975). Specifically, a party waives its privilege if it fails to raise privilege as a grounds for an objection in its response to a discovery request and instead attempts to assert it for the first time in its opposition to a motion to compel. *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 618 (D. Kan. 2005).

Defendants' written responses to Plaintiff's document requests were served on Plaintiff on May 25, 2010. (D.E. 75 at 4.) As explained in Plaintiff's Motion to Compel, the "Defendants did not claim any privilege applied to documents relating to the DOJ Report." (*Id*.) Instead, the Defendants objected to producing responsive documents on the basis of relevance and burden. (*Id*.) Moreover, Defendants did not raise the deliberative process privilege during any discovery-related correspondence, phone call or in-person meeting. Under these circumstances, Defendants waived their right to assert any privilege relating to these documents.

**V.     The Requested Documents Are Not Protected By The Deliberative Process Privilege.**

Even if this Court decides to entertain Defendants' privilege argument, though waived, Defendants are still not entitled to withhold the requested documents on the basis of the deliberative process privilege. The deliberative process privilege covers "documents reflecting

advisory opinions, recommendations and deliberations comprising part of the process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 9 (2001). The document must be "pre-decisional" and "deliberative," in order for the privilege to apply. *Becker v. IRS*, 34 F.3d 398, 403 (7th Cir. 1994). Courts apply the following two-part analysis when deciding whether the privilege applies:

> First, the court must decide whether the government has shown that the privilege applies to the documents the government seeks to protect. Then, if the government meets its threshold burden of showing that the privilege applies, the litigant has the burden of showing that it has a particularized need for the documents.

*Ferrell v. U.S. Dep't of Housing and Urban Dev.*, 177 F.R.D. 425, 428 (N.D. Ill. 1998) (internal quotations and citations omitted). To establish that the deliberative process privilege attaches to certain documents, the party asserting the privilege must set forth an affidavit establishing a prima facie case of this privilege. *Evans v. City of Chicago*, 231 F.R.D. 302, 318 (N.D. Ill. 2005); *see Lawrence E. Jaffe Pension Plan v. Household Internat'l, Inc.*, 239 F.R.D. 508, 516 (N.D. Ill. 2006) (Nolan, J.) (ordering production where the party failed to provide[] 'precise reasons for preserving the confidentiality of the documents'" and had not "addressed any of the factors that may establish good cause to overcome the privilege.") The Defendants failed to meet their burden, as they attached no affidavit supporting their position and do not even identify a category of documents which they claim would fall within the privilege.

Further, even if the Defendants could set forth a prima facie case of privilege, Plaintiff may still overcome the privilege by showing a "particularized need" for the documents, which takes the following factors into account:

> (1) the relevance of the documents to the litigation; (2) the availability of other evidence that would serve the same purpose as the documents sought; (3) the

>government's role in the litigation; (4) the seriousness of the litigation and the issues involved in it; and (5) the degree to which disclosure of the documents sought would tend to chill future deliberations within government agencies, that is would hinder frank and independent discussion about governmental polices and decisions.

*Ferrell*, 177 F.R.D. at 429 (citing *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). Plaintiff's Requests are prime examples of the types of documents that can overcome the privilege. Assuming the Defendants can satisfy their burden, Plaintiff would have little trouble establishing a "particularized need" for the documents under the governing standards.

First, the documents sought are unquestionably relevant, as discussed above. Second, without the documents, Plaintiff would be left with no way to prove that the Defendants were aware of the alleged constitutional violations, especially if the Court later finds the DOJ Report itself inadmissible. Third, this litigation involves allegations of a widespread governmental custom and practice that violates the constitutional rights of inmates by failing to provide adequate medical treatment. The Court in *Evans* denied the Governor's similar assertion of privilege under similar circumstances:

>The seriousness of this litigation, and the issues involved in it, are obvious. A claim that police officers violated their sworn duty by knowingly seeking the prosecution and conviction of a person whom they knew to be innocent (and did so through multiple constitutional violations) strikes at the heart of the integrity of our criminal justice system.

*Evans*, 231 F.R.D. at 318. Finally, disclosure of the documents would not chill future deliberations, as Cook County is required by the Agreed Order in *United States of America v. Cook County, Illinois*, to continue evaluating and improving conditions at the CCJ. Therefore, for all of the reasons stated above, Defendants are not entitled to withhold the requested documents on the basis of the deliberative process privilege.

