IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALVARO ALEMAN,<br><br>               Plaintiffs,<br><br>v.<br><br>THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois; AVERY HART, in his official capacity as Medical Director, Cook County Department of Corrections; COOK COUNTY, ILLINOIS; and DAVID FAGUS, in his official capacity as Chief Operating Officer of Cermak Health Services,<br><br>               Defendants. | Case No. 09 C 06049<br><br>Hon. Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Nan R. Nolan |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT COOK COUNTY

Plaintiff, Alvaro Aleman, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests that Defendant, Cook County, Illinois, produce the following documents for inspection and copying at the offices of Locke Lord Bissell & Liddell LLP, 111 South Wacker Drive, Chicago, Illinois 60606, within 30 days.

### DEFINITIONS AND INSTRUCTIONS

1.    "Defendant," "you," and "your" refers to The County of Cook, a county in Illinois, along with its officers, directors, representatives, agents, employees, and other persons acting on its behalf.

2. "Plaintiff," and "Aleman" refer to Alvaro Aleman, IDOC No. R72885/ CCDOC No. 20060093404, an individual currently residing at Centralia Correctional Center in Centralia, Illinois.

3. "Document" shall be construed as broadly as is permissible under the Federal Rules of Civil Procedure and include, without limitation, all writings, drawings, hand-written notes, computer-generated notes, memoranda, videotapes, computer hard disks, reports, graphs, charts, letters, correspondence, photographs, videos, computer programs, computer data bases, electronic mail, recordings, journals and other data compilation from which information can be obtained and translated, if necessary. A draft or non-identical copy is a separate document within the meaning of this term. The term Document shall encompass all materials defined above within your possession, custody or control and all such materials within the possession, custody or control of any of your agents, including but not limited to any employees, consultants, advertising agencies, market research firms or other individuals or firms engaged by you. To the extent necessary to read and understand requested information, please produce encryption keys with all encrypted data.

4. "Medical Records" shall include all records, physicians' records, surgeons' records, autopsy records, X-rays, CAT scans, MRI films, pathology materials, including but not limited to slides, tissues, micrographs, and/or photographs, laboratory reports, discharge summaries, progress notes, consultations, prescriptions, records of drug abuse and alcohol abuse, physicals and histories, nurses' notes, autopsy reports, autopsy notes, autopsy materials, including but not limited to slides, tissues, electron micrographs, and/or photographs, inpatient intake forms, correspondence, audio materials, video materials, medical records from other entities (including other institutions), psychiatric records, psychological records, social worker's records, insurance

records, consent for treatment, statements of account, bills, invoices, or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning the physical or mental condition of Aleman.

5. "Inmate" or "Inmates" shall be construed to mean any and all persons incarcerated at the Cook County Jail, 2700 South California Avenue, Chicago, Illinois, including but not limited to pre-trial detainees and convicted persons.

6. The terms "and" and "or" shall be construed both disjunctively and conjunctively as necessary to bring within the scope of the discovery requests any information or documents which might otherwise be construed to be outside of its scope.

7. The terms "concerns," "concerning," "relates to" and "relating to" each should be broadly construed as meaning pertaining to, referring to, embodying, reflecting, mentioning, requesting, discussing, describing, analyzing, regarding, showing, identifying, evidencing, constituting, comprising, or connected with a stated subject matter.

8. Unless otherwise specified or required by the context of the request, references to the singular shall include the plural, references to the plural shall include the singular, references to one gender include the other gender, references to the past tense include the present and references to the present tense include the past.

9. Whenever a request is made for specific documents, such request does not limit the generality of any other request but represents an endeavor to pinpoint for the convenience of defendant certain specific documents which plaintiff knows or presumes to exist.

10. If any Document, thing or information responsive to these Document Requests has been destroyed, specify:

    a. The manner of the destruction;

b. The reason for the destruction;

c. The identity of the person who authorized the destruction; and

d. The identity of the custodian of the Document or thing on the date and at the time of its destruction.

11. If any Document, thing or information responsive to these Document Requests is withheld on the grounds of privilege or otherwise, specify:

a. The date of the Document;

b. The subject matter of the Document;

c. The names of all persons with knowledge or a copy of the Document withheld, identified by name, address, title and employer; and

d. The nature of the privilege asserted and the document production request number to which the withheld Document relates.

12. Your responses to these Document Requests shall be supplemented as required by Rule 26(e) of the Federal Rules of Civil Procedure.

13. Unless otherwise stated, these Document Requests shall pertain to the time period of October 2007 to the present.

## REQUESTS

1. Any and all Documents concerning or relating to Alvaro Aleman.

2. Any and all Medical Records concerning or relating to Alvaro Aleman.

3. Any and all memoranda concerning or relating to Alvaro Aleman.

4. Any and all Documents concerning or relating to Defendant's involvement with the medical treatment, or lack thereof, provided to Alvaro Aleman.

5. Any and all Documents concerning or relating to Defendant's role in overseeing the medical treatment, or lack thereof, provided to Alvaro Aleman.

6. Any and all Documents connecting, associating, or relating to Defendant's involvement with the medical treatment, or lack thereof, provided to Alvaro Aleman.

7. Any and all Documents concerning or relating to any individual who was involved with providing or not providing medical treatment to Alvaro Aleman.

8. Any and all Documents concerning or relating to why Alvaro Aleman was without pain medication on October 20, 2007.

9. Any and all Documents concerning or relating to why Alvaro Aleman was not taken to his December 27, 2007 scheduled surgery appointment at John H. Stroger, Jr. Hospital of Cook County.

10. Any and all Documents concerning or relating to why Alvaro Aleman was not provided with surgery on his left hand per the Cermak Health Services of Cook County "Progress Notes" dated January 11, 2008, attached hereto as Exhibit A.

