**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ALVARO ALEMAN, | ) | |
| Plaintiff, | ) | 09 CV 6049 |
| | ) | |
| *v.* | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| COOK COUNTY DEPARTMENT OF | ) | |
| CORRECTIONS, THOMAS DART, *et al.*, | ) | Magistrate Judge Nan R. Nolan |
| Defendants. | ) | |

**REPLY IN SUPPORT OF MOTION TO BIFURCATE AND STAY *MONELL* ISSUES**

 **NOW COME** Defendants Dr. Avery Hart, Dr. David Fagus, Dr. Michael Puisis, and Cook County (the County Defendants), by counsel, and state as follows in support of their motion to bifurcate and stay proceedings related to Plaintiff's claims that rely on *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978):

 Plaintiff argues in his response (Dkt. 81, at 12-14) that the County Defendants' motion to bifurcate and stay *Monell* discovery is invalid because the Defendants' asked for a stay until a particular county defendant is identified as personally responsible for the constitutional violation. But that argument misplaces the focus of the Defendants' motion.

 The County Defendants argued that "[i]t is well-settled that governmental employees cannot be held liable in their official capacities in a 42 U.S.C. § 1983 action unless the plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official policy, custom or practice." (Dkt. 68, at 13.)  Defendants further argued that bifurcation "would serve to avoid potentially expensive discovery and litigation [at the expense of the taxpayers] that would be for naught if Plaintiff is unable to establish that County Defendants are liable for a constitutional violation."  The issue is not, as the Plaintiff contends, *which* of the County Defendants is liable for constitutional violations of

the sort Plaintiff complains about. The issue is whether the constitution was violated at all. It would be curious indeed for the County Defendants to premise their bifurcation motion on the identity of the liable party where, as Plaintiff noted, *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293 (7th Cir. 2009), makes it clear that a government agency can be liable under *Monell* even if its officers are not liable and where the County Defendants have already argued that Cook County and the official-capacity County Defendants have sufficient identity of interest to render the counts against them duplicative. (*See* Reply to Motion to Dismiss, Dkt. 93, at 5-6 (citing *Garrett v. Dart*, No. 09-cv-1398, 2010 U.S. Dist. LEXIS 67965, *7-8 (N.D. Ill. July 8, 2010) (Dow, J.)).

If the Plaintiff is unable to show that the treatment of his fractured finger fell below constitutional requirements, then none of the Defendants can be held liable under *Monell*. *See also Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010) (Plaintiff must show that County Defendants' policy or practice is the "direct cause" or "moving force" of his alleged constitutional injury.) Plaintiff's assertion that this motion will "grind litigation to a halt" (Dkt. 81, at 12) is only accurate if the Plaintiff has no case and is unable show constitutional injury. But if the Plaintiff *can* show that he suffered a constitutional violation, then this motion will help organize the litigation into clearly-defined topics for each step of Plaintiff's burdens of proof.

Since there is substantial doubt and disagreement in this case over whether Plaintiff actually suffered a violation of his Fourteenth Amendment rights at all, the principles of judicial economy and convenience of the parties protected by Federal Rule of Civil Procedure 42(b) would be best served by bifurcating and staying *Monell* discovery and litigation until such time as the Plaintiff is able to prove that someone for whom Cook County is responsible, *or* Cook County itself, caused him to suffer a constitutionally-cognizable injury.

Respectfully submitted,

ANITA ALVAREZ                 By:    /s/ Patrick Smith
Cook County State's Attorney         Patrick Smith
                                     Deputy Supervisor
                                     Conflicts Counsel
                                     69 West Washington, Suite 2030
                                     Chicago, Illinois 60602
                                     (312) 603-1422