# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6049 | **DATE** | 10/5/2010 |
| **CASE TITLE** | Alvaro Aleman vs. Cook County Dept. Of Corrections et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the County Defendants' motion to bifurcate *Monell* claim [68] is granted in part and denied in part to the extent described below and Plaintiff's motion to compel [70, 75] is granted only to the extent consistent with this Order. Status hearing set for 10/21/10 at 9 a.m. Before the status hearing, counsel shall meet and confer and agree upon a discovery deadline for the completion of fact discovery regarding the underlying incident.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

This civil rights action alleges deliberate indifference to a pretrial detainee's serious medical needs in violation of the Fourteenth Amendment. Defendants Cook County, Avery Hart, David Fagus, and Michael Puisis (the "County Defendants") move to bifurcate and stay discovery on Plaintiff's *Monell* claim unless and until there is a finding of liability on the other claims against the County Defendants. Plaintiff has moved to compel Defendants Thomas Dart (the Sheriff of Cook County), Avery Hart (Medical Director of Cermak Health Services), David Fagus (Chief Operating Officer at Cermak Health Services), and Cook County to produce certain documents sought in his first document request and Sheriff Dart and Cook County to produce appropriate witness(es) to testify regarding topics listed in notices of 30(b)(6) deposition. The district court referred the case to this Court for discovery supervision and resolution of all discovery motions, including the portion of the County Defendants' motion to dismiss that seeks bifurcation of the *Monell* claim and a stay of discovery as to that claim. (Doc.89). The County Defendants' motion to bifurcate *Monell* claim [68] is granted in part and denied in part to the extent described below and Plaintiff's motions to compel [70, 75] are granted only to the extent consistent with this Order.

### Background

Plaintiff Alvaro Aleman (Aleman) has sued Thomas Dart, Salvador Godinez (the Director of Cook County Department of Corrections), and the County Defendants under 42 U.S.C. § 1983, alleging that the Defendants were deliberately indifferent to his serious medical needs. Aleman resided at Cook County Jail from December 6, 2006 through August 8, 2008. On October 18, 2007, Aleman slipped while descending a flight of stairs and suffered a severe fracture in his left middle finger. Aleman claims that he was not taken to Stroger Hospital, the only place that had sufficient medical facilities to treat his injury, until December 3, 2007, more than six weeks after he broke his hand. Due to the actions and inactions of Defendants, Aleman alleges that he did not receive necessary medical attention following the accident and the injury to his hand was never properly treated. Aleman further alleges that he has suffered and continues to suffer considerable pain and has substantially lost the use of his left hand.

**STATEMENT**

Aleman's ten count second amended complaint includes a *Monell* claim against Cook County alleging that Defendants have repeatedly and consistently disregarded known and/or serious risks of harm to inmates at the Cook County Jail and failed to provide adequate medical care to inmates with serious medical needs that are known and/or obvious. Aleman alleges that these systemic problems were the cause of his lack of medical treatment for his hand injury and the severe pain and likely permanent injury that resulted from the lack of treatment. The County Defendants have moved to bifurcate the *Monell* claim against Cook County and stay related discovery while discovery continues on the remaining counts. Aleman opposes the County Defendants' request for bifurcation.

**Discussion**

Under Rule 26, "[p]arties may obtain discovery regarding any matter, not privilege, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). However, the broad discovery permitted by the Federal Rules is not without limits. This Court has the responsibility of managing "the discovery process to facilitate prompt and efficient resolution of the lawsuit." Crawford-El v. Britton, 523 U.S. 574, 599 (1998). To this end, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id. at 598; see also Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002) (stating "[d]istrict courts have broad discretion in matters relating to discovery."). Federal Rules of Civil Procedure 26(b), (c), and (d) provide the Court with discretion to control the sequence, scope, and timing of discovery. For example, this Court may consider whether the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b).

This Court is familiar with numerous similar cases from this district granting and denying motions to bifurcate *Monell* claims. After carefully considering the practical realities of discovery and balancing the importance of the information against the burdens of production, this Court has previously and continues to follow Judge Kennelly's approach in Medina v. City of Chicago, 100 F. Supp.2d 893 (N.D. Ill. 2000) to the issues of *Monell* discovery and bifurcation.

In Medina v. City of Chicago, 100 F.Supp.2d 893 (N.D. Ill. 2000), the City of Chicago, jointed by the defendant officers, moved for a separate trial of the *Monell* claim against the City and to stay discovery as to that claim until the claims against the officers had been determined. The Medina plaintiff alleged that two Chicago police officers used excessive force to detain him and the City had a policy and practice of failing to properly train, supervise, and discipline officers assigned to investigate narcotics infractions. Discovery had just begun. Defendants moved for a separate trial of the claim against the City and to stay discovery as to that claim until the claims against the individual officers had been determined. Judge Kennelly refused to bifurcate the trial at that time but was willing to revisit the issue of bifurcation later in the litigation when the consequences of bifurcating the trial were likely to be easier to perceive. With respect to the issue of discovery, Judge Kennelly deferred discovery on the *Monell* claim until after the completion of fact discovery on the claims against the individual officers at which time the parties and the Court would be able to assess the prospects for settlement, the particular municipal policy at issue, and the scope of discovery that the *Monell* claim would entail.

Aleman's claims against the Defendants individually are not based on any direct involvement in the underlying incident but rather on their alleged failure to implement and enforce policies to ensure that inmates with serious medical needs were taken to appropriate medical facilities and were provided with necessary and prompt medical treatment. The Court recognizes that Aleman is thus seeking policy discovery not only to prove his claim under *Monell* but also to help prove the alleged constitutional violations by the individual Defendants. The Court further recognizes that under certain factual circumstances, a municipality may be held liable for a constitutional violation under *Monell* even when none of its employees are found to have violated the plaintiff's constitutional rights. Thomas v. Cook County Sheriff's Dep't, 604 F.3d 293, 304-05 (7th Cir. 2010). At minimum, however, Aleman must demonstrate a causal link between the challenged policies and practices and the alleged constitutional harm to him. Id.

**STATEMENT**

In this case, the Court believes that completion of fact discovery regarding the underlying incident will help narrow the particular policies or practices claimed to be at issue and may reduce the scope of potential policy discovery that may need to be taken. Accordingly, policy discovery, whether relevant to the Monell claim or the constitutional claims against the individual Defendants as well, is deferred until after completion of fact discovery regarding the underlying incident (the alleged failure to treat the fracture of Aleman's left middle finger between October 2007 and August 8, 2008). There is one exception to this ruling. As in Medina, "[t]his does not preclude plaintiff from inquiring of the individual [guards and medical staff involved in the underlying incident] at their depositions as to subjects that might also be pertinent to the Monell claim." Medina, 100 F.Supp.2d at 898 n.3. Once fact discovery regarding the underlying incident is complete, the parties and the Court will reassess the case, including the possibility of settlement. If the case does not settle at that point, the Court will be in a better position to determine how the remainder of the discovery in this case will proceed, including the scope of any policy discovery. The district court will determine whether to bifurcate the constitutional claims against the individual Defendants from the Monell claim for purposes of trial. After discovery is complete, the district court can more accurately assess the evidence that will be presented at trial and the questions of efficiency and prejudice.

One final matter requires mention. The Court is troubled by the County Defendants' gratuitous reference to Aleman's immigration status and criminal record on the first page of their response to the motion to compel [84]. Aleman's immigration status and criminal record are immaterial to the constitutional violations alleged in this case and shall be excluded from future court filings.