**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALVARO ALEMAN,             ) | |
|                ) | |
|       Plaintiff,       ) | |
|                ) | |
|       v.                  ) | Case No. 09 C 06049 |
|                ) | |
| THOMAS DART, in his individual capacity; ) | Hon. Judge Robert M. Dow, Jr. |
| THOMAS DART, in his official capacity as Sheriff of ) | |
| Cook County, Illinois; SALVADOR GODINEZ, in his ) | Magistrate Judge Nan R. Nolan |
| individual capacity; SALVADOR GODINEZ, in his ) | |
| official capacity as Director of the Cook County ) | |
| Department of Corrections; AVERY HART, in his ) | |
| individual capacity; AVERY HART, in his official ) | |
| capacity as Medical Director of Cermak Health ) | |
| Services; DAVID FAGUS, in his individual capacity; ) | |
| and MICHAEL A. PUISIS in his official capacity as ) | |
| Chief Operating Officer of Cermak Health Services; ) | |
| COOK COUNTY, ILLINOIS,             ) | |
|                ) | |
|       Defendants.       ) | |

## PLAINTIFF'S MOTION TO COMPEL REDESIGNATION OF 30(b)(6) WITNESS

Plaintiff, Alvaro Aleman, by and through his undersigned counsel, hereby moves

pursuant to Rule 37 of the Federal Rules of Civil Procedure for an Order compelling Defendant

Cook County to redesignate, prepare and produce the appropriate witness(es) to testify regarding

Topics 1, 2, 14, and 15 in Schedule A of Plaintiff's Second Amended Notice of 30(b)(6)

Deposition.  On two separate occasions, Cook County purported to present a witness to testify

regarding these topics but, on each occasion, such witnesses were not prepared to provide the

requested testimony.  Cook County's failure to comply with its obligations under Rule 30(b)(6)

has caused Plaintiff's counsel to waste nearly three days deposing unprepared 30(b)(6)

witnesses.  Cook County should be sanctioned for its misconduct.

## INTRODUCTION AND BACKGROUND

This is an action arising under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act, Title 42, Section 1983. From December 6, 2006 through August 8, 2008, Plaintiff was a pretrial detainee at the Cook County Jail. On October 18, 2007, Plaintiff slipped while descending a flight of stairs and suffered a severe fracture in his left middle finger. Due to the actions and inactions of the Defendants, Plaintiff did not receive necessary medical attention following the accident, and the injury to Plaintiff's hand was never properly treated. As a result, Plaintiff has suffered and continues to suffer considerable pain and has substantially lost the use of his left hand.

This is the second motion to compel Plaintiff has been forced to file against Cook County. Plaintiff's first motion, filed on August 23, 2010 and amended on August 27, 2010, sought, among other things, the deposition testimony of Cook County, pursuant to Federal Rule of Civil Procedure 30(b)(6). (Pl.'s Mot. to Compel, D.E. 70, amended at D.E. 75.) At the same time, the County Defendants[1] moved to bifurcate and stay *Monell* discovery, under the pretext that "[b]ifurcating and staying the time-consuming and expensive discovery in the *Monell* count would expedite discovery on the other surviving counts and prevent waste." (Mem. in Support of Defs' Hart, Fagus, Puisis, and Cook County's Mot. to Dismiss or to Bifurcate *Monell* Claims ("Mot. to Bifurcate"), D.E. 68, at 15.)

On October 5, 2010, this Court granted Plaintiff's motion to compel, in part, ordering discovery to proceed immediately "regarding the underlying incident (the alleged failure to treat the fracture of Aleman's left middle finger between October 2007 and August 8, 2008)." (D.E. 100 at 3.) Since the date of this Order, the County Defendants have done nothing but stall

---

[1] The "County Defendants" are Avery Hart, Michael Pusis, David Fagus, and Cook County.

Plaintiff's attempts to obtain discovery on the underlying incident, and indeed, they have wasted not only the taxpayers' money but also the time and money of Plaintiff's appointed counsel.

Pursuant to the Court's October 5, 2010 Order, Plaintiff served the Second Amended Notice of 30(b)(6) Deposition to Cook County – Cermak Health Services Topics ("30(b)(6) Notice") on October 15, 2010. (*See* 30(b)(6) Notice attached as Exhibit 1.) Topic 15 was later amended per the Parties' agreement. (*See* Exhibit 2.) On November 16, 2010, Cook County's counsel designated Dr. Avery Hart, one of the named defendants, to testify to all 18 of the noticed topics. Notably, Cook County did not object to any of the topics as improper or overbroad.