**VI.  Plaintiff Is Entitled To The Requested 30(b)(6) Testimony.**

The Defendants object to Plaintiff's Rule 30(b)(6) topics as vague and overbroad, claiming that "no witness could sufficiently prepare for the deposition without incurring outrageously burdensome interruptions to their normal work." (D.E. 84 at 6). Unfortunately, the Defendants' opposition brief is the first time Plaintiff has ever heard these objections.

The original Notice of 30(b)(6) deposition was served on April 28, 2010 and depositions were scheduled to proceed on a number of topics on June 8, July 26, and July 29, 2010. On each occasion, the Defendants cancelled the scheduled deposition at the eleventh hour (on one day, a few hours before the start of the deposition), citing reasons that had nothing to do with the objections raised in their opposition briefs. For example, the Defendants cancelled the depositions (1) in order to resolve a potential conflict, (2) to request time for substituted counsel to get acquainted with the facts of the case, and (3) to request time to permit Defendants' counsel to review Plaintiff's Second Amended Complaint. (*See* D.E. 75 at 6.) Finally, on August 17, 2010 and August 26, 2010 the Sheriff Defendants and the County Defendants, respectively, refused to present a witness to testify on **any** topic, citing an alleged right to depose Plaintiff before any 30(b)(6) depositions are taken. (*See* D.E. 75-6 at 8, 11-12.)

Defendants' new arguments are disingenuous and should be disregarded. These arguments have never been the topic of a "meet and confer" between the Plaintiff and Defendants. Defendants never sought clarification on any topics covered in either the original 30(b)(6) notice served on April 28, 2010, nor in any of the amended notices served separately on the Sheriff Defendants and the County Defendants on August 9, 2010. In fact, the amended notices were served by Plaintiff in an attempt to accommodate the Defendants' substituted

10

counsel by separating the topics aimed at the Sheriff's Department versus those aimed at Cermak Health Services as part of Cook County.

**VII.    Topics Relating To Stroger Should Be Answered By Defendant Cook County.**

The County Defendants object to providing testimony regarding topics relating to the John H. Stroger, Jr. Hospital of Cook County ("Stroger"), claiming that "[n]either Stroger nor any of its officers or employers are party to the present suit." (D.E. 84 at 8). However, Cook County is a party to this suit, and it is represented by counsel for the County Defendants. Like Cermak Health Services, Stroger is a part of the Cook County Bureau of Health Services. *See* http://www.johnstrogerhospital.org/dom/bureau.html. The County Defendants have provided no reason why Cook County cannot designate a witness to testify on "matters known or reasonably available to" Cook County, such as information relating to Stroger. Fed. R. Civ. P. 30(b)(6).

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, as well as those stated in the Plaintiff's Amended Motion to Compel, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Compel and enter an Order:

(1) requiring Defendants to produce documents relating to the DOJ Report within 7 days after the date of the Order;

(2) requiring the Defendants to designate one or more witnesses to testify on all of the topics set forth in Plaintiff's 30(b)(6) notice within 7 days after the date of the Order;

(3) awarding Aleman his reasonable expenses incurred in bringing this motion, including attorneys' fees, pursuant to Rule 37(a)(5); and

(4) granting any further relief that the Court deems appropriate under the circumstances.

DATED: September 22, 2010                ALVARO ALEMAN

                                                                                                        By:   s/ Ashlee M. Knuckey
                                                                                                                  One of His Attorneys

Steven T. Whitmer (# 06244114)
Ernesto R. Palomo (# 06278186)
Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Direct: (312) 443-0694 (A.M. Knuckey)
Fax: (312) 896-6694 (A.M. Knuckey)

*Attorneys for Plaintiff Alvaro Aleman*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 22, 2010, I electronically filed the foregoing "PLAINTIFF'S REPLY IN SUPPORT OF HIS AMENDED MOTION TO COMPEL" with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

**Kent Stephen Ray**
kent.ray@cookcountyil.gov

**Patrick Stephen Smith**
patrick.smith@cookcountyil.gov

**Nicholas S. Scouffas**
nicholas.scouffas@cookcountyil.gov

                                                  s/ Ashlee M. Knuckey
                                                    Ashlee M. Knuckey


Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Direct: (312) 443-0694 (A.M. Knuckey)
Fax: (312) 896-6694 (A.M. Knuckey)

*Attorney for Plaintiff Alvaro Aleman*