11. Any and all Documents concerning or relating to why Alvaro Aleman was not taken to his scheduled surgery, per the "Consultation Request Form" dated January 31, 2008, attached hereto as Exhibit B.

12. Any and all Documents concerning or relating to why Alvaro Aleman was not taken to his April 9, 2008 scheduled surgery appointment at John H. Stroger, Jr. Hospital of Cook County.

13. Any and all Documents concerning or relating to why Alvaro Aleman was not scheduled for any follow up visit despite never having the required surgery, per the "Consultation Request Form" dated April 3, 2008, attached hereto as Exhibit C.

14. Any and all Documents concerning or relating to any response or lack of response to Alvaro Aleman's "Detainee Grievance" dated January 1, 2008, attached hereto as Exhibit D.

15. Any and all Documents concerning or relating to the July 11, 2008 Letter from the United States Department of Justice, attached hereto as Exhibit E.

16. Any and all Documents concerning or relating to investigations, studies, examinations, inquiries, analyses, inspections, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to Inmates.

17. Any and all reports concerning or relating to investigations, studies, examinations, inquiries, analyses, inspections, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to Inmates.

18. Any and all Documents concerning or relating to changes made or suggestions in response to any investigations, studies, examinations, inquiries, analyses, inspections, evaluations, and/or critiques by Cook County or any third party concerning or relating to medical treatment provided or not provided to Inmates.

19. Any and all Documents concerning or relating to Defendant's knowledge about or participation in creating systematic conditions related to the provision of medical care to Inmates.

20. Any and all Documents concerning or relating to Defendant's knowledge about or participation in the widespread practice of not providing adequate medical care to Inmates.

21. Any and all Documents concerning or relating to Defendant's responsibility for the general well-being and/or medical needs of Inmates.

22. Any and all Documents concerning or relating to Defendant's knowledge about or participation in creating and/or overseeing grievance procedures for Inmates.

23. Any and all Documents concerning or relating to Defendant's knowledge about or participation in resolving Inmate grievances.

24. Any and all Documents concerning or relating to Defendant's responsibility for resolving Inmate grievances.

25. Any and all Documents concerning or relating to any individual who had a role in creating and/or overseeing practices or procedures for providing medical treatment to Inmates.

26. Any and all Documents concerning or relating to the policies and procedures for dealing with Inmate medical needs at the Cook County Jail.

27. Any and all Documents concerning or relating to the policies and procedures for dealing with Inmate grievances at the Cook County Jail.

28. Any and all Documents concerning or relating to the policies and procedures for dealing with Inmate medical needs at the Cermak Health Services of Cook County.

29. Any and all Documents concerning or relating to the policies and procedures for staffing Cermak Health Services of Cook County.

30. Any and all Documents concerning or relating to the policies and procedures for dealing with Inmate medical needs at the John H. Stroger, Jr. Hospital of Cook County.

31. Any and all Documents concerning or relating to the policies and procedures for setting up Inmate appointments at the John H. Stroger, Jr. Hospital of Cook County.

32. Any and all Documents concerning or relating to the policies and procedures for ensuring that Inmates are taken to scheduled medical appointments.

33. Any and all Documents concerning or relating to the policies and procedures for ensuring that Inmates are provided follow up care for any and all medical needs.

34. Any and all Documents concerning or relating to the standard operating procedures of the Cook County Department of Corrections.

35. Any and all Documents concerning or relating to the standard operating procedures of the Cook County Jail.

36. Any and all Documents concerning or relating to the standard operating procedures for each separate Division of the Cook County Jail.

37. Any and all Documents concerning or relating to the standard operating procedures of Cermak Health Services of Cook County.

38. Any and all organizational charts and other Documents concerning or relating to the organizational structure of the Cook County Bureau of Health.

39. Any and all organizational charts and other Documents concerning or relating to the organizational structure of the Cook County Department of Corrections.

40. Any and all organizational charts and other Documents concerning or relating to the organizational structure of the Cook County Jail.

41. Any and all organizational charts and other Documents concerning or relating to the organizational structure of Cermak Health Services of Cook County.

42. Any and all Documents concerning or relating to any lawsuits filed against any of the Defendants concerning or relating to the medical treatment of Inmates.

DATED: April 27, 2010

ALVARO ALEMAN

By: _____
One of his Attorneys

Ashlee M. Knuckey (# 6300237)
Steven T. Whitmer (# 06244114)
Ernesto R. Palomo (# 06278186)
Locke Lord Bissell & Liddell LLP
111 S. Wacker Drive
Chicago, IL 60606
Direct: (312) 443-0694 (A.M. Knuckey)
Fax: (312) 896-6694 (A.M. Knuckey)

*Attorneys for Plaintiff Alvaro Aleman*

## CERTIFICATE OF SERVICE

I, Ashlee M. Knuckey, an attorney for the Plaintiff, hereby certify that service of the foregoing "Plaintiff's First Set of Requests for the Production of Documents to Defendant Cook County" was made on:

Nicholas S. Scouffas
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
nscouffas@cookcountygov.com

By email and by depositing a true and correct copy in the U.S. Mail at 111 S. Wacker Drive, Chicago Illinois, on Tuesday, April 27, 2010.

Ashlee M. Knuckey

Ashlee M. Knuckey (# 6300237)
Steven T. Whitmer (# 06244114)
Ernesto R. Palomo (# 06278186)
Locke Lord Bissell & Liddell LLP
111 S. Wacker Drive
Chicago, IL 60606
Direct: (312) 443-0694 (A.M. Knuckey)
Fax: (312) 896-6694 (A.M. Knuckey)

*Attorneys for Plaintiff Alvaro Aleman*