Cook County produced Dr. Hart to testify on the behalf of Cermak Health Services on November 23, 2010, though the deposition had to be continued the following day because the deponent had allotted only an hour and half in his schedule for testimony on the 18 Topics. The deposition continued and concluded on November 24, 2010. While Dr. Hart was able to testify to certain of the designated topics purely from his personal knowledge, it quickly became evident that Cook County had not complied with its obligations under Rule 30(b)(6), as Dr. Hart was *woefully* unprepared to testify as a 30(b)(6) witness to several of the topics to which he had been designated. (*See generally* Hart Dep., Nov. 23-24, 2010, attached as Exhibit 3, at 8:4-17, 64:22-67:8.) By his own admission, Dr. Hart spent little time preparing for the deposition. (Hart Dep. 65:6-67:8.) Dr. Hart testified that his total preparation time was "between half an hour or an hour" with his attorney (Hart Dep. 67:3-8), and that none of that time was spent reviewing any documents. (Hart Dep. 8:16-17, 66:17-21). In fact, Dr. Hart specifically testified that he did not review ***any*** documents or interview anyone at Cermak Health Services in preparation for the deposition. (Hart Dep. 66:17-67:8.) Furthermore, his responses were evasive and incomplete.

3

As a result, Plaintiff did not have the opportunity to depose Cook County on certain topics central to this litigation. Specifically, Dr. Hart was wholly unprepared to testify regarding the following topics:

> 1.    The identity of all individuals who were involved in any way with *providing medical treatment to Alvaro Aleman for his Injury* and the manner in which they were involved.
>
> 2.    The identity of all individuals who had a role in making decisions with respect to *what medical treatment was provided to Alvaro Aleman for his Injury*.
>
> 14.    The search for documents responsive to Plaintiff's First Set of Requests for the Production of Documents.
>
> 15.    All documents produced in response to Plaintiff's First Set of Requests for the Production of Documents, *related to the medical treatment of or scheduling of medical treatment for Alvaro Aleman*.

(Exs. 1 & 2 (emphasis added).) Topics 1, 2 and 15 relate to the heart of "the underlying incident" as outlined by this Court—"the alleged failure to treat the fracture of Aleman's left middle finger between October 2007 and August 8, 2008." (D.E. 100 at 3.) Topic 14 is also critical to Plaintiff's ability to prosecute this case, because Plaintiff has serious concerns[2] that the Defendants have failed to produce massive amounts of responsive documents. Plaintiff is entitled to testimony regarding the County Defendants' efforts to locate, retrieve and produce documents in response to Plaintiff's document requests.

In accordance with the Court's meet and confer requirements, counsel for Plaintiff contacted counsel for Cook County and sought the redesignation of a 30(b)(6) witness to testify

---

[2] Plaintiff's concerns are well-founded. On December 30, 2010, Cook County's 30(b)(6) designee produced—during the deposition—at least two categories of documents that neither Plaintiff's counsel nor Defendants' counsel had ever seen. The documents related to efforts to schedule Plaintiff for appointments to John H. Stroger Hospital regarding the injury to Plaintiff's hand. Until the Defendants produce a witness to testify regarding efforts to locate responsive documents, Plaintiff has no way of knowing whether additional categories of documents have yet to be produced.

to Topics 1, 2, 14, and 15. Through correspondence and phone calls with the County Defendants' attorney Mr. Patrick Smith, Plaintiff explained the County Defendants' obligations under Rule 30(b)(6) and provided citations to applicable authority. (*See* Correspondence attached as Exhibits 4, 5, 6, 7, & 8.) After initially refusing to comply with Plaintiff's demand, on December 16, 2010, the County Defendants relented and agreed to designate Harriet Barney-Johnson to testify to Topics 1, 2, 14, and 15 on December 29, 2010. (Exs. 5, 7.)[3]

On December 29, 2010, Cook County produced Ms. Barney-Johnson as its redesignated 30(b)(6) witness to testify to Topics 1, 2, 14, and 15. Again, Cook County entirely failed to prepare its designee to testify to the topics for which she was designated. Ms. Barney-Johnson testified that she spent about forty-five minutes preparing with her attorney, Mr. Smith, and had only searched documents available to her as Director of Patient Services in preparation for the deposition.[4] Further, when asked questions about the topics for which she was designated, both Ms. Barney-Johnson and her attorney stated that she would only discuss issues in her personal knowledge related to the scheduling of inmate medical appointments. Thus, Ms. Barney-Johnson did not provide any testimony regarding the identity of the individuals who provided medical treatment to the Plaintiff, the general nature of the medical treatment provided, nor did she testify regarding the County Defendants efforts to locate documents in response to Plaintiff's discovery requests.

---

[3] The Parties later agreed to depose Ms. Barney-Johnson in her personal capacity as well on December 29, 2010, so that she would not have to return to testify in her personal capacity at a later date. (Ex. 8.)

[4] The transcript of the deposition was not available at the time of filing, but it will be provided to the Court upon receipt by Plaintiff.

Enough is enough. The County Defendants' counsel's deliberate refusal to prepare Cook County's witnesses to testify fully regarding Topics 1, 2, 14 and 15 violates the Federal Rules of Civil Procedure and should not be tolerated. The County Defendants' counsel's position with respect to his obligations under Rule 30(b)(6) is particularly troublesome in light of the correspondence between counsel that occurred between the depositions of Dr. Hart and Ms. Barney-Johnson, specifically noting the duties owed by Cook County to prepare its 30(b)(6) designee to testify "not only on matters known by the deponent, but also on subjects that the entity should reasonably know." (*See* Ex. 4 (citing *Wachovia Securities, LLC v. NOLA, LLC*, 248 F.R.D. 544, 547 (N.D. Ill. Feb. 14, 2008)).) Cook County should be ordered to pay the reasonable costs and fees for the time spent by Plaintiff's counsel deposing unprepared witnesses. Moreover, Plaintiff's counsel should be compensated for the time spent prosecuting this Motion.

## Rule 37 and Local Rule 37.2 Certification

The undersigned attorney hereby certifies that, after Dr. Hart's deposition on November 24, 2010, counsel for Plaintiff, Ashlee Knuckey, conferred in good faith with counsel for the County Defendants, Mr. Smith, in an attempt to secure the testimony at issue without Court action. As explained more fully above, counsel for Plaintiff exchanged numerous letters and emails and held multiple telephone conversations, in order to secure the redesignation of a prepared 30(b)(6) witness. (*See* Exs. 4-8.) After initially refusing to redesignate another witness to testify regarding Topics 1, 2, 14 and 15, Mr. Smith produced Ms. Barney-Johnson to testify regarding these issues on December 29, 2010. Given the position taken on the record by Mr. Smith at Ms. Barney-Johnson's deposition—that he had no obligation to educate Ms. Barney-Johnson regarding matters outside her personal knowledge—Plaintiff submits that no further

6

efforts to "meet and confer" are necessary at this time. Plaintiff brings this Motion promptly only after determining that the parties could not amicably resolve their disputes.

## ARGUMENT

**I.     This Court Should Order Cook County To Redesignate, Prepare, And Produce Another 30(b)(6) Witness To Testify To Topics 1, 2, 14, and 15.**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Cook County has a duty to "make a conscientious good faith effort to designate the persons having knowledge of the matters sought by the [discovering party]." *Wachovia Securities*, 248 F.R.D. at 547. Cook County also has a duty to "prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by the [discovering party] as to the relevant subject matters." *Id*. (internal citations omitted). This duty includes preparing "the corporate representative to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." *Id*. (internal citations omitted). "**Even if the documents are voluminous and the review of those documents would be burdensome**, the deponents are still required to review them in order to prepare themselves to be deposed." *Calzaturificio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 37 (D. Mass. 2001) (emphasis added).

Cook County has not complied with its duties under Rule 30(b)(6) to prepare Dr. Hart or Ms. Barney-Johnson as its corporate representatives and has continued its trend of impeding discovery and not taking this case or Plaintiff's injury seriously, as demonstrated by the following on-the-record statement by the County Defendants' counsel, Mr. Smith, during the deposition: **"It's a broken finger for Christ sake."** (Hart Dep. 141:10-14 (emphasis added).)

Dr. Hart admits that he did not spend more than an hour preparing to testify regarding 18 topics of inquiry (Hart. Dep. 67:3-4, Nov. 24, 2010), and that he did not spend any time

reviewing any documents. (Hart Dep. 66:17-21). Similarly, Ms. Barney-Johnson testified that

she spent about forty-five minutes preparing with her attorney, Mr. Smith, and had only

reviewed documents available to her as Director of Patient Services in preparation for the

deposition. As a result, Dr. Hart and Ms. Barney-Johnson were completely unable to testify as to

a number of topics for which each was designated to discuss, including, but not limited to,

Topics 1, 2, 14, and 15. For example, in response to Topic 1—"[t]he identify of all individuals

who were involved in any way with providing medical treatment to Alvaro Aleman for his Injury

and the manner in which they were involved" (Ex. 1.)—and Topic 2—"the identity of all

individuals who had a role in making decisions with respect to what medical treatment was

provided to Alvaro Aleman for his Injury" (Ex. 1.)—neither designee had done anything to

prepare for these topics. (Hart Dep. 91:24-93:23; Ms. Barney-Johnson stated on the record that

she had not prepared to discuss these topics and could only speak about scheduling.)

Dr. Hart and Ms. Barney-Johnson were also required to answer questions regarding Topic

14, "the search for documents responsive to Plaintiff's First Set of Requests for Production of

Documents." (Ex. 1.) While Dr. Hart confirmed that he knew he was designated to testify to

Topic 14, he was nevertheless unprepared to testify to the procedures used to search for or

produce documents specific to Plaintiff. (*See* Hart Dep. 16:7-18; 67:23-70:2 ("All I can tell you

is it's a very standardized process that we always do the same. I did not ask whether they

deviated from that standardized process in this case." (Hart Dep. 69:14-17).) Ms. Barney-

Johnson again could only speak about her individual search of scheduling related documents.

Finally, Dr. Hart was designated to testify to Topic 15—"[a]ll documents produced in

response to Plaintiff's First Set of Requests for the Production of Documents, related to the

medical treatment of or scheduling of medical treatment for Alvaro Aleman"—as agreed to by

the parties.  (Ex. 2.)  However, Dr. Hart clearly was not prepared to discuss this Topic, considering he had not reviewed a single document in preparation for the deposition, even in between day one and day two of the deposition, and had never seen most of them.  (Hart Dep. 66:17-21.)  Ms. Barney-Johnson again could only speak to the scheduling related documents that she had brought with her.

Furthermore, the testimony that Dr. Hart did provide on these topics was incomplete and evasive.  (*See, e.g.*, Hart Dep. 118:7-124:19.)  Cook County cannot simply designate a corporate representative and "throw up its hands when the designee refuses to participate, then claim it has done its part."  *Wachovia*, 248 F.R.D. at 548.  Rather, Cook County must provide a designee that is able and willing to answer questions, and prepare him to answer fully, completely, and unevasively.  *Id.* at 547-48.

When a corporate representative originally designated to testify is unprepared to testify about certain relevant areas of inquiry, courts have required the parties to redesignate another individual to satisfy the 30(b)(6) notice.  *Wachovia*, 248 F.R.D. at 547-48 (citing *Beloit Liquidating Trust v. Century Indem.*, Co., No. 02 C 50037, 2003 WL 355743, at *2 (N. D. Ill. Feb. 13, 2003) (If the deponent is unable to answer questions about certain relevant areas of inquiry, then the corporation must designate another individual to satisfy a Rule 30(b)(6) notice; *Smithkline Beechman Corp. et al v. Apotex Corp. et al*, No. 98 C 3952, 2000 WL 116082, at *8 (N. D. Ill. Jan. 24, 2000) ("If a deponent is unable to testify about certain relevant areas of inquiry the business entity must designate additional parties to satisfy a Rule 30(b)(6) notice.")).  Courts have also ordered that the 30(b)(6) deposition reconvene for one or two hours in order to depose a prepared witness.  *Bergstrom v. Glacier Bay, Inc.*, No. 08 C 50078, 2010 WL 3516190, at *4 (N.D. Ill. Aug. 31, 2010) ("The court orders that the parties reconvene a Rule 30(b)(6)

deposition as to this topic…. Plaintiff is granted an additional two hours for the deposition").

Thus, Cook County should be ordered to redesignate, prepare, and produce for deposition

another corporate representative who is able and willing to testify to the Topics referenced

above, and Plaintiff should be granted additional time to depose this witness or witnesses.

## II.     This Court Should Sanction Cook County

In addition, Cook County should be sanctioned for failing to prepare Dr. Hart and Ms.

Barney-Johnson for their 30(b)(6) depositions.  Federal Rule of Civil Procedure 37(d) allows for

sanctions when a "a person designated under Rule 30(b)(6) . . . fails, after being served notice, to

appear for that person's deposition."  The failure to prepare Dr. Hart and Ms. Barney-Johnson

should be treated as a failure to appear altogether.  *See Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D.

626, 639 (D. Kan. 1999) ("Producing an unprepared witness is tantamount to a failure to appear

at a deposition."); *Black Horse Lan Ass'n L.P. v. Dow Chemical Corp.*, 228 F.3d 275, 303 (3d

Cir. 2000) ("If that agent [of a corporation] is not knowledgeable about relevant facts, and the

principal has failed to designate an available, knowledgeable, and readily identifiable witness,

then the appearance is, for all practical purposes, no appearance at all.").  Thus, the failure to

prepare, not one but *two*, 30(b)(6) designees—Dr. Hart and Ms. Barney-Johnson—is

sanctionable conduct.

This Court recently imposed sanctions in a similar scenario when an unprepared 30(b)(6)

witness merely testified about his personal knowledge, finding that the deposition was a waste of

time and resources.  *Bank of America, N.A. v. First Mut. Bancorp of Ill.*, Nos. 09 C 5108 & 09 C

5109, 2010 WL 2364916, at *5 (N.D. Ill. June 14, 2010).  The Court imposed sanctions for the

time and expenses incurred in taking the deposition and in bringing the motion, with the related

briefing.  *Id*. at *7.  Similarly, in *Cherrington Asia Ltd. v. A&L Underground, Inc.*, the court

imposed sanctions because the "30(b)(6) witness for A&L was wholly inadequate and, as Plaintiff characterizes him, somewhat 'cavalier.'" 263 F.R.D. 653, 660 (D. Kan. 2010).

Here, Cook County should be sanctioned for not preparing either Dr. Hart or Ms. Barney-Johnson to testify about the above-listed topics of the 30(b)(6) deposition. Cook County had notice of the deposition for seven months before it was finally taken, which was certainly adequate time to prepare Dr. Hart. Furthermore, Cook County had over a month to prepare Ms. Barney-Johnson after the first 30(b)(6) deposition. As a result of the designees' lack of preparation, Plaintiff's time and expenses were wasted in attempting to depose Dr. Hart and Ms. Barney-Johnson regarding topics for which they were clearly ill-equipped to address.

Thus, Cook County should be sanctioned in an amount equivalent to the costs and time spent in conducting Dr. Hart's and Ms. Barney-Johnson's depositions, the costs to be incurred in a third 30(b)(6) deposition, and the costs and fees of bringing this motion.

Alternatively, assuming *arguendo* that the Court does not find Cook County's conduct sanctionable under Rule 37(d), Cook County should still be ordered to pay Plaintiff's expenses and fees incurred in bringing this motion, as well as Plaintiff's expenses and fees of conducting a supplemental 30(b)(6) deposition, pursuant to Rule 37(a)(5). Under Federal Rule of Civil Procedure 37(a)(5), if a motion to compel is granted, "the court must … require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Proc. 37(a)(5). Furthermore, a party whose 30(b)(6) witness was unprepared to testify on the designated topics may be ordered to pay for the costs of conducting the supplemental 30(b)(6) deposition. *Bergstrom*, 2010 WL 3516190 at *5 ("any reasonable costs that Plaintiff can demonstrate were incurred during the continued depositions will be levied against Defendant.").

11

## CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Compel and enter an Order:

(a)     requiring Defendant Cook County to redesignate, prepare, and produce one or more witnesses to testify regarding Topics 1, 2, 14, and 15 in Schedule A to Plaintiff's Second Amended Notice of 30(b)(6) Deposition;

(b)     issuing sanctions against Defendant Cook County in an amount equivalent to the costs and fees incurred in conducting Dr. Hart and Ms. Barney-Johnson's deposition, a future 30(b)(6) deposition, and the costs and fees of bringing this motion; and

(c)     granting any further relief that the Court deems appropriate under the circumstances.


DATED: December 30, 2010                    ALVARO ALEMAN

                                            By:    s/ Ashlee M. Knuckey_____
                                            One of His Attorneys


Steven T. Whitmer (# 06244114)
Ernesto R. Palomo (# 06278186)
Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Direct: (312) 443-0694 (A.M. Knuckey)
Fax: (312) 896-6694 (A.M. Knuckey)
*Attorneys for Plaintiff Alvaro Aleman*

12

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 30, 2010, I electronically filed the foregoing "Plaintiff's Motion to Compel Redesignation of 30(b)(6) Witness" with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

**Kent Stephen Ray**
kent.ray@cookcountyil.gov

**Patrick Stephen Smith**
patrick.smith@cookcountyil.gov

**Nicholas S. Scouffas**
nicholas.scouffas@cookcountyil.gov

_____ s/ Ashlee M. Knuckey _____
Ashlee M. Knuckey

Steven T. Whitmer (# 06244114)
Ernesto R. Palomo (# 06278186)
Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Direct: (312) 443-0694 (A.M. Knuckey)
Fax: (312) 896-6694 (A.M. Knuckey)

*Attorneys for Plaintiff Alvaro Aleman*